1  FARLEY J. NEUMAN, ESQUIRE - State Bar #100021
   TOM PROUNTZOS, ESQUIRE – State Bar #209409
2  JENKINS GOODMAN NEUMAN & HAMILTON LLP
   417 Montgomery Street, 10th Floor
3  San Francisco, California 94104
   Telephone: (415) 705-0400
4  Facsimile: (415) 705-0411

5  Attorneys for DEFENDANT ROBERT J. NAGY

6

7

8             IN THE UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10                SAN FRANCISCO DIVISION

11

12 UNITED STATES OF AMERICA,

                                    Case No. C 07 4762 PJH
13                      Plaintiff,
                                    ANSWER OF ROBERT J. NAGY TO
14 vs.                              COMPLAINT OF UNITED STATES OF
                                    AMERICA
15 CHARLES CARTCART, SCOTT
   CATHCART, YURIJ DEBEVC, a/k/a/
16 YURIJ DEBEVC, ROBERT NAGY,
   DERIVIUM CAPITAL, LLC,
17 DERIVIUM CAPITAL (USA), INC.,
   and VERIDIA SOLUTIONS, LLC,
18
                        Defendants.
19

20        Robert J. Nagy ("Nagy"), and for his Answer to the Complaint of the United States

21 of America, states as to each numbered paragraph in the Complaint his responses

22 identically numbered below, as follows:

23 ///

24

25

26

-1-

ANSWER OF ROBERT J. NAGY TO COMPLAINT OF UNITED STATES OF AMERICA

## ADMISSIONS AND DENIALS

### Jurisdiction and Venue

1. Denies that this court has personal jurisdiction over answering defendant, but admits all other allegations of this paragraph.

2. Denies that a substantial part of any events or omissions giving rise to this claim occurred in this judicial district, denies that venue is proper for claims against answering defendant, and further denies that answering defendant had regular or systematic contacts with residents of this judicial district.

### Nature of the Action

3. Admits the nature of the action, but denies all other allegations of this paragraph.

4. For want of knowledge sufficient to form a belief as to the truth of the assertions in this paragraph, answering defendant denies the same.

5. Admits that the plaintiff brings this action to permanently enjoin defendants from the actions described in subparagraphs (a), (b) and (c), but denies that answering defendant engaged in any illegal or improper acts or omissions in connection therewith.

6. Denies.

### Defendants

7. For want of knowledge sufficient to form a belief as to the truth of the assertions in this paragraph, answering defendant denies the same.

8. Admits.

9. Admits.

10. Admits that Derivium Capital, LLC (Derivium) is a South Carolina limited liability company. Admits that formerly its principal place of business was Parkshore Centre, One Poston Road, Suite 125, Charleston, South Carolina, but denies for want of knowledge, the current principal place of business.

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

11. Denies for want of knowledge the current ownership of Derivium.

12. Admits that Derivium has filed for Chapter 7 bankruptcy protection in the United States Bankruptcy Court for South Carolina. For want of knowledge sufficient to form a belief as to the truth of the remaining assertions in this paragraph, answering defendant denies the same.

13. Admits.

14. Admits.

15. Admits that Verida Solutions, LLC (Verida) is a South Carolina limited liability company, but denies for want of knowledge its principal place of business.

16. Admits.

### Defendants' Tax-Fraud Activities

17. Denies.

18. Denies.

19. Denies.

20. Denies.

21. Denies.

### Defendants' Tax-Fraud Activities - History

22. On information and belief, admits.

23. For want of information sufficient to form a belief as to the truth of the allegations in paragraph 23, answering defendant denies the same.

24. Denies, and affirmatively states that FSC Texas was dissolved sometime in 1998 and FSC South Carolina was formed as a separate LLC in South Carolina.

25. Admits.

26. On information and belief, admits.

///

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

27. Admits that Debevc became involved in managing Derivium, but denies for want of knowledge sufficient upon which to form a belief all other allegations in paragraph 27.

28. Admits.

29. Admits.

30. Admits that he is a Certified Public Accountant, but denies that he is a longtime associate of Charles Cathcart.

31. Admits that he is the sole owner of Meridian Services, Ltd., and further admits that he performed outside accounting services for Derivium and, admits that he has in the past represented both Derivium and its customers before the IRS and other administrative bodies.

