IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES CATHCART, SCOTT CATHCART, YURIJ DEBEVC, a/k/a YURI DEBEVC, ROBERT NAGY, DERIVIUM CAPITAL, LLC, DERIVIUM CAPITAL (USA), INC., and VERIDIA SOLUTIONS, LLC,<br><br>Defendants. | Civil No. 03:07-cv-4762-PJH<br><br>**FINAL JUDGMENT OF PERMANENT INJUNCTION AGAINST VERIDIA SOLUTIONS, LLC** |

The United States of America has filed a complaint for permanent injunction in this matter against defendant Veridia Solutions, LLC ("Veridia"). Veridia, without admitting the allegations contained in the complaint, hereby consents to the entry, without further notice, of this Final Judgment of Permanent Injunction.

Veridia enters into this Final Judgment of Permanent Injunction voluntarily, and waives the entry of findings of fact and conclusions of law. Veridia also waives any right it may have to appeal from this Final Judgment of Permanent Injunction.

NOW, THEREFORE, it is accordingly ORDERED, ADJUDGED AND DECREED that:

1. The Court has jurisdiction over this action pursuant to §§ 1340 and 1345 of Title 28 of the United States Code, and §§ 7402 and 7408 of the Internal Revenue Code of 1986, as amended (26 U.S.C.) ("Code").

2. Veridia, individually and doing business as any other entity, and any officers, agents, servants, employees, attorneys, and persons in active concert or participation with it, are permanently enjoined from, directly or indirectly:

(a) Organizing, promoting, marketing, or selling any plan or arrangement, including his 90% Loan scheme, that advises or assists taxpayers to attempt to violate the internal revenue laws or unlawfully evade the assessment or collection of their federal tax liabilities;

(b) Marketing the "90% Loan" scheme, that purports to enable customers to receive valuable consideration in exchange for stock or other securities that is pledged by those customers, purportedly as collateral, without the need to pay tax on the gain because the transaction is characterized as a loan;

(c) Advising customers that the 90% Loan scheme, which required participating customers to relinquish (1) legal title, (2) the right to receive dividends, and (3) any voting rights associated with the stock or securities in exchange for reasonable consideration constitutes a *bona fide* loan, rather than a sale, for federal tax purposes (the "90% Loan" scheme);

(d) Advising, assisting, or instructing customers that participating in the "90% Loan" scheme enables customers to defer, postpone, or avoid paying capital gains or other taxes associated with the sale of any stock or security transferred as part of the scheme;

(e) Making false statements about the allowability of any deduction or credit, the excludability of any income, or the securing of any tax benefit by the reason of participating in any plan or arrangement, including the false statement that a associated with the 90% Loan scheme (described in paragraphs (a)-(d), *supra*) can reduce or eliminate one's federal income tax liabilities;

(f) Engaging in conduct subject to penalty under Code § 6700, *i.e.*, by making or furnishing, in connection with the organization or sale of a plan or arrangement, a statement Veridia knows or has reason to know to be false or fraudulent as to any material matter under the federal tax laws; and

(g) Engaging in any other conduct that interferes with the administration or enforcement of the internal revenue laws.

3. The United States is permitted to engage in post-injunction discovery to ensure compliance with the permanent injunction.

4. This Court shall retain jurisdiction over this action for purposes of implementing and enforcing this Final Judgment of Permanent Injunction.

Agreed and Submitted by:

Thomas M. Newman /abb

THOMAS M. NEWMAN
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
Washington, D.C. 20044
Telephone: (202) 616-9926
thomas.m.newman@usdoj.gov
Attorney for the United States of America

JOHN B. KERN
Attorney for Veridia Solutions, LLC
International Law, LLC
180 East Bay Street, Suite 200
Charleston, South Carolina 29401

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Civil No. 03:07-cv-4762-PJH |
| | ) | |
| Plaintiff, | ) | **AFFIDAVIT OF JOHN B. KERN, COUNSEL FOR VERIDIA SOLUTIONS, LLC** |
| | ) | |
| Vs. | ) | |
| | ) | |
| CHARLES CATHCART, et al. | ) | |
| | ) | |
| Defendants. | ) | |

PERSONALLY APPEARED before me John B. Kern, Esquire, who upon being duly sworn, did depose and say:

1. My name is John B. Kern. I am a member of the South Carolina Bar, admitted to practice before the District Court for the District of South Carolina (Fed ID No. 6840) and the United States Tax Court (ID No. KJ1001.) I have been in the active practice of law in Charleston, SC since 1994.
2. The name of my law firm is "John B. Kern International Law, LLC," not "International Law, LLC" as was presupposed by counsel, Mr. Newman when preparing the attached Stipulation.
3. I represent Veridia Solutions, LLC in other matters in South Carolina. I am a representative of Veridia Solutions, LLC by virtue of an IRS Form 2848 in another tax matter.
4. I am not licensed in California and do not intend that my signature on the attached Stipulation in any way condone or presuppose that I am licensed in California or licensed to practice before the District Court for the Northern District of California.

Further affiant sayeth naught !

John B. Kern

SWORN TO before me this the
Nineteenth day of November, 2007
In the City of Charleston, South Carolina.

Vickie L. Weaver
Notary Public for South Carolina
My commission expires: 4-12-2013