IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 03:07-cv-4762-PJH |
| ) | |
| CHARLES CATHCART *et al*. ) | ORDER |
| ) | |
| Defendants. ) | |

 The United States has filed a complaint for permanent injunction in this matter against defendant Veridia Solutions, LLC as follows:

 Veridia Solutions, LLC enters into this Final Judgment of Permanent Injunction voluntarily, and waives entry of findings of fact and conclusions of law.  Veridia Solutions, LLC also waives any right it may have to appeal from the Final Judgment of Permanent Injunction.

 Veridia Solutions, LLC, consents to entry of this Final Judgment of Permanent Injunction without admitting the factual allegations in the Complaint.

 NOW, it is hereby ORDERED, ADJUDGED, AND DECREED that:

 1. The Court has jurisdiction over this action pursuant to §§1340 and 1345 of Title 28 of the United States Code, and §§ 7402 and 7408 of the Internal Revenue Code of 1986, as amended;

2. Veridia Solutions, LLC, individually and doing business as any entity, and its agents, and employees, are permanently enjoined from, directly or indirectly:

(a) Organizing, promoting, marketing, or selling any plan or arrangement, including the 90% Loan scheme, that advises or assists taxpayers to attempt to violate the internal revenue laws or unlawfully evade the assessment or collection of their federal tax liabilities;

(b) Marketing the "90% Loan" scheme, that purports to enable customers to receive valuable consideration in exchange for stock or other securities that is pledged by those customers, purportedly as collateral, without the need to pay tax on the gain because the transaction is characterized as a loan;

(c) Advising customers that the 90% Loan scheme, which required participating customers to relinquish (1) legal title, (2) the right to receive dividends, and (3) any voting rights associated with the stock or securities in exchange for reasonable consideration constitutes a *bona fide* loan, rather than a sale, for federal tax purposes (the "90% Loan" scheme);

(d) Advising, assisting, or instructing customers that participating in the "90% Loan" scheme enables customers to defer, postpone, or avoid paying capital gains or other taxes associated with the sale of any stock or security transferred as part of the scheme;

(e) Making false statements about the allowability of any deduction or credit, the excludability of any income, or the securing of any tax benefit by the reason of participating in any plan or arrangement, including the false statement that a associated with the 90% Loan scheme (described in paragraphs (a)-(d), *supra*) can reduce or eliminate one's federal income tax liabilities;

(f) Engaging in conduct subject to penalty under IRC § 6700, *i.e.*, by making or furnishing, in connection with the organization or sale of a plan or arrangement, a statement that Veridia Solutions, LLC, knows or has reason to know to be false or fraudulent as to any material matter under the federal tax laws; and

(g) Engaging in any other conduct that interferes with the administration or enforcement of the internal revenue laws.

3. That The United States is permitted to engage in post-injunction discovery to ensure compliance with the permanent injunction; and

4. This Court shall retain jurisdiction over this action for purposes of implementing and enforcing this Final Judgment of Permanent Injunction.

1   SO ORDERED THIS __ day of __ 2007

_____
United States District Court Judge