IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 03:07-cv-4762-PJH |
| ) | |
| CHARLES CATHCART *et al*. ) | ORDER GRANTING UNITED |
| ) | STATES'S APPLICATION FOR |
| ) | DEFAULT JUDGMENT AGAINST |
| Defendants. ) | DERIVIUM CAPITAL USA, INC. |

     Defendant Derivium Capital (USA), Inc., ("Derivium USA") having failed to plead or otherwise defend this action, and Derivium USA's default having been entered by the Court,

     NOW, upon request of the United States of America, and it is hereby

     ORDERED, ADJUDGED, AND DECREED that judgment shall be, and therefore is, entered in favor of the United States of America and against Derivium USA as follows:

     1. The Court has jurisdiction over this action pursuant to §§1340 and 1345 of Title 28 of the United States Code, and §§ 7402 and 7408 of the Internal Revenue Code of 1986, as amended;

2. That Derivium USA has engaged in conduct subject to penalty under IRC §6700, and that Derivium USA, individually and doing business as any entity, and its agents, and employees are prohibited from further engaging in such conduct;

3. That Derivium USA has engaged in conduct subject to penalty under IRC §6701, and that Derivium USA, individually and doing business as any entity, and its agents, and employees, are prohibited from further engaging in such conduct;

4. That Derivium USA has engaged in conduct that interferes with the administration and enforcement of the revenue internal laws, and that Derivium USA, individually and doing business as any entity, and its agents, and employees, are prohibited from further engaging in such conduct;

5. That Derivium USA, individually and doing business as any entity, and its agents, and employees, are permanently enjoined from, directly or indirectly:

    (a) Organizing, promoting, marketing, or selling any plan or arrangement, including the 90% Loan scheme, that advises or assists taxpayers to attempt to violate the internal revenue laws or unlawfully evade the assessment or collection of their federal tax liabilities;

    (b) Marketing the "90% Loan" scheme, that purports to enable customers to receive valuable consideration in exchange for stock or other securities that is pledged by those customers, purportedly as collateral, without the need to pay tax on the gain because the transaction is characterized as a loan;

    (c) Advising customers that the 90% Loan scheme, which required participating customers to relinquish (1) legal title, (2) the right to receive dividends, and (3) any voting rights associated with the stock or securities in exchange for reasonable consideration constitutes a *bona fide* loan, rather than a sale, for federal tax purposes (the "90% Loan" scheme);

    (d) Advising, assisting, or instructing customers that participating in the "90% Loan" scheme enables customers to defer, postpone, or avoid paying capital gains or other taxes associated with the sale of any stock or security transferred as part of the scheme;

    (e) Making false statements about the allowability of any deduction or credit, the excludability of any income, or the securing of any tax benefit by the reason of participating in any plan or arrangement, including the false statement that the 90% Loan scheme (described in paragraphs (a)-(d), *supra*) can reduce or eliminate one's federal income tax liabilities;

    (f) Engaging in conduct subject to penalty under IRC § 6700, *i.e.*, by making or furnishing, in connection with the organization or sale of a plan or arrangement, a

statement that Derivium USA, individually and doing business as any entity, and its agents, and employees, know or have reason to know to be false or fraudulent as to any material matter under the federal tax laws;

(g) Engaging in conduct subject to penalty under IRC § 6701, including preparing or assisting in the preparation of, or advising with respect to a document related to a matter material to the internal revenue laws that includes a position that Derivium USA, individually and doing business as any entity, and its agents, and employees know will, if used, result in an understatement of tax liability; and

(h) Engaging in any other conduct that interferes with the administration or enforcement of the internal revenue laws.

6. That Derivium USA, individually and doing business as any entity, and its agents, and employees are required to contact all persons with whom they engaged in the 90% Loan scheme and inform those persons of the entry of the Court's findings and the fact that an injunction has been entered against Derivium USA.

7. That Derivium USA, individually and doing business as any entity, and its agents, and employees are required to give to counsel for the United States a list of the names, addresses, email addresses, telephone numbers, Social Security and federal tax identification numbers of all persons and entities who have participated the 90% Loan scheme.

8. That the United States is permitted to engage in post-injunction discovery to ensure compliance with the permanent injunction; and

9. That this Court shall retain jurisdiction over this action for purposes of implementing and enforcing this Final Judgment of Permanent Injunction.

SO ORDERED THIS __ day of _____ 2007

_____

United States District Court Judge