IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 03:07-cv-4672 |
| ) | |
| CHARLES CATHCART *et al*. ) | **PARTIES' JOINT CASE** |
| ) | **MANAGEMENT STATEMENT** |
| ) | |
| Defendants. ) | |

Pursuant to the Court's Order and Rule 26(f) of the Federal Rules of Civil Procedure, the United States of America, defendants Yuri Debevc, Robert Nagy, and Scott Cathcart respectfully submit this Joint Case Management Statement. Neither Charles Cathcart nor his counsel has appeared in this litigation. Derivium Capital, LLC and Veridia Solutions, LLC have entered into a stipulation for judgment for entry of a final permanent injunction as to each company; Derivium Capital (USA), Inc., has neither appeared nor filed a response to the Complaint. The Clerk of the Court has made an entry of default as to Derivium Capital (USA), Inc.

1. **<u>Jurisdiction and Service</u>**:

Jurisdiction is based on 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402(a) and 7408. All parties except Charles Cathcart have been served. On December 21, 2007, the United States

filed a motion to extend the time in which to serve Charles Cathcart until March 17, 2008 and for permission to serve by publication.

**2. <u>Facts</u>**:

On September 17, 2007, the United States brought suit to permanently enjoin Charles Cathcart, Scott Cathcart, Yuri Debevc, Robert Nagy, Derivium Capital LLC, Derivium USA, and Veridia Solutions, LLC, from promoting the 90% Loan program, which includes the 90% Stock Loan and the ESOP-QRP Loan programs.

**The United States's Statement of Facts**

The Complaint alleges that since 1997, defendants have promoted 90% loan programs, including the 90% Stock Loan program, and more recently, the ESOP-QRP program. Defendants promote the 90% Stock Loan program to customers with highly-valued, low-basis stock, and defendants promote the ESOP-QRP program to customers who have sold qualified securities to ESOPs and then reinvested the sale proceeds in qualified replacement property (QRP) in stocks or floating rate note loans. Defendants promote both of these programs as transfers of securities that serve as collateral for loans equal to 90% of the securities' value. The complaint further alleges that defendants falsely tell customers that (i) this transaction is a loan; (ii) that customers who transfer their securities to defendants will incur no tax liability, because the transfer is collateral for a loan and not a sale of the taxpayers' securities; and (iii) that defendants will help preserve the value of the taxpayers' transferred securities through the use of sophisticated hedging techniques. The complaint alleges that these loan programs are abusive tax shelters that involve the actual sale of assets, which are disguised as loans, in order to evade the payment of taxes.

**Yuri Debevc's Statement of Facts**

Defendant Yurij Debevc categorically denies any allegations of wrongdoing in the complaint and he states that these allegations represent mischaracterizations of transactions described in the complaint. Mr. Debevc further believes that the Loan program described in the complaint has been inactive since 2005.

**Robert Nagy's Statement of Facts**

Robert Nagy denies any allegations of wrongdoing. He did not promote the 90% loan programs, and he has never had any ownership or profit interest in any of the entities involved in the 90% loan programs. His sole role was as a certified public accountant who rendered tax advice, and his sole compensation was fees based on his normal hourly rates. In essence, Mr. Nagy opined that there was support for treating the transactions, as he understood them, as loans rather than sales. Mr. Nagy conducted extensive research and had a good faith belief that there was support for such treatment. In fact, an IRS audit examined the transactions and similarly concluded that they were loans, not sales. The United States and Mr. Nagy have a legitimate difference of opinion regarding the law pertaining to the 90% loans, but such a difference of opinion does not justify a violation of law by Mr. Nagy.

**Scott Cathcart's Statement of Facts**

Defendant Scott Cathcart denies the allegations and mischaracterizations of the transactions described in the complaint. Further, Scott Cathcart states that he has not been an employee of Derivium Capital LLC for more than five (5) years, and he was never an employee or owner of Derivium Capital USA or Veridia Solutions LLC at any time, which facts were known or should have been known to the IRS as of the filing of the complaint.

**3. Legal Issues**

1. Whether defendants engaged in conduct prohibited by Section 6700 of the Internal Revenue Code (26 U.S.C. § 6700), including whether defendants make, have made, or cause others to make false or fraudulent material statements regarding the excludability of any income, when defendants know or should know that such statements are false or fraudulent?

