DAVID B. PORTER   SBN 155347
WOOD & PORTER, P.C.
333 Sacramento Street
San Francisco, CA  94111
Telephone:  (415) 834-0117
Facsimile:  (415) 834-1888
Email:  porter@woodporter.com

Attorney for DEFENDANT SCOTT CATHCART

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHARLES CARTCART, SCOTT CATHCART, YURIJ DEBEVC, a/k/a/ YURIJ DEBEVC, ROBERT NAGY, DERIVIUM CAPITAL, LLC, DERIVIUM CAPITAL (USA), INC., and VERIDIA SOLUTIONS, LLC,<br><br>Defendants. | CASE No.  C07 4762 PJH<br><br>**ANSWER OF SCOTT CATHCART TO COMPLAINT** |

Scott Cathcart, for his Answer to the Complaint of the United States of America, states as to each numbered paragraph in the Complaint his responses identically numbered below, as follows:

///

## ADMISSIONS AND DENIALS

### Jurisdiction and Venue

1. Admitted that this Court has jurisdiction over this action and answering defendant. Denied that defendant has violated or interfered with the administration of any internal revenue laws.

2. Denied that a substantial part of any events or omissions giving rise to this claim occurred in this judicial district. Denied that defendant promoted any "schemes" described in the Complaint, and further denied that defendant had "regular and systematic contacts with residents of this judicial district who participated in the scheme."

### Nature of the Action

3. Admitted as to the nature of the action, but all other allegations of this paragraph are denied.

4. Defendant lacks information sufficient to form a belief as to the allegations of paragraph 4, and the same are therefore denied.

5. Admitted that the plaintiff brings this action to permanently enjoin defendant and others from the actions described in subparagraphs (a), (b), and (c), but denied that defendant has or is engaged in any illegal or improper acts or omissions in connection therewith.

6. Denied that defendant has violated or is continuing to violate any internal revenue laws, and denied that defendant is continuing to engage in any conduct subject to penalty under internal revenue laws. Denied further that an injunction is warranted as to defendant.

### Defendants

7. Defendant lacks information sufficient to form a belief as to the allegations of paragraph 7, and the same are therefore denied.

8. Admitted.

9. Defendant lacks information sufficient to form a belief as to the allegations of paragraph 9, and the same are therefore denied.

10. Admitted that Derivium Capital, LLC ("Derivium") is or was a South Carolina limited

liability company. Admitted that formerly Derivium's principal place of business was Parkshore Centre, One Poston Road, Suite 125, Charleston, South Carolina. Denied that Derivium is still in business.

11. Defendant lacks information sufficient to form a belief as to the allegations of paragraph 11, and the same are therefore denied.

12. Admitted that Derivium is a debtor in a Chapter 7 bankruptcy proceeding in the United States Bankruptcy Court for South Carolina. Defendant lacks information sufficient to form a belief as to the remaining allegations of paragraph 12, and the same are therefore denied.

13. Defendant lacks information sufficient to form a belief as to the allegations of paragraph 13, and the same are therefore denied.

14. Defendant lacks information sufficient to form a belief as to the allegations of paragraph 14, and the same are therefore denied.

15. Defendant lacks information sufficient to form a belief as to the allegations of paragraph 15, and the same are therefore denied.

16. Defendant lacks information sufficient to form a belief as to the allegations of paragraph 16, and the same are therefore denied.

**Defendants' Tax-Fraud Activities**

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

**Defendants' Tax-Fraud Activities - History**

22. On information and belief, admitted.

23. Defendant lacks information sufficient to form a belief as to the allegations of paragraph 23, and the same are therefore denied.

24. Defendant lacks information sufficient to form a belief as to the allegations of paragraph 24, and the same are therefore denied.

ANSWER OF SCOTT CATHCART

25. Admitted that in 2000, First Security Capital, LLC, a South Carolina limited liability company, changed its name to Derivium Capital, LLC.

26. On information and belief, admitted.

27. Admitted that Debevc became involved with Derivium, but defendant lacks information sufficient to form a belief as to the remaining allegations of paragraph 27, and the same are therefore denied.

28. Admitted.

29. Denied.

30. On information and belief, admitted that Robert Nagy is a Certified Public Accountant. Defendant lacks information sufficient to form a belief as to the remaining allegations of paragraph 30, and the same are therefore denied.

31. On information and belief, admitted that Robert Nagy performed outside accounting services for Derivium and that he has in the past represented both Derivium and its customers before the IRS and other administrative bodies. Defendant lacks information sufficient to form a belief as to the remaining allegations of paragraph 31, and the same are therefore denied.

