ERIC L. WEBB (State Bar No. 192532)
BARTSCH & WEBB
317 Rosecrans Avenue
Manhattan Beach, California  90266
Telephone:  (310) 546-4004
Facsimile:  (310) 546-4033
Email:  ewebb@elwlaw.com

Attorney for CHARLES CATHCART

# IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>CHARLES CATHCART, SCOTT CATHCART, YURIJ DEBEVC, a/k/a YURIJ DEBEVC, ROBERT NAGY, DERIVIUM CAPITAL, LLC, DERIVIUM CAPITAL (USA), INC., and VERIDIA SOLUTIONS, LLC,<br><br>    Defendants. | Case No. C 07 4762 PJH<br><br>**ANSWER OF CHARLES CATHCART TO COMPLAINT OF THE UNITED STATES OF AMERICA** |

Charles Cathcart ("Cathcart") of ("Defendant"), and for his Answer to the Complaint of United States of America, states as to each numbered paragraph in the Complaint his responses identically numbered below, as follows:

- 1 -

**ANSWER OF CHARLES CATHCART TO COMPLAINT OF UNITED STATES OF AMERICA Case No. C 07 4762 PJH**

## ADMISSIONS AND DENIALS

### Jurisdiction and Venue

1. Deny that this court has personal jurisdiction over Defendant. Deny that Defendant has violated or interfered with the administration of any internal revenue laws.

2. Deny that a substantial part of any events or omissions giving rise to this claim occurred in this judicial district, denies that venue is proper for claims against Defendant, and further denies that Defendant had regular or systematic contacts with residents of this judicial district. Deny that Defendant promoted any "schemes" described in the Complaint, and further deny that Defendant had "regular and systematic contact with residents of this judicial district who participated in the scheme."

### Nature of the Action

3. Admit the nature of the action, but deny all other allegations of this paragraph.

4. For want of knowledge sufficient to form a belief as to the truth of the assertions in this paragraph, Defendant denies the same.

5. Admit that the plaintiff brings this action to permanently enjoin defendants from the actions described in subparagraphs (a), (b) and (c), but denies that Defendant engaged in any illegal or improper acts or omissions in connection therewith.

6. Deny that Defendant has violated or is continuing to violate any Internal Revenue laws, and deny that Defendant is continuing to engage in any conduct subject to penalty under Internal Revenue laws. Deny that an injunction is warranted as to Defendant.

### Defendant

7. Deny that Defendant is a permanent resident of California.

8. Admit.

9. Admit.

10. Admit that Derivium Capital, LLC (Derivium) is or was a South Carolina limited liability company. Admit that formerly Derivium's principal place of business was Parkshore Centre, One Poston Road, Suite 125, Charleston, South Carolina, but Defendant denies for want of knowledge, the current principal place of business.

11. Defendant lacks information sufficient to form a belief as to the allegations of paragraph 11, and the same are therefore denied.

12. Admit that Derivium has filed for Chapter 7 bankruptcy protection in the United States Bankruptcy Court for South Carolina. For want of knowledge sufficient to form a belief as to the truth of the remaining assertions in this paragraph, Defendant denies the same.

13. Admits.

14. Admits.

15. Defendant lacks information sufficient to form a belief as to the allegations of paragraph 15, and the same are therefore denied.

16. Defendant lacks information sufficient to form a belief as to the allegations of paragraph 16, and the same are therefore denied.

**Defendants' Tax-Fraud Activities Answering Defendant denies he has engaged in any tax-fraud activities.**

17. Deny.

18. Deny.

19. Deny.

20. Deny.

21. Deny.

**Defendants' Tax-Fraud Activities – History Answering Defendant denies he has been engaged in any tax fraud.**

22. Admit.

23. Deny.

24. Deny.

25. Admit.

26. Admit.

27. Admit that Debevc became involved in managing Derivium's operations office in Charleston, but denies Debevc's activities included marketing.

28. Admit.

- 3 -

**ANSWER OF CHARLES CATHCART TO COMPLAINT OF UNITED STATES OF AMERICA Case No. C 07 4762 PJH**

29. Deny.

30. On information and belief, admit that Robert Nagy ("Nagy") is a Certified Public Accountant, but deny that he is a longtime Associate of Cathcart.

