JOSEPH P. RUSSONIELLO
United States Attorney
THOMAS MOORE (ASBN 4305-O78T)
Assistant United States Attorney
Chief, Tax Division
9th Floor Federal Building
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-6935
HUONG T. BAILIE (NYBN 4035739)
300 E. 8th Street, Suite 601
Austin, TX 78701
Telephone: (512) 499-5759
ALLYSON B. BAKER (DCBN 478073)
FREDERICK N. NOYES
Tax Division
U.S. Department of Justice
Post Office Box 7238
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 202-353-8031
Facsimile: (202) 514-6770
Email: allyson.b.baker@usdoj.gov

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHARLES CATHCART *et al*. )<br>)<br>Defendants. ) | Civil No. 07-4762-PJH<br><br>The United States's Memorandum In Support of Its Motion for Leave To File First Amended Complaint<br><br>*Hearing*: April 23, 2008, 9:00 AM |

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, the United States brings this memorandum in support of its Motion for Leave to File First Amended Complaint, a copy of which is attached as Exhibit A. The United States seeks to amend its complaint to add three additional defendants: Optech Limited and two of its principals, Charles Hsin and Franklin Thomason and also to clarify several factual allegations in the original complaint.

**Background Facts**

On September 17, 2007, the United States filed suit against Charles Cathcart, Scott Cathcart, Yuri Debevc, Robert Nagy, Derivium Capital, LLC, Derivium Capital (USA), Inc., and Veridia, Solutions, Inc., seeking to enjoin them from making or causing others to make false or fraudulent statements regarding the securing of tax benefits or otherwise interfering with the administration or enforcement of the internal revenue laws. *See* Compl., Dkt. No. 1.

The complaint alleges that defendants promote a 90% Stock Loan program and in more recent years, the ESOP-QRP Loan program, (together the "90% Loan program"). The complaint alleges that defendants have promoted the 90% Loan program to their customers, since 1997. The 90% Loan program allows customers to evade tax liability on capital gains derived from the sale of securities that they own. The complaint alleges that this tax-fraud scheme involves customers transferring their securities and all attendant ownership rights to defendants, who then sell these securities (stocks or floating rate notes), give their customers 90% of the sales proceeds and retain 10% of the proceeds for themselves. In promoting this tax-fraud scheme, defendants falsely or fraudulently tell their customers that: 1) this transfer is a loan and not a sale of their securities; 2) that customers are transferring their securities to defendants as collateral for the 90% loan that defendants are providing to them; 3) that this transfer of securities is a non-taxable event, because it is a purported loan and not a sale of the securities; and 4) that defendants will maintain or increase the securities' value during the life of the purported loan term (generally 3 years) by engaging in "the unique and proprietary hedging program," created by Charles Cathcart and involving the placement of puts and calls (essentially options that hedge on market movement).

The complaint alleges that in reality, defendants sell their customers' securities almost immediately after they are transferred to them. Defendants pay their customers 90% of the securities' value (sometimes from the actual sale proceeds and sometimes from defendants' pre-existing funds). Defendants also take a 10% cut for themselves. Defendants never employ their-advertised "proprietary hedging program." At the end of the purported loan terms, the complaint

alleges that most of defendants' customers "walk away" from the 90% Loan program in some fashion. Some customers, however, seek a return of their securities from defendants, because their securities have appreciated significantly in value, since the time they were first transferred to defendants as purported collateral for the non-existent loan. The complaint alleges that in these situations, defendants must them buy back the significantly-appreciated securities, often having to dip into funds that defendants received from other 90% Loan program transactions.

