JOSEPH P. RUSSONIELLO
United States Attorney
THOMAS MOORE (ASBN 4305-O78T)
Assistant United States Attorney
Chief, Tax Division
9th Floor Federal Building
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-6935
HUONG T. BAILIE (NYBN 4035739)
300 E. 8th Street, Suite 601
Austin, TX 78701
Telephone: (512) 499-5759
ALLYSON B. BAKER (DCBN 478073)
FREDERICK N. NOYES
Tax Division
U.S. Department of Justice
Post Office Box 7238
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 202-353-8031
Facsimile: (202) 514-6770
Email: allyson.b.baker@usdoj.gov

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CHARLES CATHCART *et al*. <br><br> Defendant. | Civil No. 07-4762-PJH <br><br> UNITED STATES' REPLY IN SUPPORT OF ITS MOTION FOR LEAVE OF COURT TO FILE FIRST AMENDED COMPLAINT <br><br> *Hearing: April 23, 2008, 9:00 AM* |

   The United States respectfully submits this reply memorandum in support of its motion for leave to file first amended complaint and responds to Yuri Debevc's Objection to that motion (Dkt. # 49). The United States seeks leave to amend its complaint to add three parties as defendants: Optech Limited and two of its principals, Charles Hsin and Franklin Thomason, and to clarify several factual allegations in its original complaint. Optech and its principals have

played a crucial role in promoting and organizing the 90% Loan program, which is the subject of the complaint. For this reason, the United States seeks to enjoin these parties along with the already-named defendants in order to halt promotion of the 90% Loan program. The United States brought its motion for leave to amend, because one current defendant – Yuri Debevc – refused to stipulate to the United States' amending its complaint without leave of court.

Rule 15(a) of the Federal Rules of Civil Procedure counsels that courts should freely grant leave to parties to amend their pleadings when "justice so requires," that is *unless* the moving party's request to amend is dilatory, made in bad faith, unduly late, or prejudicial to an opposing party *See Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also* Fed. R. Civ. P. 15(a)(2). The United States' request to amend is not dilatory, made in bad faith, or unduly late. Debevc does not show how he will be prejudiced by the United States' amending its complaint.

Debevc contends that he has "no basis to believe that the claims that the United States has against these three parties have any relation to [his] case." Opp. at 1. Whether Debevc knows or believes that Optech, Hsin and Thomason relate to his case has no bearing on the decision to grant the United States leave to amend its complaint. *See Foman*, 371 U.S. at 182 (enumerating factors that determine whether to grant leave to amend).

In addition, Debevc's claim that these parties have no relationship to his case is undermined by documents[1] that show Debevc working with Optech and its principals to promote, organize and maintain the 90% Loan program. For example, in numerous documents, Debevc's company, Veridia Solutions, LLC, functioned as Optech's "U.S. Service Center" for account confirmations sent to Optech customers noting the type and amount of securities customers transferred to Optech in exchange for a purported 90% loan. *See* Activity Confirmation, dated June 21, 2005, attached Ex. 1. Other documents reflect Debevc's efforts to establish a post office

---

[1] The documents attached to this reply are part of a larger group of documents that the United States will be producing during the ensuing weeks, pursuant to document requests served by defendants.

- 2 -

box as agent for Optech in South Carolina, including Debevc's application with the United States Postal Service.  *See* July 28, 2005 email between C. Hsin and Y. Debevc and accompanying documents, attached as Ex. 2.  As discussed in a letter dated March 18, 2005 between Debevc and a financial advisor, Debevc and his company, Veridia Solutions, also were granted specific authority by the Board of Directors of Optech to authorize and confirm a list of "individuals empowered to enter orders and to transfer funds" for Optech Limited's account at that financial institution.  This account facilitated Optech's securities trades made as part of the purported 90% loan it offers customers.  *See* March 18, 2005 letter from Y. Debevc to K. Haase, attached as Ex. 3.  In another instance, Debevc's company, Veridia Solutions, represented Optech as a signatory to a referral fee agreement entered between Optech and another financial advisor in May of 2005.  In this agreement, the advisor agrees to refer customers to Optech in exchange for a fee, which is paid to the advisor only upon confirmation from Optech "that a loan has been funded to a registered contact [customer]."  *See* Referral Fee Agreement, attached as Ex. 4.  Indeed, beginning as early as January 2003, Debevc and his company, Veridia Solutions, started doing business with Optech.  Debevc and the then-director of Optech executed a contract for services in which Debevc agreed that his company would assist Optech in administering the "non-recourse loans" it purports to make to "borrowers."  *See* Financial Services Representation/Administration and Processing Agreement Between Optech Limited and Veridia Solutions, L.L.C. at 2, attached as Exhibit 5.  According to the agreement's terms, Debevc's company, Veridia Solutions, received a bi-weekly fee from Optech in exchange for its services.  *See id*. at 12-13.  Debevc clearly knows about Optech, Hsin and Thomason and understands how these parties relate to the Government's case against him.

