FARLEY J. NEUMAN, ESQUIRE - State Bar #100021
TOM PROUNTZOS, ESQUIRE – State Bar #209409
JENKINS GOODMAN NEUMAN & HAMILTON LLP
417 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 705-0400
Facsimile: (415) 705-0411

Attorneys for DEFENDANT ROBERT J. NAGY

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>CHARLES CARTCART, SCOTT CATHCART, YURIJ DEBEVC, a/k/a/ YURIJ DEBEVC, ROBERT NAGY, DERIVIUM CAPITAL, LLC, DERIVIUM CAPITAL (USA), INC., and VERIDIA SOLUTIONS, LLC,<br><br>　　　　　　　Defendants. | Case No. C 07 4762 PJH<br><br>**ANSWER OF ROBERT J. NAGY TO FIRST AMENDED COMPLAINT OF UNITED STATES OF AMERICA** |

Robert J. Nagy ("Nagy"), and for his Answer to the First Amended Complaint of the United States of America, states as to each numbered paragraph in the Complaint his responses identically numbered below, as follows:

///

-1-

## ADMISSIONS AND DENIALS

### Jurisdiction and Venue

1. Denies that this court has personal jurisdiction over answering defendant, but admits all other allegations of this paragraph.

2. Denies that a substantial part of any events or omissions giving rise to this claim occurred in this judicial district, denies that venue is proper for claims against answering defendant, and further denies that answering defendant had regular or systematic contacts with residents of this judicial district.

### Nature of the Action

3. Admits the nature of the action, but denies all other allegations of this paragraph.

4. For want of knowledge sufficient to form a belief as to the truth of the assertions in this paragraph, answering defendant denies the same.

5. Admits that the plaintiff brings this action to permanently enjoin defendants from the actions described in subparagraphs (a), (b) and (c), but denies that answering defendant engaged in any illegal or improper acts or omissions in connection therewith.

6. Denies.

### Defendants

7. For want of knowledge sufficient to form a belief as to the truth of the assertions in this paragraph, answering defendant denies the same.

8. Admits.

9. Admits.

10. Admits that Derivium Capital, LLC (Derivium) is a South Carolina limited liability company. Admits that formerly its principal place of business was Parkshore Centre, One Poston Road, Suite 125, Charleston, South Carolina, but denies for want of

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

knowledge, the current principal place of business. Denies for want of knowledge the current ownership of Derivium. Admits that Derivium has filed for bankruptcy protection in the United States Bankruptcy Court but does not know under which Chapter of the Bankruptcy Code. For want of knowledge sufficient to form a belief as to the truth of the remaining assertions in this paragraph, answering defendant denies the same.

11. For want of knowledge sufficient to know the current status of Derivium Capital (USA), Inc. answering defendant denies the same.

12. Admits that Veridia Solutions, LLC (Veridia) is a South Carolina limited liability company owned by Yuri Debevc, but denies for want of knowledge the remaining allegations of this paragraph.

13. For want of knowledge sufficient to form a belief as to the truth of the assertions in this paragraph, answering defendant denies the same.

14. For want of knowledge sufficient to form a belief as to the truth of the assertions in this paragraph, answering defendant denies the same.

15. For want of knowledge sufficient to form a belief as to the truth of the assertions in this paragraph, answering defendant denies the same.

## Defendants' Tax-Fraud Activities

16. Denies.

17. Denies.

18. Denies.

19. Denies.

20. Denies.

## Defendants' Tax-Fraud Activities - History

21. On information and belief, admits.

22. For want of information sufficient to form a belief as to the truth of the

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

allegations in paragraph 22, answering defendant denies the same.

23. On information and belief, answering defendant admits each of the allegations in this paragraph except the allegation regarding the date that FSC opened an office in San Francisco, which he denies for want of knowledge sufficient upon which to form a belief.

24. Admits.

25. On information and belief, admits.

26. Admits that Debevc became involved in managing Derivium, but denies for want of knowledge sufficient upon which to form a belief all other allegations in paragraph 26.

