1  FARLEY J. NEUMAN, ESQUIRE - State Bar #100021
   TOM PROUNTZOS, ESQUIRE - State Bar #209409
2  JENKINS GOODMAN NEUMAN & HAMILTON LLP
   417 Montgomery Street, 10th Floor
3  San Francisco, California 94104
   Telephone: (415) 705-0400
4  Facsimile: (415) 705-0411

5  Attorneys for ROBERT J. NAGY

6

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

11

12 UNITED STATES OF AMERICA,          Case No. C-07-4762-PJH

13                    Plaintiff,      **DECLARATION OF FARLEY J.
                                      NEUMAN AUTHENTICATING
14 vs.                                EXHIBITS TO DEFENDANT ROBERT
                                      NAGY'S MOTION TO SEVER CLAIMS
15 CHARLES CATHCART, et al.,          AND TRANSFER VENUE**

16                    Defendants.     Date:    June 25, 2008
17                                    Time:    9:00 A.M.
                                      Dept.:   Room 3, 17th Floor
18
                                      Trial Date: March 23, 2009
19

20     I, FARLEY J. NEUMAN, am an attorney duly licensed in the courts of the State of

21 California and am a Partner at Jenkins Goodman Neuman & Hamilton LLP, attorneys of

22 record for Defendant ROBERT J. NAGY.

23     1.     Attached hereto as Exhibit A is a true and correct copy of the Declaration of

24 Robert J. Nagy.

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

25

26

-1-

2.    Attached hereto as Exhibit B is a true and correct copy of the Initial Disclosure of Defendant Robert J. Nagy Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

3.    Attached hereto as Exhibit C is a true and correct copy of The United States's Initial Disclosures.

4.    Attached hereto as Exhibit D is a true and correct copy of the District Court – Caseload Profiles for the Northern District of California and the District of South Carolina.

DATED:  May 2, 2008                    JENKINS GOODMAN NEUMAN
                                       & HAMILTON LLP


                                       By: _____
                                           FARLEY J. NEUMAN
                                           Attorneys for ROBERT J. NAGY

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-2-

DELCARATION OF FARLEY J. NEUMAN AUTHENTICATING EXHIBITS TO DEFENDANT
ROBERT NAGY'S MOTION TO SEVER AND TRANSFER VENUE

# EXHIBIT "A"

1  FARLEY J. NEUMAN, ESQUIRE - State Bar #100021
   TOM PROUNTZOS, ESQUIRE - State Bar #209409
2  JENKINS GOODMAN NEUMAN & HAMILTON LLP
   417 Montgomery Street, 10th Floor
3  San Francisco, California 94104
   Telephone: (415) 705-0400
4  Facsimile: (415) 705-0411

5  Attorneys for ROBERT J. NAGY

6

7

8                    UNITED STATES DISTRICT COURT
                    NOTHERN DISTRICT OF CALIFORNIA
9                      SAN FRANCISCO DIVISION

10

11 UNITED STATES OF AMERICA,          Case No. C-07-4762-PJH

12                        Plaintiff,   **DECLARATION OF ROBERT J. NAGY
                                       IN SUPPORT OF MOTION TO SEVER
13 vs.                                 ALL CLAIMS AND TRANSFER
                                       VENUE PURSUANT TO 28 U.S.C.
14 CHARLES CHATHCART, SCOTT            1404(a)**
   CATHCART, YURIJ DEBEVC, a/k/a
15 YURI DEBEVC, ROBERT NAGY,          Date:  June 25, 2008
   DERIVIUM CAPITAL, LLC,             Time: 9:00 a.m.
16 DERIVIUM CAPITAL (USA), INC.,      Dept.: Room 3, 17th Floor
   AND VERIDIA SOLUTIONS, LLC,
17                                     Trial Date: March 23, 2009
                         Defendants.
18

19     I, Robert J. Nagy, under 28 U.S.C. § 1746, declare as follows:

20     1.     I am a named defendant in the above-captioned lawsuit pending in the

21 United States District Court for the Northern District of California.

22     2.     This Declaration is submitted in conjunction with a Motion to Sever All

23 Claims and Transfer Venue Pursuant to 28 U.S.C. 1404(a), which seeks to transfer all

24 claims against me in the present suit from the United States District Court for the Northern

25 District of California to the United States District Court for the District of South Carolina.

26

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

- 1 -

3.      I currently reside in Charleston County, South Carolina.  I am a licensed certified public account in the State of South Carolina and maintain an accounting practice located at 180 East Bay Street, Suite 201, Charleston, South Carolina.  I was licensed in 1977, and have been a practicing accountant in South Carolina from 1974 to the present.

4.      The current action for injunction against me by the United States is based in part on alleged violations of Section 6700 of the Internal Revenue Code[1] ("Section 6700").  This action was commenced on September 17, 2007.

5.      After the IRS initiated this injunction action and after I answered the Complaint, the IRS then assessed me on December 27 and 28, 2007 with approximately $8.2 million in penalties under Section 6700 for the 1997 to the 2005 tax years.  A notice of federal tax lien was also filed against me based on these Section 6700 penalties.  A true and correct copy of the notice of assessments and notice of federal tax lien is attached as Exhibit 1.

6.      Within 30 days of being given notice of the assessments, and pursuant to section 6703(c) of the Internal Revenue Code, I timely filed claims for refund with the IRS on January 23, 2008 requesting that the IRS abate the $8.2 million in Section 6700 penalties for the 1997 to the 2005 tax years.  The basis for my claims for refund is that I did not violate Section 6700.

7.      If the claims for refund are allowed, the Section 6700 penalties will be abated, and I will not be liable to the IRS.  If the claims for refund are denied, I will promptly file refund litigation against the United States in the United States District Court for South Carolina under section 6703(c)(2) of the Internal Revenue Code and section 7422 of the Internal Revenue Code.  Alternatively, if the IRS does not act on my claims for refund within six months of the date I filed them, I will also file refund litigation against the United States in the United States District Court for South Carolina pursuant to section

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

----------------------------------------

[1] Title 26 of the United States Code.

