1  ERIC L. WEBB (State Bar No. 192532)
   BARTSCH & WEBB
2  317 Rosecrans Avenue
   Manhattan Beach, California 90266
3  Telephone: (310) 546-4004
   Facsimile: (310) 546-4033
4  Email: ewebb@elwlaw.com

5  Attorney for CHARLES CATHCART

6

7

8              **IN THE UNITED STATES DISTRICT COURT**

9                **NORTHERN DISTRICT OF CALIFORNIA**

10                  **SAN FRANCISCO DIVISION**

11  _____ )   Case No. C 07 4762 PJH
                                        )
12  UNITED STATES OF AMERICA,           )
                                        )
13              Plaintiff,              )   **ANSWER OF CHARLES CATHCART TO**
                                        )   **FIRST AMENDED COMPLAINT OF THE**
14  vs.                                 )   **UNITED STATES OF AMERICA**
                                        )
15                                      )
    CHARLES CATHCART, SCOTT             )
16  CATHCART, YURIJ DEBEVC, a/k/a YURIJ )
    DEBEVC, ROBERT NAGY, DERIVIUM       )
17  CAPITAL, LLC, DERIVIUM CAPITAL      )
    (USA), INC., and VERIDIA SOLUTIONS, )
18  LLC,                                )
                                        )
19              Defendants.             )
                                        )
20                                      )
                                        )
21                                      )
                                        )
22  _____ )

23

24

25          Charles Cathcart ("Cathcart" or "Defendant"), and for his Answer to the First Amended

26  Complaint of United States of America, states as to each numbered paragraph in the Complaint his

27  responses identically numbered below, as follows:

28

## ADMISSIONS AND DENIALS

### Jurisdiction and Venue

1.    Deny that this court has personal jurisdiction over Defendant.  Deny that Defendant has violated or interfered with the administration of any internal revenue laws.

2.    Deny that a substantial part of any events or omissions giving rise to this claim occurred in this judicial district, denies that venue is proper for claims against Defendant, and further denies that Defendant had regular or systematic contacts with residents of this judicial district.  Deny that Defendant promoted any "schemes" described in the Complaint, and further deny that Defendant had "regular and systematic contact with residents of this judicial district who participated in the scheme."

### Nature of the Action

3.    Admit the nature of the action, but deny all other allegations of this paragraph.

4.    For want of knowledge sufficient to form a belief as to the truth of the assertions in this paragraph, Defendant denies the same.

5.    Admit that the plaintiff brings this action to permanently enjoin defendants from the actions described in subparagraphs (a), (b) and (c), but denies that Defendant engaged in any illegal or improper acts or omissions in connection therewith.

6.    Deny that Defendant has violated or is continuing to violate any Internal Revenue laws, and deny that Defendant is continuing to engage in any conduct subject to penalty under Internal Revenue laws.  Deny that an injunction is warranted as to Defendant.

### Defendant

7.    Deny that Defendant is a permanent resident of California.

8.    Admit.

9.    Admit.

10.    Admit that Derivium Capital, LLC ("Derivium") is or was a South Carolina limited liability company.  Admit that formerly Derivium's principal place of business was Parkshore Centre, One Poston Road, Suite 125, Charleston, South Carolina, but Defendant denies for want of knowledge, the current principal place of business.  Denies for want of knowledge the current

ownership of Derivium.  Admits that Derivium has filed for bankruptcy protection in the United

States Bankruptcy Court.  Deny the remaining allegations of this paragraph.

11.    Defendant lacks information sufficient to form a belief as to the allegations of

paragraph 11, and the same are therefore denied.

12.    Admits that Veridia Solutions, LLC ("Veridia") is a South Carolina limited liability,

but denies for want of knowledge the remaining allegations of this paragraph.

13.    For want of knowledge sufficient to form a belief as to the truth of the assertions in

this paragraph, answering defendant denies the same.

14.    For want of knowledge sufficient to form a belief as to the truth of the assertions in

this paragraph, answering defendant denies the same.

15.    Defendant lacks information sufficient to form a belief as to the allegations of

paragraph 15, and the same are therefore denied.

