1  Yurij Debevc, Defendant pro se
   1483 Burning Tree Road
2  Tel. 843-762-6116
   Charleston, South Carolina 29412
3  ( no dedicated facsimile number)
   E: ydebevc@attglobal.net
4

5           UNITED STATES DISTRICT COURT   E-filing
            NORTHERN DISTRICT OF CALIFORNIA
            SAN FRANCISCO DIVISION
6
   Unites States of America,            )     Case No. C 07 4762 PJH
7                                        )
                        Plaintiff,       )     YURIJ DEBEVC RESPONSES
8  Vs.                                   )     TO FIRST AMENDED COMPLAINT
                                         )     UNITED STATES OF AMERICA
                                         )
   Charles Cathcart, et al.              )
9                                        )

10     Yurij Debevc ("Debevc") of ("Defendant"), and for his Answer to the First Amended

11 Complaint of United States of America, states as to each numbered paragraph in the Complaint

12 his responses identically numbered below, as follows:

13

14                                    **ANSWERS**

15                              **Jurisdiction and Venue**

16     1.  Deny that this court has jurisdiction over the action for the reasons stated herein.

17 Deny that Defendant has violated or interfered with the administration of any internal revenue

18 laws.

19     2.  Deny that a substantial part of any events or omissions giving rise to this claim

20 occurred in this judicial district, denies that venue is proper for claims against Defendant, and

21 deny that Defendant promoted any "schemes" described in the Complaint, and further deny that

22 Defendant had "regular and systematic contacts with residents of this judicial district who

23 participated in the scheme."

24

**Nature of the Action**

3. Deny all allegations of this paragraph.

4. For want of knowledge sufficient to form a belief as to the truth of the assertions in this paragraph, Defendant denies the same.

5. Admit that the plaintiff brings this action to permanently enjoin defendants from the actions described in subparagraphs (a), (b) and (c), but denies that Defendant engaged in any illegal or improper acts or omissions in connection therewith.

6. Deny that Defendant has violated or is continuing to violate any Internal Revenue laws, and deny that Defendant is continuing to engage in any conduct subject to penalty under Internal Revenue laws. Deny that an injunction is warranted as to Defendant.

**Defendant**

7. Defendant admits that Charles Cathcart resides in Tuxedo Park, New York, but the defendant lacks information sufficient to form a belief as to the rest of allegations of paragraph 7, and the same are therefore denied.

8. Admit.

9. Admit.

10. Admit that Derivium Capital, LLC (Derivium) is or was a South Carolina limited liability company. Admit that formerly Derivium's principal place of business was Parkshore Centre, One Poston Road, Suite 125, Charleston, South Carolina, but Defendant denies for want of knowledge, the current principal place of business. Derivium has not engaged in business since the end of 2002 or early 2003. Admits that Derivium has filed for bankruptcy protection in the United States Bankruptcy Court, denies for want of knowledge the current ownership of Derivium.

11. Defendant lacks information sufficient to form a belief as to the allegations of paragraph 11, and the same are therefore denied.

12. Defendant admits that in 2002 he founded and managed a single member limited liability company South Carolina company, Veridia Solutions, LLC ("Veridia"), but denies the

1  alleged address for the business and denies that Veridia has filed for bankruptcy.

2  13.   Defendant Debevc does not have sufficient knowledge to form a belief as to the truth of all of the assertions in this paragraph, answering defendant denies the same.

4  14.   For want of knowledge sufficient to form a belief as to the truth of the assertions in this paragraph, answering defendant denies the same.

6  15.   Defendant Debevc admits that Franklin Thomason was at one time director of Optech, but defendant lacks information sufficient to form a belief as to the remaining allegations of paragraph 15, and the same are therefore denied.

**Defendants' Tax-Fraud Activities Answering Defendant denies he has engaged in any tax-fraud activities.**

16.   Deny.
17.   Deny.
18.   Deny.
19.   Deny.
20.   Deny.

**Defendants' Tax-Fraud Activities – History Answering Defendant denies he has been engaged in any tax fraud.**

21.   Admit.

22.   Defendant lacks information sufficient to form a belief as to the allegations of paragraph 22, and the same are therefore denied.

23.   Defendant lacks information sufficient to form a belief as to the allegations of paragraph 23, as all of alleged events took place prior to the time the Defendant joined Derivium Capital, LLC a.k.a. First Security Capital, LLC and the same are therefore denied.

