1  Edward O.C. Ord, Esq. (SBN 52123)
2  Ord & Norman
   233 Sansome Street, Suite 1111
3  San Francisco, CA 94104
   Telephone:  (415) 274-3800
4  Facsimile:  (415) 274-3838
5
6  Attorney for Defendants
   Charles Hsin and Optech Limited
7

8

9              UNITED STATES DISTRICT COURT
10        FOR THE NORTHERN DISTRICT OF CALIFORNIA
11
   UNITED STATES OF AMERICA,          Civil No. 07-4762-PJH
12
                  Plaintiff,
13
        v.
14                                     **DEFENDANTS HSIN AND**
   CHARLES CATHCART, SCOTT            **OPTECH LIMITED'S**
15 CATHCART, YURIJ DEBEVC, a/k/a      **ADMINISTRATIVE MOTION**
   YURI DEBEVC, ROBERT NAGY,          **PURSUANT TO LOCAL RULE 7-**
16 DERIVIUM CAPITAL (USA), INC.,      **11 FOR EXTENSION OF TIME**
   VERIDIA SOLUTIONS, OPTECH          **TO ANSWER PLAINTIFF'S**
17 LIMITED, CHIHSIU HSIN, a/k/a       **COMPLAINT**
   CHARLES HSIN, FRANKLIN
18 THOMASON
19                Defendants.
   _____
20 _____
21
22      Pursuant to Local Rule 7-11, Defendants Charles Hsin and Optech Limited,

23 ("Defendants") hereby apply to the Court for an Order extending Defendants

24 Charles Hsin and Optech Limited's time to answer or otherwise respond to

   Plaintiff's complaint as allowed under FRCP 6(b).  Defendants' response to
25
   Plaintiff's complaint is currently due on June 30, 2008, which takes into account a
26
   stipulated extension previously agreed to by the parties.  Due to an unusual set of
27
   circumstances set out in the joint declaration below, Defendants seek a further
28

                                      1

extension of time until July 15, 2008, to answer or otherwise respond to Plaintiff's Complaint.

Per FRCP 6(b), the "good cause" for this application is as follows.  Under penalty of perjury, the undersigned counsel states:

1.  Counsel continues to operate on limited authority to seek an extension of time only, and the clients are waiting for a conflicts clearance and these letters.

2.  Ethics counsel was on vacation. However, ethics counsel has requested and is now waiting for additional facts and information.  Ethics counsel's request includes the creation of new documents and not merely providing information and/or documents currently in our files. Ethics counsel cannot give a time or an answer on the waiver until he receives this information and evidence and considers all of it. Some information has been provided while the balance is currently in the process of being finalized and will be delivered to the ethics counsel by this week.  There will not be enough time to allow Counsel to prepare answers (including affirmative defenses) and/or motions under the limited authority counsel has been given due to conflicts.

3.  The extension is being sought on the basis stated in ¶2 and not for any other stated or unstated purpose.

4.  Counsel made a good faith effort to resolve the possible conflicts issues to enable a filing by the previously stipulated extension of June 30 but was unsuccessful.

5.  We cannot commit to any limit as we are not qualified, and any new counsel may need additional time. This tax injunction case is very complex and eventual counsel of record may prepare and file motions prior to filing any answer.

6.  The current situation will prejudice the moving Defendants with respect to any motions and answers.

7.   There is another individual defendant, Franklin Thomason that, to my knowledge, has not been served. The undersigned may be in a position to represent Mr. Thomason and we are awaiting a response.  If this effort is successful, in the long run, time of all involved will be saved by having the undersigned represent all three defendants.

8.  Defendants were unable to reach an agreement as to an extension of time to July 15 with Plaintiff's counsel.  The reasons as to why an agreement was unable to be reached are contained in the Declaration of Jenny Lin-Alva ("Lin-Alva Decl.") filed jointly with this motion.

9.  We reply here to some points

a.  The fact that government counsel suggests that she would not have agreed had she known that ethics counsel would be on vacation appears irrelevant as Defendants had compelling grounds for requesting an extension.

b.  Ethics counsel has returned and has been working on the matter.  He needs more time, records, information, etc. *See* Lin-Alva Decl., ¶ 4.

c.  Government counsel seems concerned about the extension and discovery deadlines.  This appears not to be a valid concern. When the Defendants entered the case and then they are told discovery is about to close, the Court would grant an extension so the new Defendants can exercise their discovery rights.  On one other defendant, we are seeking to represent, there has been no return of service.  Finally, the U.S. created the time pressure by electing to join the Defendants very late in the proceeding.    The new Defendants should not be deprived of more time based on the Government's self-created time compression.

10. It is the understanding of this office that Plaintiff intends to file an opposition to this motion.

1  11. Undersigned counsel hereby certifies that this application is made in good

2  faith and for good cause.

3  WHEREFORE, THE MOVING DEFENDANTS RESPECTFULLY

4  REQUEST THE COURT TO GRANT THE REQUESTED EXTENSION TO

5  JULY 15, 2008.

6  I declare under penalty of perjury that the foregoing is true and correct.

7  Executed on June 24, 2008

8

9  ORD & NORMAN

10

11  By  /s/ Edward O.C. Ord
    Edward O.C. Ord, Esq.

12  Attorney for Defendants
    Charles Hsin and Optech Limited

13

14  T:\Clients\7118\Admin motion time extension.doc

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on June 24, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Joseph P. Russoniello                   Allyson B. Baker
United States Attorney                  Trial Attorney, Tax Division
Thomas Moore                            U.S. Department of Justice
Assistant United States Attorney        Post Office Box 7238
Chief, Tax Division                     Ben Franklin Station
9th Floor Federal Building              Washington, D.C. 20044
450 Golden Gate Avenue, Box 36055       (allyson.b.baker@usdoj.gov)
San Francisco, California 94102         *Attorney for Plaintiff*
*Attorney for Plaintiff*

HUONG T. BAILIE                         ERIC L. WEBB
Special Trial Attorney                  BARTSCH & WEBB
160 Spear Street, 9th Floor             317 Rosecrans Avenue
San Francisco, California 94105         Manhattan Beach, California 90069
*Attorney for Plaintiff*                (ewebb@elwlaw.com)
                                        *Attorney for Defendant Charles Cathcart*

Farley J. Neuman (fneuman@jgn.com)
Tom Prountzos (tprountzos@jgn.com)
Jenkins Goodma Neuman & Hamilton LLP
417 Montgomery Street, 10th Floor
San Francisco, California 94104
*Attorneys for Defendant, Robert Nagy*

David Bujannoff Porter, Jr. (porter@woodporter.com)
Wood & Porter
333 Sacramento Street
San Francisco, California 94111
*Attorney for Defendant Scott Cathcart*

I further certify that on June 20, 2008, service of the foregoing was made upon the following by depositing a copy in the Unites States mail, postage prepaid:

Yuri Debevc (*pro se*)
1483 Burningtree Road
Charleston, SC 29412

/s/ Edward O. Ord____
EDWARD O. ORD