Edward O.C. Ord, Esq. (SBN 52123)
Ord & Norman
233 Sansome Street, Suite 1111
San Francisco, CA 94104
Telephone: (415) 274-3800
Facsimile: (415) 274-3838

Attorney for Defendants
Charles Hsin and Optech Limited

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>CHARLES CATHCART, SCOTT CATHCART, YURIJ DEBEVC, a/k/a YURI DEBEVC, ROBERT NAGY, DERIVIUM CAPITAL (USA), INC., VERIDIA SOLUTIONS, OPTECH LIMITED, CHIHSIU HSIN, a/k/a CHARLES HSIN, FRANKLIN THOMASON<br><br>        Defendants. | Civil No. 07-4762-PJH<br><br>**DECLARATION OF JENNY LIN-ALVA IN SUPPORT OF DEFENDANTS HSIN AND OPTECH LIMITED'S ADMINISTRATIVE MOTION PURSUANT TO LOCAL RULE 7-11 FOR EXTENSION OF TIME TO ANSWER PLAINTIFF'S COMPLAINT** |

I, Jenny C. Lin-Alva, do hereby declare and state:

   1. I am a member in good standing with the State Bar of California.

   2. I am an associate at Ord & Norman.

   3. On June 24, 2008, I conferred with Plaintiff's counsel Allyson Baker to seek an agreement as to an extension of time to July 15, 2008 for Defendants

Hsin and Optech Limited (hereafter "Defendants") to file their answers to Plaintiff's complaint.

4. I indicated to Ms. Baker that additional time was needed because Defendants' counsel required additional time to resolve possible conflicts of interest issues. I indicated to Ms. Baker that the delay in resolving these possible conflicts issues was a result of ethics counsel being on vacation and his request for additional information and documents. Ethics counsel's additional request includes the creation of new documents and not merely providing information and documents already contained in our office files.

5. Ms. Baker indicated that she did not feel she could agree to an extension to July 15 absent some assurance that Defendants would not seek additional time to answer the complaint beyond July 15. Ms. Baker was concerned that the discovery cut-off deadline was approaching. Ms. Baker also expressed many other concerns, including that the extension request may be a delay tactic and that there was no assurance that this would be the last extension sought by the Defendants.

6. I recollect, and stated in an earlier draft of this declaration reviewed by Ms. Baker, that in explaining her reluctance to agree to an extension to July 15, she also indicated:

   a. that she felt she is not being informed as to the real reasons as to why an extension is sought or needed; and

    b. that this office did not make a good faith effort to resolve the conflicts issue to enable a filing of an answer by the previously stipulated extension of June 30, including because neither I nor this office informed Ms. Baker that ethics counsel would be on vacation during this period.

  7. Ms. Baker has indicated that she does not agree with the two statements made in ¶6 of this declaration. As to statement b., Ms. Baker indicates that her position is that "[she] was originally led to believe that defendants' ethics counsel would be actively working to resolve any potential conflicts during the first extension period agreed to by the Government, not that ethics counsel would be on vacation for much of that time."

  8. When I conferred with Ms. Baker previously in obtaining the first extension, I indicated that we hoped that the conflicts issue would be resolved in time so that we may file an answer for the Defendants by June 30. This was after Ms. Baker would not agree to our original request for an extension of 40 days and offered an extension to June 30. At which time I indicated we may need additional time to file an answer past June 30. Ms. Baker indicated she would be open to this idea. In today's discussion, Ms. Baker indicated that she had in mind an extension of a few days if an extension was needed past June 30. However, the length of a possible extension past June 30 was not discussed at the time the first extension was agreed to.

9. This extension is not sought for purposes of delay.  It is sought for the reasons stated in the administrative motion for which this declaration is being filed in support of.  There are no other reasons, stated or unstated, as to why Defendants are seeking this extension.

10. This office did make a good faith effort to resolve the conflicts issue.

11. I informed Ms. Baker that our office ethically could not agree that no additional extension would be sought, especially in light of the possibility that ethics counsel may inform our office that any determined conflicts are not waivable and Defendants would have to seek new counsel.

12. It is my understanding that Plaintiff intends to file an opposition to this motion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 25, 2008


By /s/ Jenny Lin-Alva
   Jenny Lin-Alva



T:\Clients\7118\Admin motion time extension - JLA decl.doc

**CERTIFICATE OF SERVICE**

I hereby certify that on June 24, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| Joseph P. Russoniello<br>United States Attorney<br>Thomas Moore<br>Assistant United States Attorney<br>Chief, Tax Division<br>9th Floor Federal Building<br>450 Golden Gate Avenue, Box 36055<br>San Francisco, California 94102<br>*Attorney for Plaintiff* | Allyson B. Baker<br>Trial Attorney, Tax Division<br>U.S. Department of Justice<br>Post Office Box 7238<br>Ben Franklin Station<br>Washington, D.C. 20044<br>(allyson.b.baker@usdoj.gov)<br>*Attorney for Plaintiff* |
| HUONG T. BAILIE<br>Special Trial Attorney<br>160 Spear Street, 9th Floor<br>San Francisco, California 94105<br>*Attorney for Plaintiff* | ERIC L. WEBB<br>BARTSCH & WEBB<br>317 Rosecrans Avenue<br>Manhattan Beach, California 90069<br>(ewebb@elwlaw.com)<br>*Attorney for Defendant Charles Cathcart* |

Farley J. Neuman (fneuman@jgn.com)
Tom Prountzos (tprountzos@jgn.com)
Jenkins Goodma Neuman & Hamilton LLP
417 Montgomery Street, 10th Floor
San Francisco, California 94104
*Attorneys for Defendant, Robert Nagy*

David Bujannoff Porter, Jr. (porter@woodporter.com)
Wood & Porter
333 Sacramento Street
San Francisco, California 94111
*Attorney for Defendant Scott Cathcart*

I further certify that on June 20, 2008, service of the foregoing was made upon the following by depositing a copy in the Unites States mail, postage prepaid:

Yuri Debevc (*pro se*)
1483 Burningtree Road
Charleston, SC 29412

                                                                 /s/ Edward O. Ord
                                                                  EDWARD O. ORD