1   JOSEPH P. RUSSONIELLO
    United States Attorney
2   THOMAS MOORE (ASBN 4305-O78T
    Assistant United States Attorney
3   Chief, Tax Division
    9th Floor Federal Building
4   450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
5   Telephone: (415) 436-6935
    HUONG T. BAILIE (NYBN 4035739)
6   300 E. 8th Street, Suite 601
    Austin, TX 78701
7   Telephone: (512) 499-5759
    ALLYSON B. BAKER (DCBN 478073)
8   FREDERICK N. NOYES
    Tax Division
9   U.S. Department of Justice
    Post Office Box 7238
10  Ben Franklin Station
    Washington, D.C.  20044
11  Telephone: (202) 202-353-8031
    Facsimile: (202) 514-6770
12  Email: allyson.b.baker@usdoj.gov

13

14                 IN THE UNITED STATES DISTRICT COURT FOR THE
                         NORTHERN DISTRICT OF CALIFORNIA
15                          SAN FRANCISCO DIVISION

16  UNITED STATES OF AMERICA            )
                                        )
17                  Plaintiff,          )
                                        )
18           v.                         )          Civil No. 07-4762-PJH
                                        )
19  CHARLES CATHCART *et al.*           )          UNITED STATES' RESPONSE TO
                                        )          CHARLES HSIN'S AND OPTECH
20                                      )          LIMITED'S ADMINISTRATIVE
                                        )          MOTION FOR EXTENSION OF
21                                      )          OF TIME TO ANSWER PLAINTIFF'S
                                        )          COMPLAINT
22                                      )

23          The United States respectfully submits this memorandum in response to Charles Hsin's

24  ("Hsin") and Optech Limited's ("Optech") request for a second extension of time in which to

25  respond to the United States' First Amended Complaint served on Hsin and Optech on May 13,

26  2008.  The United States agrees that Hsin and Optech may have until July 15 for responding to

27

28

1  the complaint, but the United States also respectfully requests that the Court prohibit Hsin and
2  Optech from seeking any further extensions of time beyond July 15.  Any additional extensions of
3  time will prejudice the United States' ability to prosecute its case.

4          Hsin and Optech were served with the First Amended Complaint (amended to add them
5  and Franklin Thomason, another party, as defendants) on May 13, 2008.  *See* Affidavit of Service,
6  Dkt. # 74.  Thus, each of their responses to the complaint would have been due on June 2, 2008.
7  *See* Fed. R. Civ. P. 12.

8          At the end of May, counsel for Hsin and Optech contacted counsel for the United States
9  and requested an extension of time for these defendants to respond to the complaint.  *See*
10  Stipulation for Enlargement of Time to File Answer ("Stipulation"), Dkt. # 69.  Defendants'
11  counsel explained that they had just been retained and that counsel needed time to learn the case
12  and that designated ethics counsel needed time to assess whether there are any conflicts of interest
13  that could preclude these attorneys from continuing to represent Hsin and Optech.  *See id.*
14  Accordingly, counsel for the United States agreed that defendants Hsin and Optech could have an
15  additional 28 days in which to respond to the complaint; their responses to the complaint would
16  be due on June 30, 2008.  *See id.*

17          On June 17 and June 18, defendants' counsel faxed to the United States three letters
18  requesting more time for their clients to respond to the complaint and also left a voice mail on
19  June 20.  In these letters and voice mail, defendants' counsel request a second extension of time
20  for responding to the complaint because, among other things: (I) ethics counsel has been on
21  vacation; (ii) defendants' counsel are considering settlement options for their clients; and (iii)
22  defendants' counsel are trying to locate Franklin Thomason (the other recently-named defendant),
23  to find out whether he wants to retain them as his counsel in this case.  *See* June 17, 2008 letter,
24  attached as Exhibit A.

25          None of these reasons justifies giving defendants more than sixty days to respond to the
26  complaint, let alone permission to seek additional extensions after July 15, as defendants' counsel
27  has proposed to the United States.  First, defendants' counsel sought the first twenty-eight day

28                                                  2

extension mainly so that designated ethics counsel could examine this case and address any potential conflicts of interest. *See* Stipulation, Dkt. 69. Instead, during much of this time, ethics counsel was apparently on vacation. This fact was never disclosed to the United States or the Court when the first extension was sought. *See id.* Second, defendants' counsel has not made any settlement offers. Finally, the existence of a third defendant who has recently been named in the United States' First Amended Complaint has no bearing on whether Hsin and Optech are entitled to a second and possibly a third extension of time for answering the complaint.

Nevertheless, during a June 24 telephone conversation, counsel for the United States agreed that Hsin and Optech could have a second extension until July 15 (an additional sixteen days) for responding to the complaint, provided that this is the final extension. *See* Lin-Avila Decl. at ¶5, Dkt. 77. Defendants' counsel, however, cannot agree to this condition, and thus, they have filed a motion that seeks an extension until July 15, even though the United States already agreed that their clients could file a response on or before July 15. In actuality, defendants' counsel seek the right to petition the Court for an indeterminate number of extensions for their clients, should defendants' counsel consider such extensions necessary. The United States cannot agree to this. To date, the United States has agreed to give Hsin and Optech a total of 63 days in which to respond to the complaint. Sixty-three days is more than fair and adequate.

## Conclusion

The United States agrees that Hsin and Optech may have until July 15 to respond to the complaint, and the United States respectfully requests that the Court deny any further extensions of time for the foregoing reasons.

3