UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

CHARLES CATHCART, et al.,

    Defendant(s).
_____/

No. C 07-4762 PJH

**ORDER DENYING MOTIONS TO SEVER AND TRANSFER**

    Defendant's motions to sever all claims against him and to transfer venue to the District of South Carolina came on for hearing before this court on June 25, 2008. Plaintiff, the United States of America, appeared through its counsel, Frederick N. Noyes, and defendant Robert Nagy ("Nagy") appeared through his counsel, Farley J. Neuman. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES defendant's motion to sever all claims against him, and DENIES the motion to transfer venue, for the reasons stated at the hearing, and summarized as follows.

    1.    Nagy, one of the ten defendants named in the complaint, moves to sever all claims against him, pursuant to Federal Rule of Civil Procedure 21. He contends that severance should be granted solely to effectuate transfer, but no Ninth Circuit authority permits severance on this ground. Though other circuit courts have permitted severance to effectuate transfer, they have only done so when the severed defendant was peripheral to the main action. See Wyndham Associates v. Bintliff, 398 F.2d 614, 618 (2d Cir. 1968); Sunbelt Corp. v. Noble, Denton & Associates, Inc., 5 F.3d 28, 34 (3d Cir. 1993); Liaw Su Teng v. Skaarup Shipping Corp., 743 F.2d 1140, 1148 (5th Cir. 1984). Here, Nagy is not a peripheral defendant. As "outside accountant" for Derivium Capital, he is alleged to have played an integral role in the main subject matter of the action. Accordingly, severance is not necessary for the efficient administration of justice and the motion must be denied.     2.

Since severance is a prerequisite to transfer, and partial transfers are improper, Nagy's motion to transfer must also be denied.. See <u>Chrysler Credit Corp. v. Country Chrysler, Inc.</u>, 928 F.2d 1509, 1518 (10th Cir. 1991).  Moreover, transfer would not serve the interests of judicial economy since the gravamen of the action would remain in the Northern District of California and the purported benefits of transfer would accrue only if the entirety of the action were transferred.

3. Finally, Nagy's argument that if severance and transfer are not granted this court will have to stay the proceedings here, at least against him, does not persuade the court that severance and transfer are proper at this time.  Nagy maintains that he will file a refund suit in the District of South Carolina and will then be entitled to a stay of these proceedings in order to preserve his right to a jury trial.  However, he has yet to file such a suit or move this court four such a stay or persuade the court that severance and transfer would be preferable to a stay.  It would therefore be premature to grant Nagy's motions on this basis.

Accordingly, the motions to sever and to transfer are DENIED.  The denial is without prejudice to their renewal should circumstances change.

**IT IS SO ORDERED.**

Dated: June 27, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge