Edward O.C. Ord, Esq. (SBN 52123)
Ord & Norman
233 Sansome Street, Suite 1111
San Francisco, CA 94104
Telephone: (415) 274-3800
Facsimile: (415) 274-3838

Attorney for Defendants
Charles Hsin and Optech Limited

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Civil No. 07-4762-PJH |
| Plaintiff, | |
| v. | **DEFENDANTS CHARLES HSIN'S AND OPTECH LIMITED'S REPLY TO UNITED STATE'S REPONSE TO DEFENDANTS' ADMINISTRATIVE MOTION PURSUANT TO LOCAL RULE 7-11 FOR EXTENSION OF TIME TO ANSWER PLAINTIFF'S COMPLAINT** |
| CHARLES CATHCART, SCOTT CATHCART, YURIJ DEBEVC, a/k/a YURI DEBEVC, ROBERT NAGY, DERIVIUM CAPITAL (USA), INC., VERIDIA SOLUTIONS, OPTECH LIMITED, CHIHSIU HSIN, a/k/a CHARLES HSIN, FRANKLIN THOMASON | |
| Defendants. | |

    We are gratified that the United States has agreed to allow the extension.

    There are a couple of matters that require correction. First, there is a statement on page three of the United States' response to the motion for extension stating that we have made no offer to settle. We have repeatedly stated that until we obtain an ethics clearance, we are unable to make settlement offers. If ethics counsel approves our representation of defendants Hsin and Optech ("Defendants"), then the undersigned can explore settlement options. Until the

1  ethics counsel approves our representation of the defendants, our only option is to
2  seek an extension. We do not see why a proposed settlement offer should be
3  required as part of our reply.
4     Counsel suggests that the fact that the ethics counsel was on vacation
5  somehow would have precluded her from agreeing to the earlier extension. In
6  fact, the opposite should be true. If Counsel knew the ethics counsel was on
7  vacation, then she would have likely agreed to Defendant's original extension of
8  40 days. Defendants agreed to the June 30th extension in the hope that ethics
9  counsel could make a determination in time for a filing by June 30, and at that
10 time, Counsel indicated she would be open to a further extension if needed. *See*
11 Lin-Alva Declaration ¶ 8. Since ethics counsel was on vacation, an extension is
12 even more necessary.
13    Counsel fails to appreciate that ethics clearance takes time and careful
14 deliberation. Hastily made ethical decisions run the risk of future liability if a
15 conflict later arises.
16    The Fifth Circuit held in *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 367
17 (5th Cir. 1995) that **"the district court is granted broad discretion to expand filing
18 deadlines"** when extensions are requested prior to the expiration of the time
19 period "for cause shown." The fact that Defendants have made a genuine good
20 faith attempt to ensure the ethics counsel has received all the information and
21 documentation to make a determination and is similarly forced to wait due to
22 uncontrollable circumstances surely falls within the Court's discretionary
23 authority. Consequently, the United States' suggestion that Defendants' stated
24 reasons do not justify extension, "*let alone permission* to seek additional
25 extensions," is unfounded. (emphasis added). Defendants are permitted to seek
26 and obtain an extension by the Federal Rules of Civil Procedure for good cause
27
28

1  shown. Defendants have demonstrated good cause. Therefore the court should
2  grant Defendants' motion.
3      Defendants further oppose the United States proposed order indicating that
4  no further extension may be brought or obtained. We ask that the Court not limit
5  all further requests, since it is possible that the current counsel might be
6  disqualified and it would be inequitable to bar defendant's future counsel from
7  their right to an extension.

Dated: June 27, 2008

Respectfully submitted,
  ORD & NORMAN


By /s/ Edward O.C. Ord
Edward O.C. Ord, Esq.
Attorney for Defendants
Charles Hsin and Optech Limited

T:\Clients\7118\Admin motion time extension reply.doc

**CERTIFICATE OF SERVICE**

I hereby certify that on June 27, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Joseph P. Russoniello  
United States Attorney  
Thomas Moore  
Assistant United States Attorney  
Chief, Tax Division  
9th Floor Federal Building  
450 Golden Gate Avenue, Box 36055  
San Francisco, California  94102  
*Attorney for Plaintiff*

Allyson B. Baker  
Trial Attorney, Tax Division  
U.S. Department of Justice  
Post Office Box 7238  
Ben Franklin Station  
Washington, D.C. 20044  
(allyson.b.baker@usdoj.gov)  
*Attorney for Plaintiff*

HUONG T. BAILIE  
Special Trial Attorney  
160 Spear Street, 9th Floor  
San Francisco, California  94105  
*Attorney for Plaintiff*

ERIC L. WEBB  
BARTSCH & WEBB  
317 Rosecrans Avenue  
Manhattan Beach, California  90069  
(ewebb@elwlaw.com)  
*Attorney for Defendant Charles Cathcart*

Farley J. Neuman (fneuman@jgn.com)  
Tom Prountzos (tprountzos@jgn.com)  
Jenkins Goodma Neuman & Hamilton LLP  
417 Montgomery Street, 10th Floor  
San Francisco, California  94104  
*Attorneys for Defendant, Robert Nagy*

David Bujannoff Porter, Jr. (porter@woodporter.com)  
Wood & Porter  
333 Sacramento Street  
San Francisco, California  94111  
*Attorney for Defendant Scott Cathcart*

I further certify that on June 20, 2008, service of the foregoing was made upon the following by depositing a copy in the Unites States mail, postage prepaid:

Yuri Debevc (*pro se*)  
1483 Burningtree Road  
Charleston, SC  29412

                                     /s/ Edward O.C. Ord  
                                      EDWARD O.C. ORD