| | |
|---|---|
| 1 | Edward O.C. Ord, Esq. (SBN 52123) |
| | Ord & Norman |
| 2 | 233 Sansome Street, Suite 1111 |
| 3 | San Francisco, CA 94104 |
| | Telephone: (415) 274-3800 |
| 4 | Facsimile: (415) 274-3838 |
| 5 | |
| 6 | Attorney for Defendants |
| | Charles Hsin and Optech Limited |

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Civil No. 07-4762-PJH |
| Plaintiff, | |
| v. | **DEFENDANTS HSIN AND OPTECH LIMITED'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO UNITED STATES' MEMORANDUM IN OPPOSITION TO THEIR MOTION TO DISMISS** |
| CHARLES CATHCART, SCOTT CATHCART, YURIJ DEBEVC, a/k/a YURI DEBEVC, ROBERT NAGY, DERIVIUM CAPITAL (USA), INC., VERIDIA SOLUTIONS, OPTECH LIMITED, CHIHSIU HSIN, a/k/a CHARLES HSIN, FRANKLIN THOMASON | |
| Defendants. | |
| _____ | **Hearing Date:** September 10, 2008 |
| | **Time:** 9:00 a.m. |
| | **Courtroom:** 3 |
| | **Judge:** Hon. Phyllis J. Hamilton |

# INTRODUCTION

As indicted Defendants Charles Hsin ("Hsin") and Optech Limited's ("Optech") (collectively, "Defendants") opening papers seeking to dismiss Plaintiff's complaint or for a more definite statement pursuant to Rules 8(a), 8(e), 9(b) and 12(e) ("motion to dismiss" or "Motion") at issue is whether Plaintiff's First Amended Complaint ("Complaint" or "Amended Complaint"):

    1.    Meets the minimum heightened pleading requirements of Rule 9(b)[1];

    2.    Failed to comply with Rule 9(b) with respect to allegations based on information and belief; and

    3.    Impermissibly lumps multiple defendants together in making its allegations.

Plaintiff The United States of America ("Plaintiff" or "Government") opposition to the Motion is misplaced. Instead of clarifying the issues and focusing the Court's attention on the specific allegations against Defendants that establish each of their claims, the Government generally simply resorts to broad brush references to the generalized – inadequate – allegations of the Complaint. As was demonstrated in great detail in Defendants' opening papers and reiterated below, Plaintiff's allegations are insufficient and this Motion should be granted.

# ARGUMENT

**I. Rule 9(b) Requires That Certain Minimum Pleading Requirements Be Met Even If Rule 9(b) Is To Be Construed In Harmony With The General Notice Pleading Standard In Rule 8.**

    **A. Plaintiff Is Required To Plead Sufficient Facts To Enable Defendants To Prepare An Adequate Answer.**

Plaintiff's discussion as to the general notice pleading standard is consistent with the argument set out in Defendants' Motion. Contrary to Plaintiff's suggestion, Defendants have not argued that the standard under Rule 9(b) is "equivalent to a movant's burden for bringing a successful motion for summary judgment" or that the intent of Rule 9(b) is "to provide a

---

[1] All references to "Rule" are to the Federal Rules of Civil Procedure unless otherwise noted.

defendant with all facts that might otherwise be revealed through the discovery process." However, consistent with Plaintiff's own statement, sufficient facts relating to the alleged fraud must be plead "so that the defendant can prepare an adequate answer from the allegations." *See* Plaintiff's Opposition ("Opposition"), p. 4; *Compare* Defendants' Motion, p. 5.

### B. There Is No Factor Justifying The Relaxation Of Rule 9(b)'s Heightened Pleading Standard.

Plaintiff suggests that the level of particularity required under Rule 9(b) can be more relaxed depending on a variety of factors. *See* Opposition, p. 5. However, none of the factors suggested by Plaintiff are present here.