32. Admits that he researched the tax laws and regulations pertaining to the 90% Stock Loan and provided advice to Derivium and its principals concerning the 90% Stock Loan, but denies all other allegations in paragraph 32.

33. Denies.

34. Admits.

35. Admits.

36. Admits.

37. Admits.

38. Denies.

39. Denies that the 90% Stock Loan Program was a scheme, and further on information and belief denies that DDA was a company controlled in whole or in part by Charles Cathcart.

40. Admits that in 1998, FSC and DDA entered into an Investment & Loan Agreement by which FSC and DDA agreed to market and execute the 90% Stock Loan arrangements in the United States, but denies for want of knowledge whether that

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-4-

ANSWER OF ROBERT J. NAGY TO COMPLAINT OF UNITED STATES OF AMERICA

agreement involved marketing and execution of the 90% Stock Loan arrangement in Canada.

41. Admits the allegations of paragraph 41, except, on information and belief, denies that Charles Cathcart caused the formation of Bancroft Ventures Ltd. (BVL)

42. For want of knowledge sufficient upon which to formulate a belief as to the truth of the allegations contained in paragraph 42, answering defendant denies them.

43. For want of knowledge sufficient upon which to formulate a belief as to the truth of the allegations contained in paragraph 43, answering defendant denies them.

44. For want of knowledge sufficient upon which to formulate a belief as to the truth of the allegations contained in paragraph 44, answering defendant denies them.

45. For want of knowledge sufficient upon which to formulate a belief as to the truth of the allegations contained in paragraph 45, answering defendant denies them.

46. For want of knowledge sufficient upon which to formulate a belief as to the truth of the allegations contained in paragraph 45, answering defendant denies them.

**Mechanics of the Fraudulent 90% Loan Scheme**

47. Denies.

48. Denies.

49. Denies.

50. Denies.

51. Denies.

52. Denies.

53. Denies.

54. Admits the allegations contained in paragraph 54 subparagraphs (1), (2) and that part of (3) relating to the repayment of principal before maturity was prohibited, but denies that part of subparagraph (3) which states that prepayment of interest was prohibited in earlier years. Answering defendant refers to the terms and conditions of the

-5-

ANSWER OF ROBERT J. NAGY TO COMPLAINT OF UNITED STATES OF AMERICA
Jenkins Goodman Neuman & Hamilton LLP
417 Montgomery St.
10th Floor
San Francisco, CA 94104
(415) 705-0400

1  loan documents which speak for themselves, and denies all the remaining allegations of
2  paragraph 54.
3      55. Denies.
4      56. Admit
5      57. Admits.
6      58. Admits the allegations of paragraph 58 to the extent they allege that in order to
7  pay off a loan, the customer must pay off the principal and accrued interest and the
8  customer had a contractual right to receive back the same number of shares of stock or an
9  amount equal to the face value of the FRN initially transferred to the lender; denies that the
10 right to receive back the stock was hypothetical; denies that the rate of interest was above
11 market. Answer defendant refers to the terms and conditions of the loan documents which
12 speak for themselves and denies all remaining allegations of paragraph 58.
13     59. Admits the allegations in this paragraph, except defendant denies that the
14 interest rates on the loans were "above market rate" and denies that the income tax to be
15 paid was "necessarily high". Affirmatively, this defendant states that the interest rates
16 varied and were sometimes below or equal to the market rate, and that the amount of
17 income tax was determined by Internal Revenue Code for capital gains.
18     60. Admits.
19     61. Denies.
20     62. Denies.
21     63. Denies.
22     64. Answering defendant affirmatively states that none of the allegations in this
23 paragraph have any application to him and consequently, he denies them.
24     65. Answering defendant admits as alleged in the second sentence of paragraph 65,
25 that the loans were nonrecourse and a customer could walk away without further risk
26 (except for the reporting and payment of income taxes). For want of knowledge sufficient

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

upon which to form a belief as to the truth of the allegations in the first and third sentences of this paragraph, he denies the same. Affirmatively, defendant states that none of the allegations in this paragraph have any application to him and consequently, he denies them.

66. Admits as alleged in paragraph 66, that according to the loan documents, one option accorded to the 90% Stock Loan customer was to simply walk away from the transaction at the time of the maturity of the loan.

67. Denies for want of information and belief as to the truth of the allegation in paragraphs 67.

68. Denies the allegations as pled and affirmatively states that no Forms 1099 were required in the situations described in this paragraph.