2. Whether defendants promoted abusive tax shelters in violation of Section 7408 of the IRC?

3. Whether defendants should be enjoined from promoting the 90% Stock Loan and ESOP-QRP Loan programs?

4. Whether defendants should be enjoined from engaging in any conduct that interferes with the administration or enforcement of the internal revenue laws going forward?

**4. Motions**

The parties may file one or more motions for summary judgment.

**5. Amendment of Pleadings**

The parties propose a deadline of March 14 for the amendment of any pleadings.

**6. Evidence Preservation**

The parties have discussed preservation of evidence. The United States has taken all reasonable steps to preserve all potentially relevant documents, including any electronically stored information (ESI). Mr. Nagy, through counsel, has stated that he has taken all reasonable steps to preserve all potentially relevant documents, and that he does not anticipate producing any ESI in this matter. Mr. Debevc states that he does not believe he currently has any relevant documents within his possession, custody or control. Mr. Scott Cathcart, through counsel, states that he does not believe he has any relevant documents currently in his possession, custody or control, which are not already in the possession of the Internal Revenue Service. Both Mr. Scott Cathcart and Mr. Debevc state that any relevant documents previously within their possession, custody or control have been provided to Derivium Capital's trustee in connection with the Derivium Capital bankruptcy proceedings pending in United States Bankruptcy Court for the District of South Carolina.

**7. Initial Disclosures**

The parties have agreed that they will exchange initial disclosures on February 10, 2008.

**8. Discovery**

The parties were not able to agree on a proposed litigation schedule. The United States proposes a litigation schedule that has trial beginning the week of January 19, 2009, and defendant, Robert Nagy, through counsel, proposes a litigation schedule that has trial beginning the week of March 1, 2009.

At this time, it is not anticipated that discovery will need to be conducted in phases. The

- 4 -

parties will continue to confer about procedures for producing any ESI, and about any privilege issues relating to the production of documents or information during the course of this litigation.

Discovery may be needed on the following issues: a) defendants' efforts to promote any 90% Loan program, including the 90% Stock Loan and ESOP-QRP Loan programs; b) the operation of any 90% Loan program; c) the scope of these two programs, including but not limited to when defendants began promoting any 90% Loan program, defendants' target client-base, the geographic scope of defendants' promotion efforts, the geographic scope of the programs' operation, the number and value of the securities transferred in connection with operation of these programs, the amount of tax liability at issue, and the amount of currency that was transferred among defendants, their business associates and the taxpayers who participated in these programs; d) the operation of any off-shore entities, including but not limited to any broker dealers, funds or financial institutions; e) the names and identities of defendants' business associates and business entities; f) relevant financial information relating to defendants' clients, including but not limited to tax returns prepared and filed by taxpayers who participated in any 90% Loan program; g) information relating to the IRS's internal policies and procedures pertaining to stock loan programs and/or margin accounts; and h) information from the IRS relating to its investigations and/or audits of the loan programs that are the subject of this action.

**9. Related Cases**:

There are no related cases pending before a judge of this court. The following related cases are pending in United States Bankruptcy Court for the District of South Carolina: 1) *In re Derivium Capital, LLC* (05-15042-jw); *Kevin Campbell, Trustee et al. v. Shenandoah Holdings Limited et al.* (06-80111-jw); *Derivium Capital LLC et al. v. Wachovia Securities, LLC et al.* (07-80119-jw). In addition, the following related cases pending in United States District Court for the District of South Carolina against defendants Charles Cathcart, Yuri Debevc, Scott Cathcart, Derivium Capital (USA), Inc., Veridia Solutions, LLC, and other common defendants who are not parties to this litigation, have been scheduled for a possible consolidated trial: *General Holding Inc., v. Charles Cathcart et al.*, (2:06-cv-01121-DCN); *In re Derivium Capital,*

*LLC, Debtor, Kevin Campbell, Chapter 7 Trustee v. Charles Catchart et al.* (2:06-cv-03282-DCN); *Alan M. Grayson and AMG Trust v. Charles Cathcart et al.,* (2:07-cv-00593); *Robert G. Sabelhaus et al. v. Charles Cathcart et al.*, (2:07-00790-DCN); *Newton Family, LLC v. Charles Cathcart et al.*, (2:07-cv-02964); *WCN/GAN Partners, Ltd. v. Charles Cathcart et al.*, (2:07-cv-02965); *In re Derivium Capital, LLC, Debtor, Kevin Campbell, Chapter 7 Trustee v. Evelyn Cathcart et al.*, (2:07-cv-2992).