32. Admitted that Robert Nagy provided advice to Derivium and its principals. Defendant lacks information sufficient to form a belief as to the remaining allegations of paragraph 32, and the same are therefore denied.

33. Defendant lacks information sufficient to form a belief as to the allegations of paragraph 33, and the same are therefore denied.

34. Defendant lacks information sufficient to form a belief as to the allegations of paragraph 34, and the same are therefore denied.

35. Admitted that Derivium ceased doing business in 2002. On information and belief, admitted that Derivium USA took over the marketing function of Derivium. Admitted that defendant was never involved with Derivium USA at any time. Defendant lacks information sufficient to form a belief as to the remaining allegations of paragraph 35, and the same are therefore denied.

36. Defendant lacks information sufficient to form a belief as to the allegations of

paragraph 36, and the same are therefore denied.

37. Admitted that Derivium ceased doing business in 2002. On information and belief, admitted that Veridia took over certain administrative functions of Derivium. Admitted that defendant was never involved with Veridia at any time. Defendant lacks information sufficient to form a belief as to the remaining allegations of paragraph 37, and the same are therefore denied.

38. Denied that the 90% Stock Loan program was a scheme. The remaining allegations of paragraph 38 are denied.

39. Denied that the 90% Stock Loan program was a scheme, and further on information and belief denied that DDA was a company controlled by Charles Cathcart.

40. Defendant lacks information sufficient to form a belief as to the allegations of paragraph 40, and the same are therefore denied.

41. Admitted that Derivium and Bancroft Ventures Ltd. (BVL) entered into contractual agreements. On information and belief, the remaining allegations of paragraph 41 are denied.

42. Defendant lacks information sufficient to form a belief as to the allegations of paragraph 42, and the same are therefore denied.

43. Defendant lacks information sufficient to form a belief as to the allegations of paragraph 43, and the same are therefore denied.

44. Defendant lacks information sufficient to form a belief as to the allegations of paragraph 44, and the same are therefore denied.

45. Defendant lacks information sufficient to form a belief as to the allegations of paragraph 45, and the same are therefore denied.

46. Defendant lacks information sufficient to form a belief as to the allegations of paragraph 46, and the same are therefore denied.

**Mechanics of the Fraudulent 90% Loan Scheme**

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Defendant refers to the terms and conditions of the loan documents, which being documents in writing, speak for themselves. All remaining allegations of paragraph 54 are denied.

55. Defendant refers to the terms and conditions of the loan documents, which being documents in writing, speak for themselves. All remaining allegations of paragraph 55 are denied.

56. Denied.

57. Defendant refers to the terms and conditions of the loan documents, which being documents in writing, speak for themselves. All remaining allegations of paragraph 57 are denied.

58. Defendant refers to the terms and conditions of the loan documents, which being documents in writing, speak for themselves. All remaining allegations of paragraph 58 are denied.

59. Denied.

60. Defendant refers to the terms and conditions of the loan documents, which being documents in writing, speak for themselves. All remaining allegations of paragraph 60 are denied.

61. Denied.

62. Denied.

63. Denied.

64. Defendant refers to the terms and conditions of the loan documents, which being documents in writing, speak for themselves. All remaining allegations of paragraph 64 are denied.

65. Denied.

66. Defendant refers to the terms and conditions of the loan documents, which being

1. documents in writing, speak for themselves. All remaining allegations of paragraph 66 are denied.

67. Admitted that all customers signed a document confirming their understanding that neither Derivium nor its principals provided tax advice, and further admitted that all Derivium customers were informed that they should consult their own tax advisors for tax advice. Defendant lacks information sufficient to form a belief as to the remaining allegations of paragraph 67, and the same are therefore denied.

68. On information and belief, Forms 1099 may not be required in the situations described in this paragraph. Defendant lacks information sufficient to form a belief as to the remaining allegations of paragraph 68, and the same are therefore denied.

69. Denied.

70. Defendant refers to the terms and conditions of the loan documents, which being documents in writing, speak for themselves. All remaining allegations of paragraph 70 are denied.

71. Defendant refers to the terms and conditions of the loan documents, which being documents in writing, speak for themselves. All remaining allegations of paragraph 71 are denied.

72. Defendant refers to the terms and conditions of the loan documents, which being documents in writing, speak for themselves. All remaining allegations of paragraph 72 are denied.

73. Denied.
74. Denied.
75. Denied.
76. Denied.
77. Denied.
78. Denied.
79. Denied.

///

ANSWER OF SCOTT CATHCART

**Harm to the Government**

80. Denied.

81. Denied.

82. Denied that the 90% Stock Loan transactions were fraudulent. Defendant lacks information sufficient to form a belief as to the remaining allegations of paragraph 82, and the same are therefore denied.