31. For want of current knowledge, denies that Nagy is the sole owner of Meridian Services, Ltd. Admits that he performed outside accounting services for Derivium and, admits that he has in the past represented both Derivium and its customers before the IRS and other administrative bodies. Defendant lacks information sufficient to form a belief as to the remaining allegations of paragraph 31, and the same are therefore denied.

32. Admit that Nagy researched the tax laws and regulations pertaining to the 90% Stock Loan and provided advice to Derivium and its principals concerning the 90% Stock Loan. Defendant lacks information sufficient to form a belief as to the remaining allegations of paragraph 32, and the same are therefore denied.

33. Defendant lacks information sufficient to form a belief as to the allegations of paragraph 33, and the same are therefore denied.

34. Admit.

35. Admit that Derivium ceased doing 90% Stock Loan business in 2002. On information and belief, admits that Derivium USA began marketing the 90% Stock Loan, a service previously performed by Derivium. Defendant lacks information sufficient to form a belief as to the remaining allegations of paragraph 35, and the same are therefore denied.

36. Defendant lacks information sufficient to form a belief as to the allegations of paragraph 36, and the same are therefore denied.

37. Admit that Derivium ceased doing 90% Stock Loan business in 2002. On information and belief, admit that Veridia performed certain administrative functions for the 90% Stock Loan business that were previously performed by Derivium. Defendant lacks information sufficient to form a belief as to the remaining allegations of paragraph 37, and the same are therefore denied.

38. Deny that the 90% Stock Loan program was a scheme. The remaining allegations of paragraph 38 are denied.

ANSWER OF CHARLES CATHCART TO COMPLAINT OF UNITED STATES OF AMERICA Case No. C 07 4762 PJH

39. Deny that the 90% Stock Loan program was a scheme. Deny the remaining allegations of paragraph 39.

40. Admits that in 1998, FSC and DDA entered into an Investment & Loan Agreement, which speaks for itself.

41. Admit that Derivium and Bancroft Ventures Ltd. ("BVL") entered into contractual agreements. On information and belief, the remaining allegations of paragraph 41 are denied.

42. Defendant lacks information sufficient to form a belief as to the allegations of paragraph 42, and the same are therefore denied.

43. Defendant lacks information sufficient to form a belief as to the allegations of paragraph 43, and the same are therefore denied.

44. Deny that Defendant caused the formation of WITCO Services (UK) Limited or Windward Isles Trust Company ("WITCO") in England. For want of knowledge sufficient upon which to formulate a belief as to the truth of the remaining allegations contained in paragraph 44, Defendant denies them.

45. For want of knowledge sufficient upon which to formulate a belief as to the truth of the allegations contained in paragraph 45, Defendant denies them.

46. For want of knowledge sufficient upon which to formulate a belief as to the truth of the Allegations contained in paragraph 46, Defendant denies them.

**Mechanics of the Fraudulent 90% Loan Scheme Answering Defendant denies the 90% Stock Loan program was fraudulent or a scheme.**

47. Deny.

48. Deny.

49. Deny.

50. Deny.

51. Deny.

52. Deny.

53. Deny.

54. Defendant refers to the terms and conditions of the loan documents, which, being

documents in writing, speak for themselves.  All remaining allegations of paragraph 54 are denied.

55. Deny.

56. Defendant refers to the terms and conditions of the loan documents, which being documents in writing, speak for themselves.  All remaining allegations of paragraph 57 are denied.

57. Defendant refers to the terms and conditions of the loan documents, which being documents in writing, speak for themselves.  All remaining allegations of paragraph 57 are denied.

58. Defendant refers to the terms and conditions of the loan documents, which being documents in writing, speak for themselves.  All remaining allegations of paragraph 58 are denied.

59. Deny.

60. Defendant refers to the terms and conditions of the loan documents, which being documents in writing, speak for themselves.  All remaining allegations of paragraph 60 are denied.

61. Deny.

62. Deny.

63. Deny.

64. Defendant refers to the terms and conditions of the loan documents, which being documents in writing, speak for themselves.  All remaining allegations of paragraph 64 are denied.