The United States has learned that Optech Limited and its principals Charles Hsin and Franklin Thomason also organize, market and promote the 90% Loan program, which is the subject of this litigation. For this reason, the United States seeks to amend its complaint to join these parties as defendants. Optech Limited is a company that conducts business throughout the United States through its Internet website, located at www.optech-hk.com. Its principal place of business is in Hong Kong, China and it also has an office in New York. In addition, Optech Limited also is registered with the California Department of Corporations. Charles Hsin resides in New York, and Franklin Thomason resides in Arizona. The proposed amended complaint attached hereto as Exhibit A, alleges that Optech and Messrs. Hsin and Thomason work in tandem with the named defendants in maintaining, organizing, marketing and promoting the 90% Loan programs described above, as well as engaging in conduct that violates the Internal Revenue Code and interferes with enforcement of the internal revenue laws.

To date, Charles Cathcart, Scott Cathcart, Yuri Debevc and Robert Nagy have answered the complaint. Derivium Capital, LLC and Veridia Solutions, LLC have each entered into a stipulation for entry of a final permanent injunction, and are no longer parties to this case. *See* Dkt. Nos. 9, 12. The Clerk of the Court filed a notice of entry of default against Derivium Capital (USA), Inc. on December 21, 2007, because it has failed to plead. *See* Dkt. No. 19. On January 4, 2008, the Court entered a scheduling order in this case. *See* Dkt. No. 27. A bench trial is scheduled for March 23, 2009. Fact discovery is scheduled to close on September 3, 2008, and all discovery is scheduled to close on October 1, 2008. *See id.* The scheduling order permits the

1  parties to amend their pleadings up until June 5, 2008 (90 days before fact discovery closes).  *See*
2  *id*.  To date, the parties have exchanged initial disclosures, but no discovery requests.

## ARGUMENT

Rule 15(a)(2) of the Federal Rules of Civil Procedure states that courts should freely grant leave to parties to amend their pleadings when "justice so requires."  *See* Fed. R. Civ. P. 15(a)(2). "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.' " *United States v. Webb*, 655 F.2d 979, 980 (9th Cir. 1981). (citations omitted).  The Supreme Court has explained that "justice so requires" means that courts should permit a party to amend its complaint

> ***In the absence of*** any apparent or declared reason– such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.– the leave sought should, as the rules require, be 'freely given.'

*Foman v. Davis*, 371 U.S. 178, 182 (1962) (emphasis added).  *See also, DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir. 1987); *Howey v. United States*, 481 F.2d 1187, 1190-91 (9th Cir. 1973).  None of these reasons are an issue here.  In seeking to amend its complaint, the United States has not acted with undue delay, bad faith or dilatory motive.  The United States also has not previously amended or sought to amend its complaint.

Most importantly, none of the current defendants will suffer any prejudice if the United States is given leave of court to amend its complaint.  As discussed above, the scheduling order contemplates a party amending its pleading until 90 days before the close of fact discovery.  To date, none of the parties has served discovery requests, and the United States's Initial Disclosures list Optech Limited, Charles Hsin and Franklin Thomason as entities or individuals with information that the United States may use in support of its claims in this case.  Thus, defendants already know that the United States may seek discovery from Optech Limited, Charles Hsin and Franklin Thomason.  In addition, the United States's proposed amended complaint does not include any new causes of action.  Thus, defendants' contemplated legal arguments would not be significantly affected – if at all affected – by amendment of the complaint.

Finally, the United States's proposed amendment to its complaint will not be futile. To the contrary, as described above, the United States seeks to join three additional parties as defendants, because these parties are actively organizing, marketing and promoting the 90% Loan programs, which are the subject of this litigation.

The United States's motion for leave to amend its complaint should be granted, as there are no circumstances that warrant denying this motion: the United States has acted in good faith, no defendant would be prejudiced by the amending of the complaint, and the United States's amendment to its complaint would not be futile. *See Howey*, 481 F.2d at 1190-91.

## CONCLUSION

For all of the foregoing reasons, the United States respectfully requests that it be granted leave of court to file its First Amended Complaint, which is attached as Exhibit A.

Dated: March 13, 2008

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

/s/ Allyson B. Baker
ALLYSON B. BAKER
FREDERICK N. NOYES
Tax Division
U.S. Department of Justice
Post Office Box 7238
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 202-353-8031