In his opposition, Debevc also contends that addition of these parties will add time and expense, because he will be forced to attend their depositions and other "events" if the United States amends its complaint.  *See* Opp. at 1-2.  Debevc, however, never explains which specific costs he will incur only if the United States amends its complaint, as proposed.  The United States is seeking to add Optech, Hsin and Thomason as defendants, because, in light of their roles in

promoting the 90% Loan program, joining them as parties is necessary in order to end entirely the 90% Loan program. But even if they were not joined as parties, in all likelihood, the United States would still seek depositions and documents from Optech, Hsin and Thomason – a fact that Debevc undoubtedly knows, given these parties' working relationship with him. Debevc would not incur greater costs because these entities are joined as defendants. To the contrary, if anything, obtaining party discovery versus third party discovery is generally less costly and less time-consuming. *See generally*, Fed. R. Civ. P. 26, 45. Furthermore, even if Debevc did incur additional costs, these parties' significant involvement in promoting and organizing the 90% Loan programs, as shown even by the few attached documents, outweighs any minor inconvenience Debevc might experience from their addition as defendants. Debevc fails to show that he will suffer prejudice if the United States amends its complaint.

Finally, Debevc argues that his prospects of settlement are diminished if the United States is allowed to add parties to the case. *See* Opp. at 2. He fails to explain the connection between the addition of these three parties and his settlement prospects. Moreover, he misrepresents the settlement positions that the United States has taken to date, and he also misrepresents the settlement proposals he has submitted to the United States for consideration. Specifically, Debevc's settlement proposals do not include language that would enjoin him from engaging in future conduct that interferes with enforcement of the Internal Revenue Code, even though he claims that he has not "engaged in any improper conduct since 2005." Opp. at 1. Again, his argument is without foundation and unrelated to the question of whether the United States should be granted leave to amend its complaint.

Debevc's baseless opposition has cost the United States and the Court resources and time. Debevc does not show that he will suffer any prejudice if the United States is permitted to amend its complaint. Moreover, as evidenced by the attached exhibits, Debevc misrepresents his knowledge of Optech, Hsin and Thomason and how he has worked with them to promote, organize and maintain the 90% Loan program. If anything, his blatant misrepresentation underscores the need to have these additional parties named as defendants in this suit.

- 4 -

**Conclusion**

The United States respectfully requests that the Court grant its motion for leave to amend its complaint.

Dated: April 9, 2008

                                                           Respectfully submitted,

                                                           JOSEPH P. RUSSONIELLO
                                                           United States Attorney

                                                           /s/ Allyson B. Baker
                                                           ALLYSON B. BAKER
                                                           FREDERICK N. NOYES
                                                           Tax Division
                                                           U.S. Department of Justice
                                                           Post Office Box 7238
                                                           Ben Franklin Station
                                                           Washington, D.C.  20044
                                                           Telephone: (202) 202-353-8031

**CERTIFICATE OF SERVICE**

I hereby certify that on April 9, 2008, I electronically filed the foregoing motion, memorandum in support of the foregoing motion, and notice of motion with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Farley J. Neuman (fneuman@jgn.com)
Tom Prountzos (tprountzos@jgn.com)
Jenkins Goodman Neuman & Hamilton LLP
417 Montgomery Street, 10th Floor
San Francisco, CA 94104
*Attorneys for Defendant, Robert Nagy*

David Bujannoff Porter , Jr. (porter@woodporter.com)
Wood & Porter
333 Sacramento Street
San Francisco, CA 94111
*Attorney for Scott Cathcart*

I further certify that on April 9, 2008, service of the foregoing was made upon the following by depositing a copy in the United States mail, postage prepaid:

Yuri Debevc (*pro se*)
1483 Burningtree Road
Charleston, SC 29412

    /s/ Allyson B. Baker
    ALLYSON B. BAKER