27. Admits.

28. Admits.

29. Admits that he is a Certified Public Accountant, but denies that he is a longtime associate of Charles Cathcart.

30. Admits that he is the sole owner of Meridian Services, Ltd., and further admits that he performed outside accounting services for Derivium and, admits that he has in the past represented both Derivium and its customers before the IRS and other administrative bodies.

31. Admits that he researched the tax laws and regulations pertaining to the 90% Stock Loan and provided advice to Derivium and its principals concerning the 90% Stock Loan, but denies all other allegations in paragraph 31.

32. Denies.

33. Admits.

34. Admits.

35. For want of knowledge sufficient to form a belief as to the truth of the assertions in this paragraph, answering defendant denies the same.

Jenkins Goodman Neuman & Hamilton LLP
417 Montgomery St.
10th Floor
San Francisco, CA 94104
(415) 705-0400

-4-

ANSWER OF ROBERT J. NAGY TO FIRST AMENDED COMPLAINT OF UNITED STATES OF AMERICA

36. For want of knowledge sufficient to form a belief as to the truth of the assertions in this paragraph, answering defendant denies the same.

37. Denies.

38. Denies that the 90% Stock Loan Program was a scheme, and further on information and belief denies that DDA was a company controlled in whole or in part by Charles Cathcart. For want of knowledge sufficient to form a belief as to the truth of the assertions regarding Hsin's affiliation with DDA, answering defendant denies the same.

39. Admits that in 1998, FSC and DDA entered into an Investment & Loan Agreement by which FSC and DDA agreed to market and execute the 90% Stock Loan arrangements in the United States, but denies for want of knowledge whether that agreement involved marketing and execution of the 90% Stock Loan arrangement in Canada.

40. Admits the allegations of paragraph 40, except, on information and belief, denies that Charles Cathcart caused the formation of Bancroft Ventures Ltd. (BVL)

41. Denies any tax-fraud scheme. For want of knowledge sufficient upon which to formulate a belief as to the truth of the remaining allegations contained in paragraph 41, answering defendant denies them.

42. Admits.

43. For want of knowledge sufficient upon which to formulate a belief as to the truth of the allegations contained in paragraph 43, answering defendant denies them.

44. For want of knowledge sufficient upon which to formulate a belief as to the truth of the allegations contained in paragraph 44, answering defendant denies them.

45. For want of knowledge sufficient upon which to formulate a belief as to the truth of the allegations contained in paragraph 45, answering defendant denies them.

46. For want of knowledge sufficient upon which to formulate a belief as to the

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

1  truth of the allegations contained in paragraph 46, answering defendant denies them.

2    47. For want of knowledge sufficient to form a belief as to the truth of the
assertions in this paragraph, answering defendant denies the same.

   48. For want of knowledge sufficient to form a belief as to the truth of the
assertions in this paragraph, answering defendant denies the same.

### Mechanics of the Fraudulent 90% Loan Scheme

49. Denies.

50. Denies.

51. Denies.

52. Denies.

53. Denies.

54. Denies.

55. Denies.

56. Admits the allegations contained in paragraph 56 subparagraphs (1) and that part of (3) relating to the repayment of principal before maturity was prohibited, but denies that part of subparagraph (3) which states that prepayment of interest was prohibited in earlier years. Answering defendant refers to the terms and conditions of the loan documents which speak for themselves, and denies all the remaining allegations of paragraph 56.

57. For want of knowledge sufficient to form a belief as to the truth of the assertions in this paragraph, answering defendant denies the same.

58. Denies.

59. Denies.

60. Admits.

61. Admits the allegations of paragraph 61 to the extent they allege that in order to

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-6-

ANSWER OF ROBERT J. NAGY TO FIRST AMENDED COMPLAINT OF
UNITED STATES OF AMERICA

pay off a loan, the customer must pay off the principal and accrued interest and the customer had a contractual right to receive back the same number of shares of stock or an amount equal to the face value of the FRN initially transferred to the lender; denies that the right to receive back the stock was hypothetical; denies that the rate of interest was above market. Answering defendant refers to the terms and conditions of the loan documents which speak for themselves and denies all remaining allegations of paragraph 61.