- 2 -

DECLARATION OF ROBERT J. NAGY IN SUPPORT OF MOTION TO TRANSFER VENUE

1  6703(c)(2) of the Internal Revenue Code ("South Carolina Refund Litigation").

2      8.    I have retained Lindsey W. Cooper, Jr., an attorney in South Carolina, to

3  represent me with respect to the Section 6700 penalties and to file the South Carolina

4  Refund Litigation if my claims for refund are denied.  It is my understanding that the

5  issues in the South Carolina Refund Litigation would be the same as those in the present

6  injunction action, as the activity or activities in which the IRS alleges I engaged are the

7  basis for both the injunction action and the penalty assessments.  Nonetheless, because the

8  United States has pursued the injunction action in California, I am now compelled to deal

9  with these issues in two separate states, with two separate attorneys, resulting in

10  considerable additional time and expense.

11      9.    I am informed and believe that if I pursue the South Carolina Refund

12  Litigation, I will be entitled to a trial by jury under the Seventh Amendment to the

13  Constitution.  I intend to avail myself of this right to a jury trial.

14      10.    I am also informed and believe that such refund litigation will involve a

15  determination of whether I violated Section 6700 of the Internal Revenue Code, which is

16  also an issue in the present injunction action.

17      11.    I am further informed and believe that if the issue of whether I violated

18  Section 6700 is adjudicated in the present injunction action first, that I will be precluded or

19  estopped or otherwise prevented from litigating this issue in the refund action.

20      12.    I am further informed and believe that I have no right to a jury trial in the

21  present action for injunction.

22      13.    I am further informed and believe that if the issue of whether I violated

23  Section 6700 is adjudicated in the present injunction action and I am estopped from

24  litigating it in the South Carolina Refund Litigation, that I will be denied my right to a jury

25  trial with regard to that issue in violation of the Constitution.

26      14.    Based on this potential deprivation of my constitutional right to a jury trial, I

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

- 3 -

DECLARATION OF ROBERT J. NAGY IN SUPPORT OF MOTION TO TRANSFER VENUE

1  intend to file a motion to stay the present injunction action immediately after I file the

2  South Carolina Refund Litigation.

3       15.    I am informed and believe that this Court will be bound to grant a motion to

4  stay the proceedings pursuant to the precedent of *United States v. Nordbrock* (1991 9th

5  Cir.) 941 F.2d 947.

6       16.    I have taken steps to try to expedite the apparent inevitable need to file the

7  South Carolina Refund Litigation, including requesting that the IRS deny my refund

8  claims immediately so that I may immediately file a refund action.  I have also sent a

9  waiver of notice of disallowance to the IRS so my claims for refund could immediately be

10 denied.  A copy of the Waiver of Statutory Notification of Claim Disallowance and cover

11 letter are attached as Exhibit 2.  Mr. Cooper has also attempted to prompt the IRS to act.

12 None of our efforts, however, have resulted in action on my refund claims.  I have been

13 informed by Mr. Cooper that he was told by Marie Allen, a Revenue Agent with the IRS,

14 that the IRS would not act on my refund claim "for a long time".

15      17.    I have never been a member, manager or had any direct or indirect

16 ownership in Derivium Capital, LLC ("Derivium").  I have never been an employee of

17 Derivium.

18      18.    Derivium was a client of my accounting firm for which I prepared tax returns

19 and provided tax advice regarding the 90% loan transactions.  The advice I provide

20 concerning the 90% loan transactions was to my client Derivium.

21      19.    In providing advice to Derivium, I mainly communicated with Charles

22 Cathcart who was a manager of Derivium and lived in Charleston, South Carolina.  The

23 individuals with whom I communicated at Derivium were located in South Carolina as

24 Derivium is a South Carolina limited liability company.

25      20.    Derivium's ongoing bankruptcy proceeding is in South Carolina, and its

26 corporate documents are in the possession of the trustee in Charleston, South Carolina.

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

DECLARATION OF ROBERT J. NAGY IN SUPPORT OF MOTION TO TRANSFER VENUE

21.    I traveled to California one time in my capacity as Derivium's outside accountant or tax advisor.  I never met or communicated with any Derivium borrowers while in California.  I can only recall traveling to California two other times over the course of my life prior to the filing of this lawsuit.  One trip was for business wholly unrelated to Derivium, and one trip was entirely personal.

22.    In my answer to the United States' complaint, I denied that venue was appropriate in California for the reasons stated above.  (Nagy Answer ¶¶1-2.)

23.    The IRS assessed the Section 6700 penalties against me after filing the present injunction action, and I will be required to file my refund claim in South Carolina to dispute the assessments.  It is a substantial burden and hardship to me to have to litigate the same Section 6700 issue in two separate proceedings and in two separate jurisdictions on opposite coasts.  The IRS unilaterally caused this burden and procedural issue by waiting to assess the Section 6700 penalties until after it initiated the filing of the present lawsuit and by refusing to expeditiously act on my claims for refund.

24.    By refusing to act quickly on my claim for refund, the IRS is causing me unnecessary time and expense, as well as interfering with the judicial economy of the Court's time.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 24 , 2008.