**Defendants' Tax-Fraud Activities Answering Defendant denies he has engaged in any tax-fraud activities.**

16.    Deny.

17.    Deny.

18.    Deny.

19.    Deny.

20.    Deny.

**Defendants' Tax-Fraud Activities – History Answering Defendant denies he has been engaged in any tax fraud.**

21.    Admit.

22.    Deny.

23.    Deny that  First Security Capital ("FSC") was migrated from Texas to South

Carolina.  On information and belief, answering Defendant admits that FSC continued to be

involved with the 90% Stock Loans through 2000.  Defendant lacks information sufficient to form

a belief as to the remaining allegations of paragraph 28, and the same are therefore denied.

24.    Admit.

- 3 -

25.     Admit.

26.     Admit that Debevc became involved in managing Derivium's operations office in Charleston, but denies Debevc's activities included marketing.

27.     Admit.

28.     Admit that Scott Cathcart opened a marketing office for FSC in San Francisco. Deny that he executed transactions.  Defendant lacks information sufficient to form a belief as to the remaining allegations of paragraph 28, and the same are therefore denied.

29.     On information and belief, admit that Robert Nagy ("Nagy") is a Certified Public Accountant, but deny that he is a longtime Associate of Cathcart.

30.     For want of current knowledge, denies that Nagy is the sole owner of Meridian Services, Ltd.  Admit that he performed outside accounting services for Derivium and, admit that he has in the past represented both Derivium and its customers before the IRS and other administrative bodies.  Defendant lacks information sufficient to form a belief as to the remaining allegations of paragraph 30, and the same are therefore denied.

31.     Admit that Nagy researched the tax laws and regulations pertaining to the 90% Stock Loan and provided advice to Derivium and its principals concerning the 90% Stock Loan. Defendant lacks information sufficient to form a belief as to the remaining allegations of paragraph 31, and the same are therefore denied.

32.     Defendant lacks information sufficient to form a belief as to the allegations of paragraph 32, and the same are therefore denied.

33.     Admit.

34.     Admit that Derivium ceased doing 90% Stock Loan business in 2002.  On information and belief, admit that Derivium USA began marketing the 90% Stock Loan, a service previously performed by Derivium.  Defendant lacks information sufficient to form a belief as to the remaining allegations of paragraph 34, and the same are therefore denied.

35.     Deny that Charles Hsin is a long-time business associate of Charles Cathcart. Defendant lacks information sufficient to form a belief as to the remaining allegations of paragraph 35, and the same are therefore denied.

- 4 -

36.     For want of knowledge sufficient to form a belief as to the truth of the assertions in this paragraph, answering defendant denies the same.

37.     Deny that the 90% Stock Loan program was a scheme. The remaining allegations of paragraph 38 are denied.

38.     Deny that the 90% Stock Loan program was a scheme.  Deny the remaining allegations of paragraph 39.  For want of knowledge sufficient to form a belief as to the truth of the assertions regarding Hsin's affiliation with DDA, answering defendant denies the same.

39.     Admits that in 1998, FSC and DDA entered into an Investment & Loan Agreement, which speaks for itself.

40.     Admit that Derivium and Bancroft Ventures Ltd. ("BVL") entered into contractual agreements.  On information and belief, the remaining allegations of paragraph 41 are denied.

41.     Denies any tax fraud scheme.  Defendant lacks information sufficient to form a belief as to the remaining allegations of paragraph 41, and the same are therefore denied.

42.     Defendant lacks information sufficient to form a belief as to the allegations of paragraph 42, and the same are therefore denied.

43.     Defendant lacks information sufficient to form a belief as to the allegations of paragraph 43, and the same are therefore denied.

44.     Deny that Defendant caused the formation of WITCO Services (UK) Limited or Windward Isles Trust Company ("WITCO") in England.  For want of knowledge sufficient upon which to formulate a belief as to the truth of the remaining allegations contained in paragraph 44, Defendant denies them.

45.     For want of knowledge sufficient upon which to formulate a belief as to the truth of the allegations contained in paragraph 45, Defendant denies them.

46.     For want of knowledge sufficient upon which to formulate a belief as to the truth of the Allegations contained in paragraph 46, Defendant denies them.

47.     For want of knowledge sufficient upon which to form a belief as to the truth of the assertions in this paragraph, answering defendant denies the same.

48.     For want of knowledge sufficient upon which to form a belief as to the truth of the

assertions in this paragraph, answering defendant denies the same.