24.   Deny.

25.   Defendant Debevc admits to having worked in commodities futures markets arena for more than twenty years, and that at one time was employed by CitiBank and that his

1  supervisor was Charles Cathcart, the defendant lacks information sufficient to form a belief as
2  to the rest of allegations of paragraph 25, and the same are therefore denied.

3      26. Defendant admits that he became involved in managing Derivium's operations office
4  in Charleston, but denies Defendants activities included marketing and lacks information as to
5  the term "executed" and therefore denies the rest of the allegations in paragraph 26.

6      27.    Admit.

7      28.    Defendant Debevc believes that Scott Cathcart opened a marketing office for
8  Derivium Capital, LLC in San Francisco and admits that Scott Cathcart was the Marketing
9  Director for Derivium Capital LLC. Defendant Debevc lacks information as to the term
10 "executed" and does not have sufficient knowledge to form a belief that Scott Cathcart executed
11 90% Stock Loans therefore denies that Scott Cathcart executed transactions.

12     29.    On information and belief, admit that Robert Nagy ("Nagy") is a Certified Public
13 Accountant, defendant Debevc does not have sufficient knowledge to form a belief that he is a
14 longtime Associate of Cathcart, therefore denied.

15     30.    For want of current knowledge, denies that Nagy is the sole owner of Meridian
16 Services, Ltd. Admit that he performed outside accounting services for Derivium. Defendant
17 lacks information sufficient to form a belief as to the remaining allegations of paragraph 30, and
18 the same are therefore denied.

19     31.    Defendant lacks information sufficient to form a belief as to the allegations of
20 paragraph 31, and the same are therefore denied.

21     32.    Defendant lacks information sufficient to form a belief as to the allegations of
22 paragraph 32, and the same are therefore denied.

23     33.    Admit.

24     34.    Admit that Derivium ceased doing 90% Stock Loan business in 2002.  On
25 information and belief, admit that Derivium USA began marketing the 90% Stock Loan, in 2003.
26 Defendant lacks information sufficient to form a belief as to the remaining allegations of
27 paragraph 34, and the same are therefore denied.

1     35.    Deny that Charles Hsin is a long-time business associate of Yurij Debevc.
2 Defendant lacks information sufficient to form a belief as to the remaining allegations of
3 paragraph 35, and the same are therefore denied.

4     36.    Admits that Franklin Thomason was a Director of Optech, for want of knowledge
5 sufficient to form a belief as to the remaining allegations of paragraph 36, and the same are
6 therefore denied.

7     37.    Defendant lacks information sufficient to form a belief as to the allegations in
8 paragraph 37, and the same are therefore denied.

9     38.    Deny that the 90% Stock Loan program was a scheme. Defendant lacks
10 information sufficient to form a belief as to the remaining allegations of paragraph 38, and the
11 same are therefore denied.

12     39.    Defendant lacks information sufficient to form a belief as to the allegations of
13 paragraph 38, and the same are therefore denied.

14     40.    Admit that Derivium and Bancroft Ventures Ltd. ("BVL") entered into
15 contractual agreements. On information and belief, the remaining allegations of paragraph 41
16 are denied.

17     41.    Denies any tax fraud scheme. Defendant lacks information sufficient to form a
18 belief as to the remaining allegations of paragraph 41, and the same are therefore denied.

19     42.    Admits to the formation of Veridia Solutions, LLC in late 2002 which then
20 entered into contractual service agreement with BVL in 2003 to provide administrative and
21 service functions to BVL.

22     43.    Denies that Veridia marketed any 90% Loans. Defendant lacks information
23 sufficient to form a belief as to the remaining allegations of paragraph 43, and the same are
24 therefore denied.

25     44.    Defendant lacks information sufficient to form a belief as to the allegations of
26 paragraph 44, and the same are therefore denied.