Plaintiff suggests that the pleading standard is relaxed when a case is complex, occurred over a long period of time. However, the complexity of the case and the time period covered by the litigation are within the Plaintiff's control. Plaintiff chose to make the case complex in part by joining Defendants along with the existing five defendants and choosing the time period involved in the litigation. That the Government chose to expansively plead its Complaint, should not excuse the need for it to plead *specific facts* against these Defendants which establish Plaintiff's claims. Plaintiff cannot therefore use these two factors to argue that it should be subject to a relaxed pleading standard under Rule 9(b). In *Clausen v. Laboratory Corp. of Am.*, 198 F.R.D. 560, 562-3 (N.D.Ga. 2000), for example, the court concluded that:

> [I]t should not apply a relaxed pleading standard in this case. Plaintiff made the decision to allege a nationwide fraud scheme extending back as far as 1990. He should not be allowed to evade the command of Rule 9(b) by relying upon the <u>complexity of the edifice which he created</u>. [emphasis added].

*Clausen* is clearly analogous as Plaintiff alleges that the 90% Stock Loan is a nationwide fraud scheme that began in 1997 and continues to the present day.

Plaintiff further indicates that Rule 9(b) pleading requirements are relaxed when certain information are "exclusively within the opposing party's knowledge" and "plaintiffs cannot be

expected to have personal knowledge." Opposition, p. 5. However, Plaintiff overlooks the language it quoted that the knowledge must be "<u>exclusively</u>" with the opposing party. Plaintiff has failed to demonstrate how knowledge is exclusively with the opposing party when third parties, i.e. the borrowers, are involved. *See Yuhasz v. Brush Wellman, Inc.*, 181 F.Supp.2d 785, 793 (N.D.Ohio 2001) (relaxed pleading standard not applied when plaintiff admits that third parties "have possession of information on the alleged false claims"); *Sealed Appellant I v. Sealed Appellee I*, 156 Fed.Appx. 630, 634 (5th Cir. 2005) (relaxed pleading not available if information can be obtained from another source). Some courts have even suggested that a plaintiff is required to show that plaintiff used diligent efforts in obtaining the information but was unable to do so. *See Sealed Appellant I*, 156 Fed.Appx. at 634; *In re American Travelers Corp. Securities Litigation*, 806 S.Fupp. 547, 554 (E.D.Pa. 1992).

Even if Plaintiff can demonstrate Defendant has exclusive knowledge or control of certain facts, Plaintiff is required to indicate which facts are exclusively within Defendant's control in the complaint itself and cannot do so in its opposition. Plaintiff's failure to make these allegations as to each specific fact that is alleged to be within Defendant's exclusive control in the complaint itself fails the test required to be met for relaxing the pleading standard on this basis.[2] *See Mueller*, 175 F.R.D. at 636 (finding that plaintiff failed to meet the test for relaxing the Rule 9(b) pleading standard because "plaintiff does not <u>allege in his complaint</u> that any of the necessary facts are exclusively within defendant Walgreen's control"); *Naporano Iron & Metal Co. v. American Crane Corp.*, 79 F.Supp.2d 494, 511, n. 28 (D.N.J. 1999) (the test is not satisfied even though plaintiff's hints that "vital information is within the control of the defendants" in its opposition because these allegations were not in the plaintiff's complaint).

---

[2] Relaxation of Rule 9(b)'s pleading standard based on this "exclusivity" exception is dependent on meeting a two part test. Plaintiff must "(1) specifically allege that the necessary information lies within the defendant's control; and (2) include a statement of the facts upon which plaintiff's information and belief is based." *State of Cal. ex rel. Mueller v. Walgreen Corp.*, 175 F.R.D. 631, 635 (N.D.Cal. 1997). The second part of the test is discussed below.