69. Denied.

70. Denies that the transactions in the 90% Stock Loan Program were sales as alleged in paragraph 70; admits that defendant, Derivium, acquired sole possession and control of the borrower's securities and had the right to sell the securities as provided in the loan documents. This defendant denies for want of knowledge sufficient to form a belief as to the truth of the speculative conclusions of the remaining allegations of paragraph 70, and refers to the terms and conditions of the loan documents which speak for themselves.

71. Denies the speculative and conclusory allegations in paragraph 71 and refers to the terms and conditions of the loan documents which speak for themselves.

72. Admits that Derivium's customers (borrowers) received 90% of the value of their securities and received the contractual right to reacquire the security with a greater value at maturity; admits that the loan was a non-recourse loan which accorded the customer (borrower) the right to walk away from the transaction and not repay the loan if the security price declined below the loan pay-off amount or the customer (borrower) had

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-7-

ANSWER OF ROBERT J. NAGY TO COMPLAINT OF UNITED STATES OF AMERICA

insufficient funds to pay off the loan at maturity; however, he denies that this right was a a purported right and denies that the loan was a purported loan. Answering defendant refers to the loan documents which speak for themselves.

73. Answering defendant, Robert J. Nagy, affirmatively states that none of the allegations in this paragraph have any application to him and consequently, he denies them in their entirety, including subparts of this paragraph.

74. Answering defendant, Robert J. Nagy, affirmatively states that none of the allegations in this paragraph have any application to him and consequently, he denies them in their entirety, including subparts of this paragraph.

75. Answering defendant, Robert J. Nagy, affirmatively states that none of the allegations in this paragraph have any application to him and consequently, he denies them in their entirety, including subparts of this paragraph.

76. Answering defendant, Robert J. Nagy, affirmatively states that none of the allegations in this paragraph have any application to him and consequently, he denies them in their entirety, including subparts of this paragraph.

77. Answering defendant, Robert J. Nagy, affirmatively states that none of the allegations in this paragraph have any application to him and consequently, he denies them in their entirety, including subparts of this paragraph.

78. Answering defendant, Robert J. Nagy, affirmatively states that none of the allegations in this paragraph have any application to him and consequently, he denies them in their entirety, including subparts of this paragraph.

79. Answering defendant, Robert J. Nagy, affirmatively states that none of the allegations in this paragraph have any application to him and consequently, he denies them in their entirety.

///

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

ANSWER OF ROBERT J. NAGY TO COMPLAINT OF UNITED STATES OF AMERICA

## Harm to the Government

80. Denies.

81. Denies.

82. Denies that the 90% Loan transactions were fraudulent, and further, for want of knowledge sufficient upon which to form a belief as to the truth of the remaining allegations in this paragraph, they are denied.

83. For want of knowledge sufficient upon which to form a belief as to the truth of the allegations in this paragraph, they are denied.

84. For want of knowledge sufficient upon which to form a belief as to the truth of the allegations in this paragraph, they are denied.

85. For want of knowledge sufficient upon which to form a belief as to the truth of the allegations in this paragraph, they are denied.

### Count I: Injunction under IRC § 7408 for violations of §§ 6700 & 6701

86. Answering defendant incorporates his responses to each and every paragraph of his Answer, both supra and infra, as if fully restated herein.

87. Answering defendant is not required to respond to the assertions of law contained in this paragraph.

88. Answering defendant is not required to respond to the assertions of law contained in this paragraph.

89. Answering defendant cannot respond to the unintelligible statement in paragraph 89, and therefore, to the extent that the statements pertain to him, he denies the same.

90. Answering defendant affirmatively states that none of the allegations in this paragraph have any application to him and consequently, he denies them in their entirety.

91. Denies.

///

-9-
ANSWER OF ROBERT J. NAGY TO COMPLAINT OF UNITED STATES OF AMERICA

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

92. Answering defendant is not required to respond to the assertions of law contained in this paragraph.

93. Answering defendant, Robert J. Nagy, affirmatively states that none of the allegations in this paragraph have any application to him and consequently, he denies them in their entirety.

94. Denies.

### Count II: Injunction under IRC § 7402

95. Answering defendant incorporates his responses to each and every paragraph of his Answer, both supra and infra, as if fully restated herein.