**10. Relief**:

The United States, seeks to enjoin defendants from engaging in the promotion, organizing or marketing of any abusive tax shelters; making any false or fraudulent statements in connection with said promotion; from engaging in any conduct that violates Section 6700 of the Internal Revenue Code; and from engaging in any other conduct that interferes with the administration or enforcement of the internal revenue laws.

**11. Settlement and ADR**

All parties have made efforts to settle this case, and the United States is continuing to speak with all defendants or their counsel about possible settlement of the case.  The United States and defendants Robert Nagy, Yuri Debevc, and Scott Cathcart have discussed the ADR process, and they or their counsel have concluded that it is best to initiate the ADR process if the parties' current settlement discussions fail to settle the case.

**12. Consent to Magistrate Judge:**

All parties will not consent to proceed before a magistrate judge for all purposes.

**13. References:**

The United States and defendant, Robert Nagy, state that this case is not suitable for reference to binding arbitration or special master.  Defendant, Yuri Debevc states that this case is suitable for reference to binding arbitration or special master.  Defendant Scott Cathcart has not made a conclusion as to whether or not this case is suitable for reference to binding arbitration or special master.

**14. Narrowing of the Issues:**

The parties anticipate arriving at one or more agreements on the stipulation of facts for trial and on summaries of evidence for trial purposes.

**15. Scheduling:**

The United States proposes the following litigation schedule:

| Event | Date for Completion of the Event |
|---|---|
| Exchange of Initial Disclosures | February 10, 2008 |
| Amendment of all pleadings, including joinder of any parties | March 14, 2008 |
| All written discovery served | April 18, 2008 |
| Close of all written discovery (all responsive documents/information produced) | June 9, 2008 |
| Close of all discovery (all depositions completed) | July 11, 2008 |
| Any follow-up written discovery served | July 25, 2008 |
| Responses to follow-up written discovery | August 22, 2008 |
| Expert Disclosures | September 26, 2008 |
| Expert Depositions Completed | October 24, 2008 |
| All dispositive motions served | November 17, 2008 |
| Joint Pretrial Statement | January 5, 2009 |
| Pretrial Conference | January 15, 2009 |
| Trial | January 19, 2009 |

Defendant Robert Nagy proposes the following litigation schedule:

| Event | Date for Completion of the Event |
|---|---|
| Exchange of Initial Disclosures | February 10, 2008 |
| Amendment of all pleadings, including joinder of any parties | March 14, 2008 |
| All written discovery served | April 18, 2008 |

| | |
|---|---|
| Close of all written discovery (all responsive documents/information produced) | July 9, 2008 |
| Close of all discovery (all depositions completed) | August 9, 2008 |
| Any follow-up written discovery served | August 31, 2008 |
| Responses to follow-up written discovery | October 15, 2008 |
| Expert Disclosures | November 1, 2008 |
| Expert Depositions Completed | December 1, 2008 |
| All dispositive motions served | December 15, 2008 |
| Joint Pretrial Statement | January 31, 2009 |
| Pretrial Conference | February 15, 2009 |
| Trial | March 1, 2009 |

**16. Trial:**

The case will be tried to the Court, and it is anticipated that the trial will last one week. Defendant Yuri Debevc states that he has no basis on which to anticipate the length of the trial. Defendant Scott Cathcart states that he reserves his right to request a trial by jury.

**17. Disclosure of Interested Parties' Statement:**

To date, Robert Nagy has filed with the Court a disclosure of interested parties' statement. Neither Yuri Debevc nor Scott Cathcart has filed with the Court a disclosure of interested parties' statement.

- 8 -

| | |
|---|---|
| Dated: December 28, 2007 | Respectfully submitted, |

/s/ Allyson B. Baker
Allyson B. Baker
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 353-8031
*Attorney for Plaintiff, the United States*

/s/ Farley J. Neuman
Farley J. Neuman
Tom Prountzos
Jenkins Goodman Neuman & Hamilton LLP
417 Montgomery Street, 10th Floor
San Francisco, CA 94104
*Attorneys for Defendant, Robert Nagy*

/s/ Yuri Debevc
Yuri Debevc
1483 Burningtree Road
Charleston, SC 29412
*Appearing pro se*

/s/ David B. Porter
David B. Porter
Wood & Porter, PC
333 Sacramento Street
San Francisco, CA 94111
*Attorney for Defendant Scott Cathcart*