83. Defendant lacks information sufficient to form a belief as to the allegations of paragraph 83, and the same are therefore denied.

84. Defendant lacks information sufficient to form a belief as to the remaining allegations of paragraph 84, and the same are therefore denied.

85. Defendant lacks information sufficient to form a belief as to the remaining allegations of paragraph 85, and the same are therefore denied.

**Count I: Injunction under IRC § 7408 for violations of §§ 6700 & 6701**

86. Defendant incorporates his responses to each and every paragraph of this Answer, both supra and infra, as if fully restated herein.

87. Defendant is not required to respond to the assertions of law contained in this paragraph, and thereby denies.

88. Defendant is not required to respond to the assertions of law contained in this paragraph, and thereby denies.

89. Denied.

90. To the extent the allegations in paragraph 90 refer to defendant, defendant denies the same.

91. Denied.

92. Defendant is not required to respond to the assertions of law contained in this paragraph, and thereby denies.

93. Denied.

94. Denied.

///

**Count II: Injunction under IRC § 7402**

95. Defendant incorporates his responses to each and every paragraph of his Answer, both supra and infra, as if fully restated herein.

96. Defendant is not required to respond to the assertions of law contained in this paragraph, and thereby denies.

97. Denied.

98. Defendant denies any irreparable harm to the United States, and to the extent that the remaining allegations in this paragraph are assertions of law, no response is required and defendant therefore denies the same.

99. Denied.

100. Defendant denies each and every allegation in the plaintiff's complaint not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

101. Plaintiff has failed to plead facts which state a claim against this defendant.

**SECOND AFFIRMATIVE DEFENSE**

**(Waiver and Estoppel)**

102. Plaintiff is estopped from asserting that the 90% Stock Loan program was a tax fraud scheme by virtue of having conducted a comprehensive audit of Derivium, specifically aimed at the propriety of the program and the independence of the lender for the tax year 1998, and after reviewing Derivium's documents for 1998, 1999, 2000, and 2001, issued a NO CHANGE letter in 2003. The plaintiff has waived its right to contest the propriety of the 90% Stock Loan Program.

**THIRD AFFIRMATIVE DEFENSE**

**(Failure to Join Indispensable Parties)**

103. Plaintiff has failed to join the necessary indispensable parties as provided in FRCP, Rule 19, without which a fair and just adjudication is impossible.

### FOURTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

104. As an affirmative defense to the Complaint, defendant alleges that the claims asserted in the Complaint are barred by applicable statutes of limitation.

### FIFTH AFFIRMATIVE DEFENSE
### (Doctrine of Laches)

105. As an affirmative defense to the Complaint, defendant alleges that the claims asserted in the Complaint are barred by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE
### (Res Judicata and Collateral Estoppel)

106. As an affirmative defense to the Complaint, defendant alleges that the claims asserted in the Complaint are barred by the doctrines of res judicata and collateral estoppel.

### SEVENTH AFFIRMATIVE DEFENSE
### (Good Faith)

107. As an affirmative defense to the Complaint, defendant alleges that any acts alleged in the Complaint were conducted in good faith, which is a defense to the penalties asserted in the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE
### (Business Judgment Rule)

108. Plaintiff's claims are barred as to defendant based on the application of the business judgment rule.

### NINTH AFFIRMATIVE DEFENSE
### (Reliance on Others)

109. As an affirmative defense to the Complaint, defendant alleges that any acts in the Complaint were conducted in reliance on the advice of professionals, including attorneys, accountants, and/or others.

///

ANSWER OF SCOTT CATHCART

**TENTH AFFIRMATIVE DEFENSE**

**(Reservation of Right to Amend)**

110. Defendant reserves the right to amend this Answer, including the right to assert additional affirmative defenses, as the facts are ascertained and this matter proceeds.

WHEREFORE, defendant prays that:

A. the Complaint be dismissed with prejudice;

B. the Court find that the defendant has not engaged in conduct which is the subject of the Complaint;

C. the Court deny the plaintiff's requests set forth in its prayer;

D. plaintiff take nothing by the Complaint; and

E. defendant be awarded: (a) reasonable attorneys' fees, (b) costs of suit incurred herein; and (c) such other relief as the Court may deem just and proper.

Respectfully submitted,

WOOD & PORTER, P.C.

Dated: January 7, 2008

By:  /s/ David B. Porter

DAVID B. PORTER
Attorney for DEFENDANT SCOTT CATHCART

U950