65. Deny.

66. Defendant refers to the terms and conditions of the loan documents, which being documents in writing, speak for themselves.  All remaining allegations of paragraph 66 are denied.

67. Deny for want of information and belief as to the truth of the allegation in paragraph 67.

68. Deny the allegations as pled and affirmatively states that no Forms 1099 were required in the situations described in this paragraph.

69. Deny.

70. Defendant refers to the terms and conditions of the loan documents, which being documents in writing, speak for themselves.  All remaining allegations of paragraph 70 are denied.

71. Defendant refers to the terms and conditions of the loan documents, which being documents in writing, speak for themselves.  All remaining allegations of paragraph 71 are denied.

**ANSWER OF CHARLES CATHCART TO COMPLAINT OF UNITED STATES OF AMERICA Case No. C 07 4762 PJH**

72. Defendant refers to the terms and conditions of the loan documents, which being documents in writing, speak for themselves. All remaining allegations of paragraph 72 are denied.

73. Deny.

74. Deny.

75. Deny.

76. Deny.

77. Deny.

78. Deny.

79. Deny.

80. Deny.

81. Deny.

82. Deny that the 90% Loan transactions were fraudulent, and further, for want of knowledge sufficient upon which to form a belief as to the truth of the remaining allegations in this paragraph, they are denied.

83. For want of knowledge sufficient upon which to form a belief as to the truth of the allegations in this paragraph, they are denied.

84. Deny.

85. For want of knowledge sufficient upon which to form a belief as to the truth of the allegations in this paragraph, they are denied.

**Count I: Injunction under IRC § 7408 for violations of § § 6700 & 6701**

86. Defendant incorporates his responses to each and every paragraph of his Answer, both supra and infra, as if fully restated herein.

87. Defendant is not required to respond to the assertions of law contained in this paragraph, and therefore denies them.

88. Defendant is not required to respond to the assertion of law contained in this paragraph, and therefore denies them.

89. Defendant cannot respond to the unintelligible statement in paragraph 89, and therefore, to the extent that the statements pertain to him, he denies the same.

1  90.  Deny.

2  91.  Deny.

3  92.  Defendant is not required to respond to the assertions of law contained in this paragraph, and therefore denies them.

5  93.  Deny.

6  94.  Deny.

### Count II: Injunction under IRC § 7402

95.  Defendant incorporates his responses to each and every paragraph of his Answer, both supra and infra, as if fully restated herein.

96.  Defendant is not required to respond to the assertions of law contained in this paragraph.

97.  Deny.

98.  Defendant denies any irreparable harm to the United States, and affirmatively states that the government has an adequate remedy at law.

99.  Deny.

100.  Defendant denies each and every allegation in the Plaintiff's complaint not specifically admitted herein.

### **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

### **(Failure to State a Claim)**

101.  Plaintiff has failed to plead facts which state a claim against this answering defendant.

### **SECOND AFFIRMATIVE DEFENSE**

### **(Waiver and Estoppel)**

102.  Plaintiff is estopped from asserting that the 90% Stock Loan Program was a tax fraud scheme by virtue of having conducted a comprehensive audit of Derivium, specifically aimed at the propriety of the program and the independence of the lender for the tax year 1998, and after reviewing Derivium's documents for 1998, 1999, 2000 and 2001, issued a NO CHANGE

letter in 2003. The plaintiff has waived its right to contest the propriety of the 90% Stock Loan Program.

### THIRD AFFIRMATIVE DEFENSE
### (Failure to Join Indispensable Parties)

103. Plaintiff has failed to join the necessary indispensable parties as provided in FRCP, Rule 19, without which a fair and just adjudication is impossible.

### FOURTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

104. As an affirmative defense to the Complaint, Defendant alleges that the claims asserted in the Complaint are barred by the applicable statutes of limitation.

### FIFTH AFFIRMATIVE DEFENSE
### (Doctrine of Laches)

105. As and affirmative defense to the Complaint, Defendant alleges that the claims asserted in the Complaint are barred by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE
### (*Res Judicata* and Collateral Estoppel)

106. As an affirmative defense to the Complaint, Defendant alleges that the claims asserted in the Complaint are barred by the doctrines of *res judicata* and collateral estoppel.