62. Admits the allegations in this paragraph, except defendant denies that the interest rates on the loans were "above market rate" and denies that the income tax to be paid was "necessarily high." Affirmatively, this defendant states that the interest rates varied and were sometimes below or equal to the market rate, and that the amount of income tax was determined by Internal Revenue Code for capital gains.

63. Admits.

64. Denies.

65. Denies.

66. Denies.

67. Answering defendant affirmatively states that none of the allegations in this paragraph have any application to him and consequently, he denies them.

68. Denies.

69. Admits as alleged in paragraph 69, that according to the loan documents, one option accorded to the 90% Stock Loan customer was to simply walk away from the transaction at the time of the maturity of the loan.

70. Denies for want of information and belief as to the truth of the allegation in paragraph 70.

71. Denies the allegations as pled and affirmatively states that no Forms 1099 were required in the situations described in this paragraph.

Jenkins Goodman Neuman & Hamilton LLP
417 Montgomery St.
10th Floor
San Francisco, CA 94104
(415) 705-0400

-7-

ANSWER OF ROBERT J. NAGY TO FIRST AMENDED COMPLAINT OF UNITED STATES OF AMERICA

72. Denies.

73. Denies that the transactions in the 90% Stock Loan Program were sales. Admits that defendant Derivium acquired sole possession and control of the borrower's securities and had the right to sell the securities as provided in the loan documents. Admits that Derivium's customers (borrowers) received 90% of the value of their securities and received the contractual right to reacquire the security with a greater value at maturity. Admits that the loan was a non-recourse loan which accorded the customer (borrower) the right to walk away from the transaction and not repay the loan if the security price declined below the loan pay-off amount or the customer (borrower) had insufficient funds to pay off the loan at maturity. Denies that this right was a purported right and denies that the loan was a purported loan. This defendant denies for want of knowledge sufficient to form a belief as to the truth of the speculative conclusions of the remaining allegations of paragraph 73, and refers to the terms and conditions of the loan documents which speak for themselves.

### 90% Loan Scheme – False Statements

74. Answering defendant, Robert J. Nagy, affirmatively states that none of the allegations in this paragraph have any application to him and consequently, he denies them in their entirety.

75. Answering defendant, Robert J. Nagy, affirmatively states that none of the allegations in this paragraph have any application to him and consequently, he denies them in their entirety, including subparts of this paragraph.

76. Answering defendant, Robert J. Nagy, affirmatively states that none of the allegations in this paragraph have any application to him and consequently, he denies them in their entirety, including subparts of this paragraph.

77. Answering defendant, Robert J. Nagy, affirmatively states that none of the

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-8-

ANSWER OF ROBERT J. NAGY TO FIRST AMENDED COMPLAINT OF
UNITED STATES OF AMERICA

allegations in this paragraph have any application to him and consequently, he denies them in their entirety, including subparts of this paragraph.

78. Answering defendant, Robert J. Nagy, affirmatively states that none of the allegations in this paragraph have any application to him and consequently, he denies them in their entirety, including subparts of this paragraph.

79. Answering defendant, Robert J. Nagy, affirmatively states that none of the allegations in this paragraph have any application to him and consequently, he denies them in their entirety, including subparts of this paragraph.

80. Answering defendant, Robert J. Nagy, affirmatively states that none of the allegations in this paragraph have any application to him and consequently, he denies them in their entirety.

### Harm to the Government

81. Denies.

82. Denies.

83. Denies that the 90% Loan transactions were fraudulent, and further, for want of knowledge sufficient upon which to form a belief as to the truth of the remaining allegations in this paragraph, they are denied.

84. For want of knowledge sufficient upon which to form a belief as to the truth of the allegations in this paragraph, they are denied.