_____
Robert J. Nagy
180 East Bay Street, Suite 201
Charleston, SC 29401

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

- 5 -

DECLARATION OF ROBERT J. NAGY IN SUPPORT OF MOTION TO TRANSFER VENUE



DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
WASHINGTON, DC  20224

SMALL BUSINESS / SELF-EMPLOYED DIVISION

Date: January 8, 2008

Robert Nagy
PO Box 22765
Charleston, SC 29413

---

Dear Mr. Nagy:



EXHIBIT

1

We have made assessments against you for the following:



| TAX / TAX PERIOD | ASSESSED AMOUNT | ACCRUALS | TOTAL DUE |
|---|---|---|---|
| IRC 6700 12/31/1997 | 16,000.00 | | 16,000.00 |
| IRC 6700 12/31/1998 | 119,000.00 | | 119,000.00 |
| IRC 6700 12/31/1999 | 388,000.00 | | 388,000.00 |
| IRC 6700 12/31/2000 | 749,000.00 | | 749,000.00 |
| IRC 6700 12/31/2001 | 519,000.00 | | 519,000.00 |
| IRC 6700 12/31/2002 | 370,000.00 | | 270,000.00 |
| IRC 6700 12/31/2003 | 231,000.00 | | 231,000.00 |
| IRC 6700 12/31/2004 | 2,929,620.00 | | 2,929,620.00 |
| IRC 6700 12/31/2005 | 2,873,188.00 | | 2,873,188.00 |
| TOTAL DUE | | | $8,094,808.00 |

See the enclosed notices for each period. Please send your payment for the above amount to the address shown below. If payment is not received within ten days from the date of this letter a Notice of Federal Tax Lien will be filed.

Generally, our practice is to deal directly with a taxpayer or a taxpayer's duly authorized representative. However, we sometimes talk with other persons, for example when we need information that the taxpayer has been unable to provide, or to verify information we have received.

We are writing to tell you that we may contact other persons. If we do contact other persons we will generally need to tell them limited information, such as your name. The law prohibits us from disclosing any more information than is necessary to obtain or verify the information we are seeking. Our need to contact other persons may continue as long as there is activity on this matter.

If you have any questions or need more information, please contact me at the address or telephone number listed below:

> Internal Revenue Service
> 450 Golden Gate Avenue, 6th Floor
> San Francisco, CA 94102
>
> Phone#: 415-522-4194
> Fax#: 415-522-4156

Sincerely,

Gregory W. Gillen
Revenue Officer
Employee ID#: 68-11596

Enclosure: Form 3552
            Publication 1
            Publication 594

Form **668(Y)**
(Rev. 10-1999)

Department of the Treasury - Internal Revenue Service

## Notice of Federal Tax Lien

| Small Business/Self Employed Area: 7 | Serial Number | For Optional Use by Recording Office |
|---|---|---|
| | 416679308 | |

As provided by sections 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

**Name of Taxpayer**
Robert J Nagy

**Residence**
PO BOX 22765
Charleston, SC  29412

IMPORTANT RELEASE INFORMATION: For each assessment listed below, unless notice of lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ended (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 6700 | 12/31/1997 | XXX-XX-3584 | 12/27/2007 | 01/27/2018 | $16,000.00 |
| 6700 | 12/31/1998 | XXX-XX-3584 | 12/28/2007 | 01/27/2018 | $119,000.00 |
| 6700 | 12/31/1999 | XXX-XX-3584 | 12/28/2007 | 01/27/2018 | $388,000.00 |
| 6700 | 12/31/2000 | XXX-XX-3584 | 12/28/2007 | 01/27/2018 | $749,000.00 |
| 6700 | 12/31/2001 | XXX-XX-3584 | 12/28/2007 | 01/27/2018 | $519,000.00 |
| 6700 | 12/31/2002 | XXX-XX-3584 | 12/28/2007 | 01/27/2018 | $370,000.00 |
| 6700 | 12/31/2003 | XXX-XX-3584 | 12/28/2007 | 01/27/2018 | $231,000.00 |
| 6700 | 12/31/2004 | XXX-XX-3584 | 12/28/2007 | 01/27/2018 | $2,929,620.00 |
| 6700 | 12/31/2005 | XXX-XX-3584 | 12/28/2007 | 01/27/2018 | $2,873,188.00 |

| Place of Filing | | | |
|---|---|---|---|
| REGISTER OF DEEDS<br>2 COURTHOUSE SQUARE<br>CHARLESTON, SC 29402 | | Total | $8,194,808.00 |

This notice was prepared and signed at LOS ANGELES, CA, on this, the 22nd day of January , 2008 .

| Signature | Title |
|---|---|
| Greg Gillen by Pamela Snow | Revenue Officer, 27-06-1312 |

(NOTE: Certificate of officer authorized by law to take acknowledgements is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971-2 C.B. 409)

Part 2 - Taxpayer Copy

Form **668(Y)** (Rev. 10-1999)



## COOPER

LINDSEY W. COOPER JR.                                    LWC@LWCOOPER.COM

February 12, 2008

### VIA FIRST-CLASS MAIL

Marie Allen
Internal Revenue Service
4330 Watt Avenue
Sacramento, CA 95821-5302

Re:    Claims for Refund for Robert Nagy, SSN 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

Dear Ms. Allen:

Please find enclosed two original copies of a Form 2297, Waiver of
Statutory Notification of Claim Disallowance. I left a message for Robert
Gee yesterday to schedule a conference so we can discuss Mr. Nagy's
assessments and claims for refund. I would appreciate your assistance in
setting up this conference.

Many thanks.

Sincerely yours,

Lindsey W. Cooper Jr.

Enclosures: Forms 2297.

**EXHIBIT**
2

- 1 -

Form **2297**
(Rev. March 1982)

Department of the Treasury-Internal Revenue Service

# Waiver of Statutory Notification of Claim Disallowance

I, Robert J Nagy _____ 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 _____ of PO Box 22765, Charleston, SC 29413

     *(Name, SSN or EIN)*                                    *(Number, Street, City or Town, State, ZIP Code)*

waive the requirement under Internal Revenue Code section 6532(a)(1) that a notice of claim disallowance be sent to me by certified or registered mail for the claims for credit or refund shown in column (d), below.
I understand that the filing of this waiver is irrevocable and it will begin the 2-year period for filing suit for refund of the claims disallowed as if the notice of disallowance had been sent by certified or registered mail.