**Mechanics of the Fraudulent 90% Loan Scheme Answering Defendant denies the 90% Stock Loan program was fraudulent or a scheme.**

49.    Deny.

50.    Deny.

51.    Deny.

52.    Deny.

53.    Deny.

54.    Deny.

55.    Deny.

56.    Defendant refers to the terms and conditions of the loan documents, which, being documents in writing, speak for themselves.  All remaining allegations of paragraph 56 are denied.

57.    Defendant refers to the terms and conditions of the loan documents, which, being documents in writing, speak for themselves.  All remaining allegations of paragraph 57 are denied.

58.    Defendant refers to the terms and conditions of the loan documents, which, being documents in writing, speak for themselves.  All remaining allegations of paragraph 58 are denied..

59.    Defendant refers to the terms and conditions of the loan documents, which being documents in writing, speak for themselves.  All remaining allegations of paragraph 59 are denied.

60.    Defendant refers to the terms and conditions of the loan documents, which being documents in writing, speak for themselves.  All remaining allegations of paragraph 60 are denied.

61.    Defendant refers to the terms and conditions of the loan documents, which being documents in writing, speak for themselves.  All remaining allegations of paragraph 61 are denied.

62.    Deny.

63.    Defendant refers to the terms and conditions of the loan documents, which being documents in writing, speak for themselves.  All remaining allegations of paragraph 63 are denied.

64.    Deny.

65.    Deny.

66.    Deny.

67.    Defendant refers to the terms and conditions of the loan documents, which being documents in writing, speak for themselves.  All remaining allegations of paragraph 67 are denied.

68.    Deny.

69.    Defendant refers to the terms and conditions of the loan documents, which being documents in writing, speak for themselves.  All remaining allegations of paragraph 69 are denied.

70.    Deny for want of information and belief as to the truth of the allegation in paragraph 70.

71.    Deny the allegations as pled and affirmatively states that no Forms 1099 were required in the situations described in this paragraph.

72.    Deny.

73.    Defendant refers to the terms and conditions of the loan documents, which being documents in writing, speak for themselves. All remaining allegations of paragraph 73 are denied.

74.    Deny.

75.    Deny.

76.    Deny.

77.    Deny.

78.    Deny.

79.    Deny.

80.    Deny.

81.    Deny.

82.    Deny.

83.    Deny that the 90% Loan transactions were fraudulent, and further, for want of knowledge sufficient upon which to form a belief as to the truth of the remaining allegations in this paragraph, they are denied.

84.    For want of knowledge sufficient upon which to form a belief as to the truth of the allegations in this paragraph, they are denied.

85.    Deny.

86.    For want of knowledge sufficient upon which to form a belief as to the truth of the allegations in this paragraph, they are denied.

**Count I: Injunction under IRC § 7408 for violations of § § 6700 & 6701**

87.    Defendant incorporates his responses to each and every paragraph of his Answer, both supra and infra, as if fully restated herein.

88.    Defendant is not required to respond to the assertions of law contained in this paragraph, and therefore denies them.

89.    Defendant is not required to respond to the assertion of law contained in this paragraph, and therefore denies them.

90.    Defendant cannot respond to the unintelligible statement in paragraph 90, and therefore, to the extent that the statements pertain to him, he denies the same.

91.    Deny.

92.    Deny.

93.    Defendant is not required to respond to the assertions of law contained in this paragraph, and therefore denies them.

94.    Deny.

95.    Deny.

**Count II: Injunction under IRC § 7402**

96.    Defendant incorporates his responses to each and every paragraph of his Answer, both supra and infra, as if fully restated herein.

97.    Defendant is not required to respond to the assertions of law contained in this paragraph.

98.    Deny.

99.    Defendant denies any irreparable harm to the United States, and affirmatively states that the government has an adequate remedy at law.

100.    Deny.

101.    Defendant denies each and every allegation in the Plaintiff's complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

102.    Plaintiff has failed to plead facts which state a claim against this answering defendant.

### SECOND AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

103.    Plaintiff is estopped from asserting that the 90% Stock Loan Program was a tax fraud scheme by virtue of having conducted a comprehensive audit of Derivium, specifically aimed at the propriety of the program and the independence of the lender for the tax year 1998, and after reviewing Derivium's documents for 1998, 1999, 2000 and 2001, issued a NO CHANGE letter in 2003. The plaintiff has waived its right to contest the propriety of the 90% Stock Loan Program.