27     45.    Denies that Veridia marketed any 90% Loans. Defendant lacks information

1 sufficient to form a belief as to the remaining allegations of paragraph 45, and the same are
2 therefore denied.
3   46.   Admits that in January 2006, Veridia ceased operations. Defendant lacks
4 information sufficient to form a belief as to the remaining allegations of paragraph 46, and the
5 same are therefore denied.
6   47.   Defendant lacks information sufficient to form a belief as to the allegations of
7 paragraph 46, and the same are therefore denied.
8   48.   Admits that Optech authorized certain employees of the contracted service
9 provider Veridia Solutions, LLC with trading authorization, Defendant lacks information
10 sufficient to form a belief as to the remaining allegations of paragraph 48, and the same are
11 therefore denied.
12
13        **Mechanics of the Fraudulent 90% Loan Scheme Answering Defendant denies the**
14              **90% Stock Loan program was fraudulent or a scheme.**
15   49.   Deny.
16   50.   Deny.
17   51.   Deny.
18   52.   Deny.
19   53.   Deny.
20   54.   Deny.
21   55.   Deny.
22   56.   Defendant refers to the terms and conditions of the loan documents, which, being
23 documents in writing, speak for themselves. All remaining allegations of paragraph 56 are
24 denied.
25   57.   Defendant refers to the terms and conditions of the loan documents, which, being
26 documents in writing, speak for themselves. All remaining allegations of paragraph 57 are
27 denied.

1   58.   Defendant refers to the terms and conditions of the loan documents, which, being
2   documents in writing, speak for themselves.  All remaining allegations of paragraph 58 are
3   denied.
4   59.   Defendant refers to the terms and conditions of the loan documents, which being
5   documents in writing, speak for themselves.  All remaining allegations of paragraph 59 are
6   denied.
7   60.   Defendant refers to the terms and conditions of the loan documents, which being
8   documents in writing, speak for themselves.  All remaining allegations of paragraph 60 are
9   denied.
10  61.   Defendant refers to the terms and conditions of the loan documents, which being
11  documents in writing, speak for themselves.  All remaining allegations of paragraph 61 are
12  denied.
13  62.   Deny.
14  63.   Defendant refers to the terms and conditions of the loan documents, which being
15  documents in writing, speak for themselves.  All remaining allegations of paragraph 63 are
16  denied.
17  64.   Deny.
18  65.   Deny.
19  66.   Deny.
20  67.   Defendant refers to the terms and conditions of the loan documents, which being
21  documents in writing, speak for themselves.  All remaining allegations of paragraph 67 are
22  denied.
23  68.   Deny.
24  69.   Defendant refers to the terms and conditions of the loan documents, which being
25  documents in writing, speak for themselves.  All remaining allegations of paragraph 69 are
26  denied.
27  70.   Deny for want of information and belief as to the truth of the allegation in

1 | paragraph 70.

2 | 71.  Deny the allegations as pled and affirmatively states that no Forms 1099 were
3 | required in the situations described in this paragraph.

4 | 72.  Deny.

5 | 73.  Defendant refers to the terms and conditions of the loan documents, which being
6 | documents in writing, speak for themselves. All remaining allegations of paragraph 73 are
7 | denied.

8 | 74.  Deny.

9 | 75.  Deny.

10 | 76.  Deny.

11 | 77.  Deny.

12 | 78.  Deny.

13 | 79.  Deny.

14 | 80.  Deny.

15 | 81.  Deny.

16 | 82.  Deny.

17 | 83.  Deny that the 90% Loan transactions were fraudulent, and further, for want of
18 | knowledge sufficient upon which to form a belief as to the truth of the remaining allegations in
19 | this paragraph, they are denied.

20 | 84.  For want of knowledge sufficient upon which to form a belief as to the truth of the
21 | allegations in this paragraph, they are denied.

22 | 85.  Deny.

23 | 86.  For want of knowledge sufficient upon which to form a belief as to the truth of the
24 | allegations in this paragraph, they are denied.

25 |

26 | **Count I: Injunction under IRC § 7408 for violations of § § 6700 & 6701**

27 | 87.  Defendant incorporates his responses to each and every paragraph of his Answer,

1 | both supra and infra, as if fully restated herein.

2 | 88. Defendant is not required to respond to the assertions of law contained in this
3 | paragraph, and therefore denies them.

4 | 89. Defendant is not required to respond to the assertion of law contained in this
5 | paragraph, and therefore denies them.

6 | 90. Defendant cannot respond to the unintelligible statement in paragraph 90, and
7 | therefore, to the extent that the statements pertain to him, he denies the same.

8 | 91. Deny.

9 | 92. Deny.

10 | 93. Defendant is not required to respond to the assertions of law contained in this
11 | paragraph, and therefore denies them.

12 | 94. Deny.

13 | 95. Deny.

### Count II: Injunction under IRC § 7402

15 | 96. Defendant incorporates his responses to each and every paragraph of his Answer,
16 | both supra and infra, as if fully restated herein.