Plaintiff also indicates that the officers of a corporation may be held collectively responsible for a corporation's misrepresentations. However, the application of this doctrine cannot be "based solely on conclusory allegations of job title, direct participation in day-to-day activities and participation in the preparation of public statements." *See In re Metawave Communications Corp. Sec. Litig.*, 298 F.Supp.2d 1056, 1087 (W.D.Wash. 2003) cited with approval by *SEC v. Yuen*, 221 F.R.D. 631, 637 (C.D.Cal. 2004). For example, the U.S. District Court in the Central District of California in *Yuen* refused to apply this doctrine where "the SEC specifically does *not* allege that [defendants] engaged in the act of manipulating Gemstar's financial results." *Id.* The court in *Yuen* went even further and found that basing the application of the doctrine "solely upon conclusory allegations of job title, purported general involvement with the day-to-day activities, and alleged participation in the disclosure of public statements" was unreasonable.

Furthermore, courts have been less inclined to relax the pleading standard for governmental agencies. In *SEC v. Yuen*, 221 F.R.D. 631, (C.D.Cal. 2004), for example, the court refused to apply the "group published information" doctrine because it found the SEC's reliance on the doctrine "misplaced and inappropriate" given, in part, "the SEC's substantial pre-filing investigatory powers…" In another case, *U.S. ex rel. Alsaker v. Centracare Health System, Inc.*, 2002 WL 1285089, *3, n. 4 (D.Minn.), the court refused to relax the pleading standard based on complexity of the case over a long period of time in part because "the government has subpoena power to obtain documents, and in fact, previously exercised this power when it conducted the first of two studies to assess the merits of relators' complaint." Similarly, Plaintiff, through the Internal Revenue Service, has audited numerous taxpayers involved in the 90% Stock Loan at issue in this case and thus used its subpoena powers, both informal via an "Information Document Request" and formal via a "IRS summons," to obtain information and documents. *See e.g., Shao v. Commissioner of the Internal Revenue*, Docket No. 12697-05 (U.S. Tax Court) (Taxpayer filed a petition for redetermination of deficiencies assessed after the IRS audited her 90% Stock Loan transaction); the taxpayer mentioned in ¶84

of the Amended Complaint; and ¶86 of the Amended Complaint (the average deficiency calculation suggests that there have been other audits and deficiencies assessed based on the 90% Stock Loan transaction). Thus, it is difficult to imagine that Plaintiff does not have all of the necessary information to make an adequate pleading.

## II. Plaintiff's Complaint Does Not Adequately Plead Facts Sufficient To Meet The Minimum Pleading Requirements Of Rule 9(b).

### A. Plaintiff's Complaint Does Not Adequately Plead "Who, What, When, Where and How" Of The Alleged Fraud Because Plaintiff Disconnects The "What, When, Where and How" From The "Who."

*Who*

Plaintiff's opposition suggests that Hsin engaged in fraudulent activities because he is a principal of Optech, Diversified Design Associates ("DDA"), First Security Capital ("FSC") and these entities engaged in fraudulent activities. *See* Opposition, p. 7. As indicated by *Yuen*, discussed above, mere job title cannot be used to infer that the defendant engaged in fraudulent activities because the corporation engaged in such activities. Even showing day-to-day involvement is insufficient. *Yuen* requires Plaintiff to allege specifically that Hsin engaged in the fraudulent activities. Plaintiff fails to do so in its complaint.

Plaintiff's opposition also suggests that Hsin is guilty by association with Charles Cathcart and Yuri Debevc. If mere job title and day-to-day involvement at a corporation are insufficient to infer fraudulent conduct, association either on a social or professional basis necessarily cannot lead to such an inference either.

Plaintiff cites to ¶¶ 22-24, 35, and 38-48 of the Amended Complaint to show that it did sufficiently plead who, i.e. Optech and Hsin, engaged in fraudulent conduct. Paragraphs as to Hsin have been discussed above and so is not repeated here. As to Optech, the purpose of the "who" element is to indicate "who" <u>engaged</u> in the prohibited conduct. Although Plaintiff identifies "Optech," it makes conclusory statements as to the prohibited conduct, i.e. "the promotion, organization, and operation…" This is discussed in more detail below.