96. Answering defendant is not required to respond to the assertions of law contained in this paragraph.

97. Answering defendant, Robert J. Nagy, affirmatively states that none of the allegations in the referenced paragraphs have any application to him and consequently, he denies them in their entirety.

98. Answering defendant denies and irreparable harm to the United States, and affirmatively states that the government has an adequate remedy at law.

99. Answering defendant affirmatively states that the allegations in the this paragraph have no application to him and consequently, he denies them in their entirety. Affirmatively, the plaintiff is not entitled to injunctive relief as to answering defendant.

100. Defendant denies each and every allegation in the plaintiff's complaint not specifically admitted herein.

///

Jenkins Goodman Neuman & Hamilton LLP
417 Montgomery St.
10th Floor
San Francisco, CA 94104
(415) 705-0400

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

101. Plaintiff has failed to plead facts which state a claim against this answering defendant.

### SECOND AFFIRMATIVE DEFENSE
### (Waiver and Estoppel)

102. Plaintiff is estopped from asserting that the 90% Stock Loan Program was a tax fraud scheme by virtue of having conducted a comprehensive audit of Derivium, specifically aimed at the propriety of the program and the independence of the lender for the tax year 1998, and after reviewing Derivium's documents for 1998, 1999, 2000 and 2001, issued a NO CHANGE letter in 2003. The plaintiff has waived its right to contest the propriety of the 90% Stock Loan Program.

### THIRD AFFIRMATIVE DEFENSE
### (Failure to Join Indispensable Parties)

103. Plaintiff has failed to join the necessary indispensable parties as provided in FRCP, Rule 19, without which a fair and just adjudication is impossible.

### FOURTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

104. As an affirmative defense to the Complaint, Defendant alleges that the claims asserted in the Complaint are barred by applicable statutes of limitation.

### FIFTH AFFIRMATIVE DEFENSE
### (Doctrine of Laches)

105. As an affirmative defense to the Complaint, Defendant alleges that the claims asserted in the Complaint are barred by the doctrine of laches.

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-11-

ANSWER OF ROBERT J. NAGY TO COMPLAINT OF UNITED STATES OF AMERICA

## SIXTH AFFIRMATIVE DEFENSE
### (Res Judicata and Collateral Estoppel)

106. As an affirmative defense to the Complaint, Defendant alleges that the claims asserted in the Complaint are barred by the doctrines of *res judicata* and collateral estoppel.

DATED: November 19, 2007

JENKINS GOODMAN NEUMAN
& HAMILTON LLP

By: _____
FARLEY J. NEUMAN
Attorneys for DEFENDANT ROBERT J. NAGY

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-12-

ANSWER OF ROBERT J. NAGY TO COMPLAINT OF UNITED STATES OF AMERICA

# PROOF OF SERVICE

**CASE NAME:** *United States of America v. Charles Cathcart, et al.,*
**CASE NUMBER:** C 07 4762 PJH
**DATE OF SERVICE:** November 19, 2007
**DESCRIPTION OF DOCUMENTS SERVED:**

### ANSWER TO COMPLAINT

**SERVED ON THE FOLLOWING:**

SCOTT N. SCHOOLS, United States Attorney
THOMAS MOORE, Assistant United States Attorney
Chief, Tax Division
9th Floor Federal Building
450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102
Telephone: 415.436.6935
HUONG T. BAILIE, Special Trial Attorney
160 Spear Street, 9th Floor
San Francisco, CA 94105
415.227.5123
THOMAS M. NEWMAN, Trial Attorney, Tax Division
United States Department of Justice
Post Office Box 7238, Ben Franklin Station
Washington, DC 20044
Telephone: 202.616.9926

    I am over the age of 18 years and not a party to or interested in the above-named case. I am an employee of Jenkins Goodman Neuman & Hamilton LLP, and my business address is 417 Montgomery Street, 10th Floor, San Francisco, CA 94104. On the date stated above, I served a true copy of the document(s) described above, by mail, by placing said document(s) in an envelope, addressed as shown above for collection and mailing on the date shown above following the ordinary business practices of Jenkins Goodman Neuman & Hamilton LLP. I am readily familiar with my firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, said document(s) would be deposited with the United States Postal Service at a post box in San Francisco, California on the same day (at approximately 5:00 P.M.) with postage thereon fully prepaid for first class mail.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on the date stated above.

*/s/ Alesia DeCamp*
Alesia DeCamp