### SEVENTH AFFIRMATIVE DEFENSE
### (Lack of Good Faith)

107. Defendant is informed, believes, and thereon alleges that Plaintiff, the United States of America, has not acted in good faith in its dealings with Defendant.

### EIGHTH AFFIRMATIVE DEFENSE
### (Good Faith)

108. As an affirmative defense to the Complaint, Defendant alleges that any acts alleged in the Complaint were conducted in good faith, which is a defense to the penalties asserted in the Complaint.

**NINTH AFFIRMATIVE DEFENSE**

**(Ratification)**

109.  Defendant alleges that through its conduct and the persons acting on its behalf, Plaintiff, the United States of America, approved, authorized, consented to and/or ratified Defendant's conduct alleged in the Complaint.

**TENTH AFFIRMATIVE DEFENSE**

**(Business Judgment Rule)**

110.  Plaintiff's claims are barred as to defendant based on the application of the business judgment rule.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Reliance on Others)**

111.  As an affirmative defense to the Complaint, Defendants alleges that any acts in the Complaint were conducted in reliance on the advice of professionals, including accountants, and/or others.

**TWELTH AFFIRMATIVE DEFENSE**

**(Business Judgment Rule)**

112.  Plaintiff's claims are barred as to defendant based on the application of the business judgment rule.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Reservation of Right to Amend)**

113.  Defendant reserves the right to amend this Answer, including the right to assert additional affirmative defenses, as the facts are ascertained and this matter proceeds.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays that:

A.  The Complaint be dismissed with prejudice;

B.  The Court find that the Defendant has not engaged in conduct which is the subject of the Complaint;

C.  The Court deny the Plaintiff's requests set forth in its prayer;

     D.     Plaintiff take nothing by the Complaint; and

     E.     To the extent permitted by law, Defendant be awarded: (a) reasonable attorneys' fees, (b) costs of suit incurred herein, and (c) such other relief as the Court may deem just and proper.

### **DEMAND FOR JURY TRIAL**

To the extent permitted by law, Defendant hereby demands a trial by jury.

Dated: January 25, 2008

                                             BARTSCH & WEBB

                                             By: /s/ Eric L. Webb
                                                   Eric L. Webb
                                                   Attorneys for DEFENDANT
                                                   CHARLES CATHCART

**CERTIFICATE OF SERVICE**

     I hereby certify that on January 25, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| Joseph P. Russoniello<br>United States Attorney<br>Thomas Moore<br>Assistant United States Attorney<br>Chief, Tax Division<br>9th Floor Federal Building<br>450 Golden Gate Avenue, Box 36055<br>San Francisco, California  94102<br>*Attorney for Plaintiff*<br><br>HUONG T. BAILIE<br>Special Trial Attorney<br>160 Spear Street, 9th Floor<br>San Francisco, California  94105<br>*Attorney for Plaintiff* | Allyson B. Baker<br>Trial Attorney, Tax Division<br>U.S. Department of Justice<br>Post Office Box 7238<br>Ben Franklin Station<br>Washington, D.C. 20044<br>(allyson.b.baker@usdoj.gov)<br>*Attorney for Plaintiff*<br><br>Farley J. Neuman (fneuman@jgn.com)<br>Tom Prountzos (tprountzos@jgn.com)<br>Jenkins Goodma Neuman & Hamilton LLP<br>417 Montgomery Street, 10th Floor<br>San Francisco, California  94104<br>*Attorneys for Defendant , Robert Nagy*<br><br>David Bujannoff Porter, Jr.<br>(porter@woodporter.com)<br>Wood & Porter<br>333 Sacramento Street<br>San Francisco, California  94111<br>*Attorney for Scott Cathcart* |

     I further certify that on January 25, 2008, service of the foregoing was made upon the following by depositing a copy in the Unites States mail, postage prepaid:

Yuri Debevc (*pre se*)
1483 Burningtree Road
Charleston, SC  29412

                                                                /s/ Eric L. Webb
                                                                ERIC L. WEBB