85. For want of knowledge sufficient upon which to form a belief as to the truth of the allegations in this paragraph, they are denied.

86. For want of knowledge sufficient upon which to form a belief as to the truth of the allegations in this paragraph, they are denied.

### Count I: Injunction under IRC § 7408 for violations of §§ 6700 & 6701

87. Answering defendant incorporates his responses to each and every paragraph of

Jenkins Goodman Neuman & Hamilton LLP
417 Montgomery St.
10th Floor
San Francisco, CA 94104
(415) 705-0400

ANSWER OF ROBERT J. NAGY TO FIRST AMENDED COMPLAINT OF
UNITED STATES OF AMERICA

1  his Answer, both supra and infra, as if fully restated herein.

2  88. Answering defendant is not required to respond to the assertions of law
3  contained in this paragraph.

4  89. Answering defendant is not required to respond to the assertions of law
5  contained in this paragraph.

6  90. Answering defendant cannot respond to the unintelligible statement in
7  paragraph 90, and therefore, to the extent that the statements pertain to him, he denies the
8  same.

9  91. Denies.

10  92. Denies.

11  93. Answering defendant is not required to respond to the assertions of law
12  contained in this paragraph.

13  94. Answering defendant, Robert J. Nagy, affirmatively states that none of the
14  allegations in this paragraph have any application to him and consequently, he denies them
15  in their entirety.

16  95. Denies.

### Count II: Injunction under IRC § 7402

18  96. Answering defendant incorporates his responses to each and every paragraph of
19  his Answer, both supra and infra, as if fully restated herein.

20  97. Answering defendant is not required to respond to the assertions of law
21  contained in this paragraph.

22  98. Answering defendant, Robert J. Nagy, affirmatively states that none of the
23  allegations in the referenced paragraphs have any application to him and consequently, he
24  denies them in their entirety.

25  99. Answering defendant denies and irreparable harm to the United States, and

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-10-

ANSWER OF ROBERT J. NAGY TO FIRST AMENDED COMPLAINT OF
UNITED STATES OF AMERICA

affirmatively states that the government has an adequate remedy at law.

100. Answering defendant affirmatively states that the allegations in this paragraph have no application to him and consequently, he denies them in their entirety. Affirmatively, the plaintiff is not entitled to injunctive relief as to answering defendant.

101. Defendant denies each and every allegation in the plaintiff's complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

102. Plaintiff has failed to plead facts which state a claim against this answering defendant.

### SECOND AFFIRMATIVE DEFENSE
### (Waiver and Estoppel)

103. Plaintiff is estopped from asserting that the 90% Stock Loan Program was a tax fraud scheme by virtue of having conducted a comprehensive audit of Derivium, specifically aimed at the propriety of the program and the independence of the lender for the tax year 1998, and after reviewing Derivium's documents for 1998, 1999, 2000 and 2001, issued a NO CHANGE letter in 2003. The plaintiff has waived its right to contest the propriety of the 90% Stock Loan Program.

### THIRD AFFIRMATIVE DEFENSE
### (Failure to Join Indispensable Parties)

104. Plaintiff has failed to join the necessary indispensable parties as provided in FRCP, Rule 19, without which a fair and just adjudication is impossible.

### FOURTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

105. As an affirmative defense to the Complaint, Defendant alleges that the claims asserted in the Complaint are barred by applicable statutes of limitation.

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

### FIFTH AFFIRMATIVE DEFENSE
### (Doctrine of Laches)

106. As an affirmative defense to the Complaint, Defendant alleges that the claims asserted in the Complaint are barred by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE
### (Res Judicata and Collateral Estoppel)

107. As an affirmative defense to the Complaint, Defendant alleges that the claims asserted in the Complaint are barred by the doctrines of *res judicata* and collateral estoppel.

DATED: May 5, 2008

JENKINS GOODMAN NEUMAN
& HAMILTON LLP

By: _____
FARLEY J. NEUMAN
TOM PROUNTZOS
Attorneys for DEFENDANT ROBERT J. NAGY

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400