### Claims

| (a) Taxable Period Ended | (b) Kind of Tax | (c) Amount of Claim | (d) Amount of Claim Disallowed |
|---|---|---|---|
| 12/31/1997 | 6700 | 150 | 150 |
| 12/31/1998 | 6700 | 150 | 150 |
| 12/31/1999 | 6700 | 150 | 150 |
| 12/31/2000 | 6700 | 150 | 150 |
| 12/31/2001 | 6700 | 150 | 150 |
| 12/31/2002 | 6700 | 150 | 150 |
| 12/31/2003 | 6700 | 150 | 150 |
| 12/31/2004 | 6700 | 150 | 150 |
| 12/31/2005 | 6700 | 747 | 747 |

If you file this waiver for a joint return, both you and your spouse must sign the original and duplicate of this form. Sign your name exactly as it appears on the return. If you are acting under power of attorney for your spouse, you may sign as agent for him or her.

For an agent or attorney acting under a power of attorney, a power of attorney must be sent with this form if not previously filed.

For a partnership with excise or employment tax liability, all partners must sign. However, one partner may sign with appropriate evidence of authorization to act for the partnership.

For a person acting in a fiduciary capacity (executor, administrator, trustee), file Form 56, Notice Concerning Fiduciary Relationship, with this form if not previously filed.

For a corporation, enter the name of the corporation followed by the signature and title of the officer(s) authorized to sign.

Your Signature ▶ _[signature]_     2/11/2008
                                                         *(Date signed)*

Spouse's Signature
If A Joint Return
Was Filed ▶                                              *(Date signed)*

Taxpayer's
Representative
Sign Here ▶ _[signature]_     02.12.2008
                                                         *(Date signed)*

Partnership/
Corporate
Name:

Partners/
Corporate
Officers
Sign Here ▶                       *(Title)*                            *(Date signed)*

▶                       *(Title)*                            *(Date signed)*

NOTE - Filing this waiver within 6 months from the date the claim was filed will not permit filing a suit for refund before the 6-month period has elapsed unless a decision is made by the Service within that time disallowing the claims.

(HTA)                                     www.irs.ustreas.gov                                 Form **2297** (Rev. 3-1982)

# EXHIBIT "B"

1 FARLEY J. NEUMAN, ESQUIRE - State Bar #100021
TOM PROUNTZOS, ESQUIRE – State Bar #209409
2 JENKINS GOODMAN NEUMAN & HAMILTON LLP
417 Montgomery Street, 10th Floor
3 San Francisco, California 94104
Telephone: (415) 705-0400
4 Facsimile: (415) 705-0411

5 Attorneys for DEFENDANT ROBERT J. NAGY

6

7

8                  IN THE UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11

12 UNITED STATES OF AMERICA,
                                          Case No. C 07 4762 PJH
13                        Plaintiff,

14 vs.                                    **INITIAL DISCLOSURE OF**
                                          **DEFENDANT ROBERT J. NAGY**
15 CHARLES CATHCART, SCOTT                **PURSUANT TO RULE 26(a)(1) OF THE**
   CATHCART, YURIJ DEBEVC, a/k/a/         **FEDERAL RULES OF CIVIL**
16 YURIJ DEBEVC, ROBERT NAGY,            **PROCEDURE**
   DERIVIUM CAPITAL, LLC,
17 DERIVIUM CAPITAL (USA), INC.,
   and VERIDIA SOLUTIONS, LLC,
18
                          Defendants.
19

20        Defendant ROBERT J. NAGY makes this disclosure pursuant to Rule 26(a)(1) of

21 the Federal Rules of Civil Procedure.  Defendant's investigation continues, and he

22 anticipates that new facts, documents and relevant information may be discovered.

23 Defendant will comply with his duty to supplement this disclosure as required by Rule 26.

24        A. The name and, if known, the address and telephone number of each individual
             likely to have discoverable information that the disclosing party may use to support
25           its claims or defenses, unless solely for impeachment, identifying the subjects of the
             information.

26                                              -1-

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

| Name, Address & Tel. No. (if known) | Subject of Information |
|---|---|
| **Robert J. Nagy** <br> (This witness should be contacted through his counsel only.) | All issues raised in the complaint and answer thereto, including but not limited to whether Mr. Nagy organized, sold, or participated in the organization or sale of, an entity, plan or arrangement; whether Mr. Nagy made or caused to be made false or fraudulent statements concerning tax benefits; and whether Mr. Nagy knew or had reason to know any alleged statements were false or fraudulent. |
| **Neva Gadsden** <br> 1 Poston Road, Suite 200 <br> Charleston, SC 29407 <br> (843) 566-0209 | All issues raised in the complaint and answer thereto, including but not limited to the 1998 IRS audit of Derivium Capital. |
| **Mary S. Socks** <br> Internal Revenue Service <br> 11166 Main Street, Suite 500 <br> Fairfax, VA 22030 | All issues raised in the complaint and answer thereto, including but not limited to the 1998 IRS audit of Derivium Capital. |
| **Frank Guida** <br> Internal Revenue Service <br> 440 Roper Mt. Road, Suite E <br> Greenville, SC 29615 | All issues raised in the complaint and answer thereto, including but not limited to the 1998 IRS audit of Derivium Capital. |
| **Marie Allen** <br> 4330 Watt Avenue <br> Sacramento, CA 95821 <br> (916) 974-5302 | All issues raised in the complaint and answer thereto, including but not limited to IRS examination of Mr. Nagy with respect to IRC section 6700. |
| **Lori Dixon** <br> Internal Revenue Service <br> Hutchinson Metro Center <br> 1200 Waters Place, Suite 108 <br> Bronx, NY 10461 <br> (718) 536-3683 | All issues raised in the complaint and answer thereto, including but not limited to IRS examination of Mr. Nagy with respect to IRC section 6700. |
| **Robert Gee** <br> 450 Golden Gate Ave., Stop 6107 | All issues raised in the complaint and answer thereto, including but not limited to IRS examination of Mr. Nagy with respect to |