### THIRD AFFIRMATIVE DEFENSE

### (Failure to Join Indispensable Parties)

104.    Plaintiff has failed to join the necessary indispensable parties as provided in FRCP, Rule 19, without which a fair and just adjudication is impossible.

### FOURTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

105.    As an affirmative defense to the Complaint, Defendant alleges that the claims asserted in the Complaint are barred by the applicable statutes of limitation.

### FIFTH AFFIRMATIVE DEFENSE

### (Doctrine of Laches)

106.    As and affirmative defense to the Complaint, Defendant alleges that the claims asserted in the Complaint are barred by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

### (*Res Judicata* and Collateral Estoppel)

107.    As an affirmative defense to the Complaint, Defendant alleges that the claims

asserted in the Complaint are barred by the doctrines of *res judicata* and collateral estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Lack of Good Faith)**

108.    Defendant is informed, believes, and thereon alleges that Plaintiff, the United States of America, has not acted in good faith in its dealings with Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

109.    As an affirmative defense to the Complaint, Defendant alleges that any acts alleged in the Complaint were conducted in good faith, which is a defense to the penalties asserted in the Complaint.

**NINTH AFFIRMATIVE DEFENSE**

**(Ratification)**

110.    Defendant alleges that through its conduct and the persons acting on its behalf, Plaintiff, the United States of America, approved, authorized, consented to and/or ratified Defendant's conduct alleged in the Complaint.

**TENTH AFFIRMATIVE DEFENSE**

**(Business Judgment Rule)**

111.    Plaintiff's claims are barred as to defendant based on the application of the business judgment rule.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Reliance on Others)**

112.    As an affirmative defense to the Complaint, Defendants alleges that any acts in the Complaint were conducted in reliance on the advice of professionals, including accountants, and/or others.

**TWELTH AFFIRMATIVE DEFENSE**

**(Business Judgment Rule)**

113.    Plaintiff's claims are barred as to defendant based on the application of the business judgment rule.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Reservation of Right to Amend)**

114.    Defendant reserves the right to amend this Answer, including the right to assert additional affirmative defenses, as the facts are ascertained and this matter proceeds.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays that:

A.    The Complaint be dismissed with prejudice;

B.    The Court find that the Defendant has not engaged in conduct which is the subject of the Complaint;

C.    The Court deny the Plaintiff's requests set forth in its prayer;

D.    Plaintiff take nothing by the Complaint; and

E.    To the extent permitted by law, Defendant be awarded:  (a) reasonable attorneys' fees, (b) costs of suit incurred herein, and (c) such other relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

To the extent permitted by law, Defendant hereby demands a trial by jury.

Dated:  May 12, 2008

BARTSCH & WEBB

By:  /s/ Eric L. Webb
Eric L. Webb
Attorneys for DEFENDANT
CHARLES CATHCART

ANSWER OF CHARLES CATHCART TO FIRST AMENDED COMPLAINT OF UNITED STATES OF AMERICA
Case No. C 07 4762 PJH

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Joseph P. Russoniello
United States Attorney
Thomas Moore
Assistant United States Attorney
Chief, Tax Division
9th Floor Federal Building
450 Golden Gate Avenue, Box 36055
San Francisco, California  94102
*Attorney for Plaintiff*

HUONG T. BAILIE
Special Trial Attorney
160 Spear Street, 9th Floor
San Francisco, California  94105
*Attorney for Plaintiff*

Allyson B. Baker
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
Ben Franklin Station
Washington, D.C. 20044
(allyson.b.baker@usdoj.gov)
*Attorney for Plaintiff*

Farley J. Neuman (fneuman@jgn.com)
Tom Prountzos (tprountzos@jgn.com)
Jenkins Goodma Neuman & Hamilton LLP
417 Montgomery Street, 10th Floor
San Francisco, California  94104
*Attorneys for Defendant , Robert Nagy*

David Bujannoff Porter, Jr.
(porter@woodporter.com)
Wood & Porter
333 Sacramento Street
San Francisco, California  94111
*Attorney for Scott Cathcart*

I further certify that on May 12, 2008, service of the foregoing was made upon the following by depositing a copy in the Unites States mail, postage prepaid:

Yuri Debevc (*pre se*)
1483 Burningtree Road
Charleston, SC  29412

/s/ Eric L. Webb
ERIC L. WEBB