17 | 97. Defendant is not required to respond to the assertions of law contained in this
18 | paragraph.

19 | 98. Deny.

20 | 99. Deny.

21 | 100. Deny.

22 | 101. Defendant denies each and every allegation in the Plaintiff's complaint not
23 | specifically admitted herein.

24
25

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

102. Plaintiff has failed to plead facts which state a claim against this answering defendant.

**SECOND AFFIRMATIVE DEFENSE**

**(Waiver and Estoppel)**

103. Plaintiff is estopped from asserting that the 90% Stock Loan Program was a tax fraud scheme by virtue of having conducted a comprehensive audit of Derivium, specifically aimed at the propriety of the program and the independence of the lender for the tax year 1998, and after reviewing Derivium's documents for 1998, 1999, 2000 and 2001, issued a NO CHANGE letter in 2003. The plaintiff has waived its right to contest the propriety of the 90% Stock Loan Program.

**THIRD AFFIRMATIVE DEFENSE**

**(Failure to Join Indispensable Parties)**

104. Plaintiff has failed to join the necessary indispensable parties as provided in FRCP Rule 19, without which a fair and just adjudication is impossible.

**FOURTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

105. Defendant alleges that the claims asserted in the Complaint are barred by the applicable statutes of limitation.

**FIFTH AFFIRMATIVE DEFENSE**

**(Doctrine of Laches)**

106. Defendant alleges that the claims asserted in the Complaint are barred by the doctrine of laches.

**SIXTH AFFIRMATIVE DEFENSE**

**(*Res Judicata* and Collateral Estoppel)**

107. As an affirmative defense to the Complaint, Defendant alleges that the claims asserted in the Complaint are barred by the doctrines of *res judicata* and collateral estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Lack of Good Faith)**

108.   Defendant is informed, believes, and thereon alleges that Plaintiff, the United States of America, has not acted in good faith in its dealings with Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

109.   Any acts alleged in the Complaint were conducted in good faith including the reliance of the 2003 NO CHANGE Letter, which is a defense to the penalties asserted in the Complaint.

**NINTH AFFIRMATIVE DEFENSE**

**(Ratification)**

110.   Defendant alleges that through its conduct and the persons acting on its behalf, Plaintiff, the United States of America, approved, authorized, consented to and/or ratified Defendant's conduct alleged in the Complaint.

**TENTH AFFIRMATIVE DEFENSE**

**(Business Judgment Rule)**

111.   Plaintiff's claims are barred as to defendant based on the application of the business judgment rule.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Reliance on Others)**

112.   Any acts alleged in the Complaint were conducted in reliance on the advice of professionals, including attorneys, accountants, tax attorneys and/or others.

**TWELTH AFFIRMATIVE DEFENSE**

**(Reservation of Right to Amend)**

113.   Defendant reserves the right to amend this Answer, including the right to assert additional affirmative defenses, as the facts are ascertained and this matter proceeds.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays that:

A. The Complaint be dismissed with prejudice;

B. The Court find that the Defendant has not engaged in conduct which is the subject of the Complaint;

C. The Court deny the Plaintiff's requests set forth in its prayer;

D. Plaintiff take nothing by the Complaint; and

E. To the extent permitted by law, Defendant be awarded: (a) reasonable attorneys' fees, (b) costs of suit incurred herein, and (c) such other relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

To the extent permitted by law, Defendant hereby demands a trial by jury.

Dated: May 13, 2008

_/s/ Yurij Debevc_

Yurij Debevc

Defendant pro se

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that service of Yurij Debevc's responses to First Amended Complaint, United States of America has been made upon the following by depositing a copy in the United States mail, postage prepaid, this 13th day of May, 2008.

Allyson B. Baker
Trial Attorney, Tax Division
U.S. Department of Justice
Post office Box 7238
Ben Franklin Station
Washington, D.C. 20044
*Attorney for Plaintiff, the United States*

Farley J. Neuman
Tom Prountzos
Jenkins Goodman Neuman & Hamilton LLP
417 Montgomery Street, 10th Floor
San Francisco, CA 94104
*Attorney for the Defendant, Robert Nagy*

David B. Porter
Wood & Porter, PC
333 Sacramento Street
San Francisco, CA 94111
*Attorney for the Defendant, Scott Cathcart*

Eric Webb
Bartsch & Webb
317 Rosencrans Avenue
Manhattan Beach, CA 90266
*Attorney for Charles Cathcart*

Yurij Debevc