*What and How*

Contrary to Plaintiff's argument, the Amended Complaint does not describe the "what" and "how" of the 90% Stock Loan transaction as to Hsin and Optech. Throughout the complaint, the "what" and "how" facts are alleged as to "the defendants" in general. As indicated in the MPA, Plaintiff cannot lump defendants together but must identify each defendant's role as to the factual allegation being made.

Plaintiff contends that *Schwartz v. KPMG LLP*, 476 F.3d 756, 764-5 (9th Cir. 2007), does not require that the complaint identify false statements made by each defendant. Plaintiff quotes language from *Schwartz* justifying this position by using a conspiracy theory. However, Plaintiff completely overlooks the fact that the plaintiff in *Schwartz* pled conspiracy. There are no such allegations here. Furthermore, Plaintiff neglects language that follows directly after the language it is relying on stating that "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant…'" *Id.* at 764. The language Plaintiff is relying on begins "there is no absolute requirement that…" but the statement that is critical here is the language just quoted as that language is <u>specific</u> to Rule 9(b). Clearly, the court's opinion was setting out the general rule that there is no requirement to specifically identify false statements with each defendant <u>except</u> where Rule 9(b) applies. There are other cases which hold that the level of specificity required under Rule 9(b) is not met when defendants are lumped together. *See e.g., Budgetel Inns, Inc. v. Micros Systems, Inc.*, 8 F.Supp.2d 1137, 1150 (E.D.Wis. 1998) ("Paragraph 46 lumps the two defendants together and gives no indication as to which one, let alone which particular employee, made each of the alleged statements. 'Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent statements to 'defendants.' [citations omitted]…Absent a compelling reason, a plaintiff normally is not entitled to treat multiple corporate defendants as one entity. [citation omitted]"); *SEC v. U.S. Environmental, Inc.*, 897 F.Supp. 117, 122 (SDNY 1995); and *Natowitz v. Mehlman*, 542 F.Supp. 674, 676 (SDNY 1982) ("When a plaintiff sues sixteen defendants, he or she has an

obligation to allege specifically the fraud perpetrated by each defendant. Plaintiff has failed to meet this obligation. The complaint is replete with vague accusations against "the defendants" without reference to the specific parties or the specific acts.").

### *When*

Plaintiff attempts to show the "when" element as to Hsin by Hsin's alleged role as "principal" of DDA and Optech. As discussed above, Plaintiff has not made allegations as to Hsin's role in these two entities that would lead to an inference that the entities' activities are that of Hsin's. Thus, Plaintiff must allege specifically in the complaint that Hsin engaged in the fraudulent activity.

### *Where*

Plaintiff alleges that Optech does business throughout the U.S. through its internet website. However, as indicated by Defendants, that internet website is no longer operative. Plaintiff indicates that the website was active as recently as February 28, 2008 and submits printouts from that website dated December 11, 2007. This does not contradict Optech's representation that the website is no longer active. The facts alleged by Plaintiff in its opposition are too far removed in time to contradict Optech's representation.

Plaintiff also alleges that Optech does business in the U.S. because it has a registered agent in California and Hsin lives in New York and was served there. However, there is no allegation that the alleged activities took place at those locations. Plaintiff cannot divorce the "where" element to the complained of activity.

Elsewhere in the Plaintiff's opposition, Plaintiff either lumps defendants together or attempts to equate another entity with Optech or Hsin. For example, on page 10 of its Oppoistion, Plaintiff states "Derivium Capital, LLC established offices in South Carolina and in San Francisco." Plaintiff has not alleged any association between Derium and Defendants. Therefore, Derivium's activities are not relevant as to Defendants. Furthermore, as Defendants argued above, it is insufficient that a defendant has an association or relationship with another person or entity that is engaging in the fraudulent activity. Plaintiff must allege specifically

where Hsin and Optech engaged in the fraudulent activity even if there is some association or relationship between the Defendants and Derivium.

Lastly, Plaintiff asserts that it does not have to specifically plead where Defendants engaged in the fraudulent activity because that information is exclusively within the Defendants' knowledge. This argument has been addressed above so it is not repeated here again except as to one point. After the numerous audits the government conducted, it should have specific information as to taxpayers' interaction with Defendants, including when, how, and where.