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10ᵗʰ Floor
San Francisco, CA
94104
(415) 705-0400

-2-

INITIAL DISCLOSURE OF DEFENDANT ROBERT J. NAGY PURSUANT TO RULE 26(a)(1) OF THE

FEDERAL RULES OF CIVIL PROCEDURE

| San Francisco, CA 94102<br>(415) 522-6119 | IRC section 6700. |
|---|---|
| **Robert J. Brandenburg**<br>109 President Circle<br>Summerville, SC 29483 | All issues raised in the complaint and answer thereto, including but not limited to the extent of Mr. Nagy's alleged participation in transactions of Derivium Capital. |
| **Timothy D. Scrantom**<br>89 Wildrose Lane<br>Bozeman, MT 59715 | All issues raised in the complaint and answer thereto, including but not limited to the extent of Mr. Nagy's alleged participation in transactions of Derivium Capital. |
| **Yurij Debevc**<br>1483 Burning Tree Road<br>Charleston, SC 29412 | All issues raised in the complaint and answer thereto, including but not limited to the extent of Mr. Nagy's alleged participation in transactions of Derivium Capital. |
| **Charles D. Cathcart**<br>P.O. Box 754<br>Tuxedo Park, NY 10987 | All issues raised in the complaint and answer thereto, including but not limited to the extent of Mr. Nagy's alleged participation in transactions of Derivium Capital. |
| **Scott Cathcart**<br>32 Fern Hill Avenue<br>Ross, CA 94957 | All issues raised in the complaint and answer thereto, including but not limited to the extent of Mr. Nagy's alleged participation in transactions of Derivium Capital. |

A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

| Category | Location |
|---|---|
| Memoranda prepared by Mr. Nagy concerning tax implications of the stock loans. | Charleston, South Carolina, in the possession, custody, or control of Mr. Nagy (who should be contacted through his counsel only). |
| Documents regarding payment to Mr. Nagy from Co-Defendant(s). | Same as above. |
| Documents regarding the IRS audit of Derivium, including "No Change" letter. | Same as above. |
| Examination change reports for tax payers participating in stock loans, showing no penalties ultimately assessed. | Same as above. |
| Stock loan documents. | Same as above. |

Jenkins Goodman Neuman & Hamilton LLP<br>417 Montgomery St.<br>10th Floor<br>San Francisco, CA 94104<br>(415) 705-0400

-3-

INITIAL DISCLOSURE OF DEFENDANT ROBERT J. NAGY PURSUANT TO RULE 26(a)(1) OF THE
FEDERAL RULES OF CIVIL PROCEDURE

B. A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

Not applicable as Mr. Nagy has claimed no damages in this action.

C. For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Not applicable as the United States has not sought judgment for any monetary sums in this action.

DATED: February 22, 2008

JENKINS GOODMAN NEUMAN
& HAMILTON LLP

By: _____
FARLEY J. NEUMAN
TOM PROUNTZOS
Attorneys for DEFENDANT ROBERT J.
NAGY

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-4-

INITIAL DISCLOSURE OF DEFENDANT ROBERT J. NAGY PURSUANT TO RULE 26(a)(1) OF THE
FEDERAL RULES OF CIVIL PROCEDURE

# PROOF OF SERVICE

**CASE NAME:** *United States of America v. Charles Cathcart, et al.,*
**CASE NUMBER:** C 07 4762 PJH
**DATE OF SERVICE:** February 22, 2008
**DESCRIPTION OF DOCUMENTS SERVED:**

**INITIAL DISCLOSURE OF DEFENDANT ROBERT J. NAGY PURSUANT TO RULE 26(a)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**SERVED ON THE FOLLOWING:**

| *Attorneys for United States* | *Attorney for Yurij Debevc* |
|---|---|
| SCOTT N. SCHOOLS<br>United States Attorney<br>THOMAS MOORE, Assistant United States Attorney<br>Chief, Tax Division<br>9th Floor Federal Building<br>450 Golden Gate Avenue, Box 36055<br>San Francisco, CA 94102<br>Tel. 415.436.6935<br><br>HUONG T. BAILIE, Special Trial Attorney<br>160 Spear Street, 9th Floor<br>San Francisco, CA 94105<br>Tel. 415.227.5123<br><br>ALLYSON B. BAKER<br>Trial Attorney<br>Tax Division<br>U.S. Department of Justice<br>P.O. Box 7238<br>Washington, D.C. 20044<br>Tel. 202.353.8031 | Yurij Debevc<br>1483 Burningtree Road<br>Charleston, SC 29414<br>Tele: [834] 762-6116 |
| *Attorney For Defendant Scott Cathcart* | *Attorney for Defendant Charles Cathcart* |
| David B. Porter<br>WOOD & PORTER, P.C.<br>333 Sacramento Street<br>San Francisco, CA 94111<br>Tele: [415] 834-0117<br>Fax: [415] 834-1888 | Eric L. Webb<br>BARTSCH & WEBB<br>317 Rosecrans Avenue<br>Manhattan Beach, CA 90266<br>Tele: [310] 546-4004<br>Fax: [310] 546-4033 |

I am over the age of 18 years and not a party to or interested in the above-named case. I am an employee of Jenkins Goodman Neuman & Hamilton LLP, and my business address is 417 Montgomery Street, 10th Floor, San Francisco, CA 94104. On the date stated above, I served a true copy of the document(s) described above, by mail, by placing said document(s) in an envelope, addressed as shown above for collection and mailing on the date shown above following the ordinary business practices of Jenkins Goodman Neuman & Hamilton LLP. I am readily familiar with my firm's practice for collection and