**B. Plaintiff Has Not Met The Requirements For Pleading On Information And Belief.**

In several instances as Defendants already pointed out in its MPA, Plaintiff makes allegations on information and belief. Allegations based on information and belief must include a statement of facts in the complaint upon which plaintiff's information and belief is based on. *See e.g., Mueller*, 175 F.R.D. at 636 (Plaintiff not "excused from complying with the requirements of Rule 9(b)" because "[n]owhere in plaintiff's complaint does he set forth the factual basis for his information and belief that Walgreen is engaging in the allegedly fraudulent scheme"). Instances where Plaintiff makes allegations based on information and belief but fail to include a statement of facts in the complaint include:

- ¶18 – Defendants marketed other products "which, on information and belief, also are unlawfully designed and intended to allow customers to receive approximately 90% of the value of their securities without paying income tax on the capital gains."

- ¶19 – "On information and belief, defendants are currently marketing and implementing a 90% Loan product involving the use of foreign trusts."

- ¶64 – "On information and belief, customers rarely paid off the purported loans…"

- ¶91 – "On information and belief defendants promote other schemes and in connection therewith engage in other conduct subject to the I.R.C. §6700."

All of these statements are the sole content of that particular paragraph with no explanation as to the basis for these allegations.

## CONCLUSION

At bottom, Plaintiff have not met the minimum heightened pleading requirements of Rule 9(b) because Plaintiff failed to identify with specificity as to "the who, what, when, where, and how" of the alleged fraudulent scheme. Contrary to Plaintiff's contentions, a relaxed pleading standard under Rule 9(b) does not apply because none of the exceptions to Rule 9(b) have been met. Therefore, Defendants respectfully request that this Motion be granted.

Dated: August 13, 2008

Respectfully Submitted,

    Ord & Norman


_/s/ Edward O.C. Ord_____
Edward O.C. Ord
Attorney for Defendants
Hsin and Optech

**CERTIFICATE OF SERVICE**

I hereby certify that on August 13, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Joseph P. Russoniello
United States Attorney
Thomas Moore
Assistant United States Attorney
Chief, Tax Division
9th Floor Federal Building
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
*Attorney for Plaintiff*

Allyson B. Baker
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
Ben Franklin Station
Washington, D.C. 20044
(allyson.b.baker@usdoj.gov)
*Attorney for Plaintiff*

HUONG T. BAILIE
Special Trial Attorney
160 Spear Street, 9th Floor
San Francisco, California 94105
*Attorney for Plaintiff*

ERIC L. WEBB
BARTSCH & WEBB
9157 W. Sunset Blvd., Suite 310
Los Angeles, California 90069
(ewebb@elwlaw.com)
*Attorney for Defendant Charles Cathcart*

Farley J. Neuman (fneuman@jgn.com)
Tom Prountzos (tprountzos@jgn.com)
Jenkins Goodma Neuman & Hamilton LLP
417 Montgomery Street, 10th Floor
San Francisco, California 94104
*Attorneys for Defendant, Robert Nagy*

David Bujannoff Porter, Jr.
(porter@woodporter.com)
Wood & Porter
333 Sacramento Street
San Francisco, California 94111
*Attorney for Defendant Scott Cathcart*

Matthew Hicks (mh@capdale.com)
Daniel Rosenbaum (hdr@capdale.com)
Caplin & Drysdale
One Thomas Circle, NW, Suite 1100
Washington, D.C. 20005
*Attorneys for Defendant Scott Cathcart*

I further certify that on August 13, 2008, service of the foregoing was made upon the following by depositing a copy in the Unites States mail, postage prepaid:

Yuri Debevc (*pro se*)
1483 Burningtree Road
Charleston, SC 29412

/s/ Edward O.C. Ord\_\_\_\_
EDWARD O.C. ORD

T:\Clients\7118\Rule 9 Motions\Motion - 9(b) REPLY.doc