Jenkins Goodman<br>Neuman & Hamilton<br>LLP<br>417 Montgomery St.<br>10th Floor<br>San Francisco, CA<br>94104<br>(415) 705-0400

-1-

PROOF OF SERVICE

1   processing of correspondence for mailing with the United States Postal Service.  Under
    that practice, said document(s) would be deposited with the United States Postal Service at
2   a post box in San Francisco, California on the same day (at approximately 5:00 P.M.) with
    postage thereon fully prepaid for first class mail.
3

        I declare under penalty of perjury under the laws of the State of California that the
4   foregoing is true and correct and that this declaration was executed on the date stated
    above.
5

6                                         _N. Sands_____

7                                         Nikki Sands

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-2-

# EXHIBIT "C"

JOSEPH P. RUSSONIELLO
United States Attorney
THOMAS MOORE (ASBN 4305-O78T
Assistant United States Attorney
Chief, Tax Division
9th Floor Federal Building
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-6935
HUONG T. BAILIE (NYBN 4035739)
Special Trial Attorney
160 Spear Street, 9th Floor
San Francisco, California 94105
Telephone: (415) 227-5123
ALLYSON B. BAKER (DCBN 478073)
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 202-353-8031
Facsimile: (202) 514-6770
Email: allyson.b.baker@usdoj.gov

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil No. 07-4762-PJH |
| | ) | |
| CHARLES CATHCART *et al.* | ) | THE UNITED STATES'S INITIAL DISCLOSURES |
| Defendants. | ) | |

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, defendant, the United States of America makes the following initial disclosures:

**I. Individuals**

The following individuals may have discoverable information that the United States may use to support its claims or defenses in this case:

A.  The following individuals may have information relating to (I) the promotion, execution, mechanics, history, scope, and extent of any tax-fraud scheme promoted and/or organized by the defendants, including the 90% Loan programs, as those programs are described in the complaint and/or (ii) the role of any entity by or related to any defendant, including Derivium Capital, LLC, Derivium (USA), Inc., Veridia Solutions, BVL, Optech Limited, Whitco, in promoting and/or organizing any aspect of any tax-fraud scheme, including the 90% Loan programs, as those programs are described in the complaint:

1.    Charles Cathcart
      c/o Eric Webb
      Bartsch & Webb
      317 Rosecrans Avenue
      Manhattan Beach, California 90266

2.    Scott Cathcart
      c/o David Bujannoff Porter , Jr.
      Wood & Porter
      333 Sacramento Street
      San Francisco, CA 94111

3.    Yuri Debevc
      1483 Burningtree Road
      Charleston, SC 29412

4.    Robert Nagy
      c/o Farley J. Neuman
      Tom Prountzos
      Jenkins Goodman Neuman & Hamilton LLP
      417 Montgomery Street, 10th Floor
      San Francisco, CA 94104

5.    Randolph Anderson
      Charleston, South Carolina

6.    Robert Brandenburg
      Charleston, South Carolina

7.    Mark Broadwater
      Charleston, South Carolina

8.    Jack Flader
      157 Hong Lok East
      Hong Lok Hong Kok Yuen Po Nt.
      Hong Kong

9.    Chi-Hsu Hsin
      321 Courthouse Road

- 2 -

Franklin Square, New York 11010-3936

10.    Bryan Jeeves
       Jeeves Group of Companies
       Bahnhofstrasse 7
       Schaan
       Lichtenstein

11.    Ron Jenkins
       Charleston, South Carolina

12.    Patrick Kelley
       Charleston, South Carolina

13.    David Lancaster
       California

14.    Clifford Lloyd
       142 James St. S.
       Hamilton, Ontario, L8P 3A2

15.    Jerry Pryor
       Charleston, South Carolina

16.    Catherine Sandifer
       London, England

17.    Jonathan Sandifer
       London, England

18.    Timothy Scrantom
       Montana

19.    Allison Skinner
       Charleston, South Carolina

20.    Franklin Thomason
       11469 West Camdon Drive
       Casa Grade, Arizona 85222

21.  To the extent not mentioned above, current or former employees of the following

companies with information relating to that company's involvement with the promotion,

organization, and/or execution of the 90% Loan programs, as those programs are described in the

complaint:

a.    Scienda LLC
      Charleston, South Carolina

- 3 -

b.      Shenandoah Holdings, LLC (Nevada)

c.      Diversified Design Associates, Ltd. (South Carolina)

d.      Bancroft Ventures Limited
Douglas, Isle of Man, British Isles

e.      Optech Limited
590 Madison Avenue, 31st Floor
New York, New York 10022

f.      Spencer Partners

g.      WITCO
London, England

h.      Veristeel
Nevada


B.  The following individuals may have information relating to the role of any banks, investment banks, broker-dealers and/or other financial institutions in the promotion, execution, and/or organization of any tax-fraud scheme promoted or organized by defendants, including the 90% Loan programs, as those programs are described in the complaint:

1.      Robert Gooch
Morgan Keegan and Company, Inc.
Memphis, Tennessee

2.      George Gordon
Wachovia Corporation
Richmond, Virginia

3.      Kevin Haase
Janney Montgomery Scott, LLC
Philadelphia, Pennsylvania

4.      David Johansen
Napa Valley, California

5. One or more individuals employed currently or previously by Wachovia Corporation with information relating to that company's involvement with the promotion, organization and/or execution of the 90% Loan programs, as those programs are described in the complaint.

6. One or more individuals employed currently or previously by Morgan Keegan and Company, Inc. with information relating to that company's involvement with the promotion,

- 4 -

1  organization and/or execution of the 90% Loan programs, as those programs are described in the

2  complaint.

3         7.  One or more individuals employed currently or previously by Janney Montgomery

4  Scott, LLC with information relating to that company's involvement with the promotion,

5  organization, and/or execution of the 90% Loan programs, as those programs are described in the

6  complaint.

7

8         C.  The following individuals may have information relating to the false and/or fraudulent

9  statements made by defendants, and/or any entities owned, operated, or affiliated with defendants

10  in connection with their promotion, execution, and/or organization of the 90% Loan programs:

11         1.     Arline Baker
              Pennsylvania

12
        2.     Chris Benigno
13             Texas

14         3.     Ted Bush
              California

15
        4.     Ellen Carrie
16             Texas

17         5.     Robert G. Fisher
              Texas

18
        6.     Donald Hancock
19             Fair Oaks, California

20         7.     Hammond
              Texas

21
        8.     Douglas Hartman
22             California

23         9.     Members of the Newton Family
              Wyoming

24
        10.    Daryl Paules
25             Pennsylvania

26         11.    Richard Potempa
              Colorado

27

28                              - 5 -

12.   Robert Sablehaus
      Baltimore, Maryland

13.   Jing Li Sun
      California

14.   Jiong Sun
      California

15.   David Welch
      Menlo Park, California

## II. Documents

The United States has the following categories of documents within its possession, custody or control that it may use to support its claims or defenses in this case:

A.   Defendants' promotional materials relating to the 90% Loan programs.

B.   Master Loan Agreements executed by defendants and/or related entities in connection with the 90% Loan programs.

C.   Investment and Loan Agreements executed by defendants in connection with the 90% Loan programs.

D.   Stock Loan Administration Agreements executed by defendants in connection with the 90% Loan programs.

E.   Incorporation documents for companies operated by and/or affiliated with defendants in connection with their promotion, execution and organization of the 90% Loan programs.

F.   Incorporation documents for companies founded by Charles Cathcart and/or other defendants with the proceeds they received from the 90% Loan programs.

G.   Defendants' individual and corporate tax returns.

H.   Lists of customers who participated in the 90% Loan programs.

I.   Documents reflecting defendants' customers' 90% Loan program transactions.

J.   Lists of qualified advisors for Derivium Capital, LLC and its related entities.

K.   The following publicly available documents:

- 6 -

1          1. Court filings in the related cases referenced in Part No. 9 of the Parties' Joint

2    Case Management Statement, filed December 28, 2007, Dkt. # 22.

3          2. Court documents from People of the State of California v. Derivium Capital,

4    LLC, et al., Case No. 02AS05849.

5          3. News articles discussing Charles Cathcart, Derivium Capital, LLC, and/or the

6    90% Loan programs, as they are described in the complaint.

7    **III.  Damages**

8          The United States is not seeking damages in this cases.

9    **IV.  Insurance Agreements**

10          Insurance agreements are not applicable to this case.

11

12   February 25, 2008

13                                              Respectfully submitted,

14                                              JOSEPH P. RUSSONIELLO
                                                United States Attorney

15

16
                                                /s/ Allyson B. Baker
17                                              ALLYSON B. BAKER
                                                Trial Attorney, Tax Division
18                                              U.S. Department of Justice
                                                Post Office Box 7238
19                                              Ben Franklin Station
                                                Washington, D.C.  20044
20                                              Telephone: (202) 353-8031

21

22

23

24

25

26

27

28                                              - 7 -

1
2

## CERTIFICATE OF SERVICE

3      IT IS HEREBY CERTIFIED that service of the foregoing has been made upon the
following by depositing a copy in the United States mail, postage prepaid, and through e-mail,
this 11th day of February, 2008.

4

5   Farley J. Neuman (fneuman@jgn.com)
Tom Prountzos (tprountzos@jgn.com)
6   Jenkins Goodman Neuman & Hamilton LLP
417 Montgomery Street, 10th Floor
7   San Francisco, CA 94104
*Attorneys for Defendant, Robert Nagy*

8

9   David Bujannoff Porter , Jr. (porter@woodporter.com)
Wood & Porter
333 Sacramento Street
10   San Francisco, CA 94111
*Attorney for Scott Cathcart*

11

12   Yuri Debevc (*pro se*)
1483 Burningtree Road
13   Charleston, SC 29412
ydebevc@attglobal.net

14

Eric Webb
15   Bartsch & Webb
317 Rosecrans Avenue
16   Manhattan Beach, California 90266
ewebb@elwlaw.com
17   *Attorney for Charles Cathcart*

18

19
                                    /s/ Allyson B. Baker
20                                   ALLYSON B. BAKER

21

22

23

24

25

26

27

28                              - 8 -

# EXHIBIT "D"

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| | | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **CALIFORNIA NORTHERN** | | | 2007 | 2006 | 2005 | 2004 | 2003 | 2002 | Numerical Standing | | |
| | | | | | | | | | U.S. | Circuit | |
| OVERALL CASELOAD STATISTICS | | Filings* | 7,970 | 8,683 | 6,362 | 6,727 | 6,919 | 7,887 | U.S. | Circuit |
| | | Terminations | 6,777 | 6,983 | 6,966 | 6,471 | 7,094 | 6,675 | | |
| | | Pending | 9,005 | 8,157 | 6,557 | 7,267 | 7,567 | 7,958 | | |
| | % Change in Total Filings | Over Last Year | | -8.2 | | | | | 79 | 15 |
| | | Over Earlier Years | | | 25.3 | 18.5 | 15.2 | 1.1 | 35 | 5 |
| | Number of Judgeships | | 14 | 14 | 14 | 14 | 14 | 14 | | |
| | Vacant Judgeship Months** | | .0 | .0 | .0 | .0 | 3.1 | 12.0 | | |
| ACTIONS PER JUDGESHIP | FILINGS | Total | 569 | 620 | 455 | 480 | 494 | 563 | 15 | 4 |
| | | Civil | 505 | 558 | 390 | 413 | 424 | 510 | 8 | 2 |
| | | Criminal Felony | 33 | 37 | 39 | 44 | 47 | 42 | 86 | 14 |
| | | Supervised Release Hearings** | 31 | 25 | 26 | 23 | 23 | 11 | 28 | 10 |
| | Pending Cases | | 643 | 583 | 468 | 519 | 541 | 568 | 12 | 2 |
| | Weighted Filings** | | 624 | 621 | 543 | 581 | 631 | 598 | 8 | 2 |
| | Terminations | | 484 | 499 | 498 | 462 | 507 | 477 | 30 | 7 |
| | Trials Completed | | 8 | 8 | 10 | 10 | 11 | 11 | 92 | 14 |
| MEDIAN TIMES (months) | From Filing to Disposition | Criminal Felony | 12.4 | 11.2 | 12.6 | 11.1 | 11.7 | 11.8 | 82 | 14 |
| | | Civil** | 6.7 | 7.4 | 9.8 | 8.2 | 10.6 | 9.5 | 11 | 2 |
| | From Filing to Trial** (Civil Only) | | 24.9 | 25.0 | 28.0 | 22.5 | 30.3 | 23.5 | 46 | 7 |
| OTHER | Civil Cases Over 3 Years Old** | Number | 393 | 528 | 530 | 430 | 377 | 475 | | |
| | | Percentage | 4.7 | 7.3 | 9.5 | 6.9 | 5.7 | 6.7 | 51 | 5 |
| | Average Number of Felony Defendants Filed Per Case | | 1.2 | 1.5 | 1.5 | 1.4 | 1.5 | 1.4 | | |
| | Jurors | Avg. Present for Jury Selection | 53.81 | 59.09 | 55.21 | 61.19 | 65.00 | 66.42 | | |
| | | Percent Not Selected or Challenged | 41.9 | 43.2 | 31.0 | 48.9 | 40.9 | 47.2 | | |

| 2007 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 7074 | 122 | 975 | 1610 | 94 | 44 | 534 | 527 | 243 | 533 | 732 | 422 | 1238 |
| Criminal* | 455 | 6 | 72 | 162 | 40 | 64 | 11 | 38 | 5 | 6 | 16 | 15 | 20 |

\* Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.
\*\* See "Explanation of Selected Terms."

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| | | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **SOUTH CAROLINA** | | | 2007 | 2006 | 2005 | 2004 | 2003 | 2002 | Numerical Standing |
| | | | | | | | | | U.S. | Circuit |
| OVERALL CASELOAD STATISTICS | Filings* | | 5,508 | 4,670 | 4,875 | 24,510 | 5,210 | 5,211 | U.S. | Circuit |
| | Terminations | | 5,370 | 4,984 | 25,042 | 5,377 | 4,981 | 4,685 | | |
| | Pending | | 3,877 | 3,705 | 3,964 | 24,228 | 5,167 | 4,988 | | |
| | % Change in Total Filings | Over Last Year | | 17.9 | | | | | 7 | 1 |
| | | Over Earlier Years | | | 13.0 | -77.5 | 5.7 | 5.7 | 23 | 3 |
| | Number of Judgeships | | 10 | 10 | 10 | 10 | 10 | 10 | | |
| | Vacant Judgeship Months** | | .0 | .0 | .0 | 8.8 | 9.4 | 2.1 | | |
| ACTIONS PER JUDGESHIP | FILINGS | Total | 551 | 468 | 488 | 2,452 | 521 | 522 | 17 | 1 |
| | | Civil | 440 | 363 | 397 | 2,360 | 428 | 433 | 11 | 1 |
| | | Criminal Felony | 86 | 80 | 76 | 78 | 83 | 84 | 33 | 5 |
| | | Supervised Release Hearings** | 25 | 25 | 15 | 14 | 10 | 5 | 41 | 6 |
| | Pending Cases | | 388 | 371 | 396 | 2,423 | 517 | 499 | 40 | 2 |
| | Weighted Filings** | | 519 | 462 | 514 | 2,454 | 505 | 521 | 24 | 2 |
| | Terminations | | 537 | 498 | 2,504 | 538 | 498 | 469 | 18 | 1 |
| | Trials Completed | | 39 | 39 | 22 | 20 | 20 | 20 | 7 | 2 |
| MEDIAN TIMES (months) | From Filing to Disposition | Criminal Felony | 8.5 | 8.9 | 8.6 | 8.7 | 8.5 | 8.6 | 43 | 5 |
| | | Civil** | 8.0 | 9.5 | 9.0 | 9.4 | 8.2 | 7.5 | 28 | 4 |
| | From Filing to Trial** (Civil Only) | | 18.5 | 21.8 | 21.0 | 20.0 | 22.5 | 16.5 | 17 | 4 |
| OTHER | Civil Cases Over 3 Years Old** | Number | 35 | 91 | 74 | 918 | 68 | 45 | | |
| | | Percentage | 1.2 | 3.1 | 2.3 | 3.9 | 1.6 | 1.1 | 6 | 2 |
| | Average Number of Felony Defendants Filed Per Case | | 1.7 | 1.7 | 1.8 | 1.6 | 1.7 | 1.8 | | |
| | Jurors | Avg. Present for Jury Selection | 47.08 | 39.24 | 47.92 | 30.59 | 37.98 | 31.15 | | |
| | | Percent Not Selected or Challenged | 20.3 | 17.0 | 13.4 | 13.2 | 25.7 | 17.4 | | |

| 2007 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 4403 | 175 | 423 | 1839 | 24 | 193 | 308 | 425 | 398 | 98 | 401 | 13 | 106 |
| Criminal* | 849 | 8 | 169 | 77 | 279 | 156 | 27 | 24 | 39 | 38 | 5 | 5 | 22 |

\*   Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.
\*\* See "Explanation of Selected Terms."