JOSEPH P. RUSSONIELLO
United States Attorney
THOMAS MOORE (ASBN 4305-O78T
Assistant United States Attorney
Chief, Tax Division
9th Floor Federal Building
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-6935
HUONG T. BAILIE (NYBN 4035739)
300 E. 8th Street, Suite 601
Austin, TX 78701
Telephone: (512) 499-5759
ALLYSON B. BAKER (DCBN 478073)
FREDERICK N. NOYES
Tax Division
U.S. Department of Justice
Post Office Box 7238
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 353-8031
Facsimile: (202) 514-6770
Email: allyson.b.baker@usdoj.gov

Attorneys for Plaintiff, the United States of America

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil No. 03:07-cv-4762-PJH |
| | ) | UNITED STATES'S MOTION FOR AN ENLARGEMENT OF TIME IN WHICH TO SERVE FRANKLIN THOMASON WITH THE COMPLAINT AND PERMISSION TO SERVE BY PUBLICATION |
| CHARLES CATHCART *et al.* | ) | |
| Defendants. | ) | *Notice*: *No Hearing Requested* |

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule 6-3, the United States respectfully requests that the Court grant it an additional sixty days in which to

serve defendant Franklin Thomason with the complaint. Thus, the United States would be required to serve Franklin Thomason sixty days from August 21, 2008, which is October 20, 2008.

## Background Facts

On April 23, 2008, the United States filed its First Amended Complaint joining Franklin Thomason and two other defendants, Charles Hsin and Optech Limited – both of which already have been served. The complaint seeks to enjoin all of the defendants and their companies promoting the 90% Loan program, which is alleged to be a tax-fraud scheme.

The Complaint alleges that since 1997, defendants have organized and promoted a tax-fraud scheme. Defendants promote the 90% Stock Loan program to customers with highly-valued, low-basis stock, and defendants promote the ESOP-QRP program to customers who have sold qualified securities to Employee Stock Ownership Plans (ESOP) and then reinvested the sale proceeds in qualified replacement property (QRP) in stocks or floating rate note loans. Defendants promote these two programs as loans in which customers' securities are transferred to defendants to provide collateral for a loan equal to 90% of the securities' value. Defendants falsely tell customers that (i) this transaction is a loan; (ii) that customers who transfer their securities to defendants will incur no tax liability, because the transfer is collateral for a loan and not a sale of the customers' securities; and (iii) that defendants will help preserve the value of the customers' transferred securities through the use of sophisticated hedging techniques, developed by Charles Cathcart. These transactions are actual sales, disguised as transfers of collateral for purported loans, and these transactions are designed so that a customer can avoid the payment of taxes otherwise incurred from the sale of their securities. Specifically, it is estimated that the tax loss resulting from these programs is as much as $234,567,700. First Am. Compl. ¶86. Indeed, one of the defendants, Charles Cathcart has stated that over 1,700 individuals participated in these programs and in transactions totaling more than $1 billion. *Id*. ¶85.

1    The United States has been trying to serve Franklin Thomason since early May. Neither the United States nor its process server is able to ascertain Mr. Thomason's location. Mr. Thomason's last known residential address is in Casa Grande, Arizona, and all searches to date indicate that he still resides at this location. *See* Declaration of Marie Allen, Revenue Agent, ¶2, Ex. A. IRS Revenue Officers attempted service at this address on numerous occasions. *See id*. There are no other known addresses for Mr. Thomason.

In early July 2008, the Department of Justice retained Apple Attorneys and its Arizona-based affiliate to attempt service and to conduct another address search for Mr. Thomason. *See* Declaration of Nina Conigliaro, Ex. B. This process server attempted service on Mr. Thomson on at least five or six occasions, to no avail. *Id*. Each time, however, the process server "has observed various vehicles," in front of the home where Mr. Thomason is believed to reside. *Id*. In addition, the process server tried numerous times to capture the attention of an occupant of the home. *Id*. He spoke with a neighbor who indicated that she did not know who lives at the address. The process server also "performed various searches [on address databases] that indicate that this address is still" where Mr. Thomason seems to reside. *Id*.

Because the United States has not been able to serve Franklin Thomason at the address where he is believed to reside, the United States respectfully requests an enlargement of time in which to serve the complaint, and for permission to serve Thomason by publication.

**Relevant Law**

**A.    The United States Has Shown Good Cause for Obtaining an Enlargement of Time In Which to Serve Thomason**

A district court has "broad discretion" to grant an extension for a party to serve a complaint for good cause shown. *See* Fed. R. Civ. P. 4(m). *See also EFAW v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). Good cause "at a minimum means excusable neglect" and good cause also may require that a plaintiff show that "(a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Lira v. Director of Corrections of the*

*State of California*, 2007 WL 43675 at * 2(N.D. Cal., Jan. 8 2007) (quoting *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir.1991)). A district court also has broad discretion to enlarge the time for service, even in the absence of good cause. *Mann v. Am. Airlines,* 324 F.3d 1088, 1090 (9th Cir. 2003).

As described above, the United States has clearly made a showing of good cause, having attempted service on Mr. Thomason on numerous occasions at the address where he is likely to reside and at the only address for which there is a record for him.

Enlarging the time for service will not prejudice any of the parties, including Franklin Thomason, who likely has notice of the lawsuit. Thomason is a principal of Optech Limited, which is the company through which the 90% Loan is organized, promoted and maintained to customers. If the United States' request for an enlargement of time is not granted, it will suffer substantial prejudice. In addition, because the estimated damage from defendants' abusive tax shelters runs into the hundreds of millions of dollars, it is necessary to halt defendants' unlawful conduct as quickly as possible. Moreover, there is little reason to think that Thomason would not continue to evade service in any subsequent suit filed against him.

**B.  Service By Publication Is Appropriate**

The United States has met all of the requirements for effecting service by publication. The Federal Rules of Civil Procedure provide that service upon an individual "maybe effected in any judicial district of the United States pursuant to the law of the state in which the district court is located, or in which the service is effected, for the service of summons upon the defendant in an action brought in the courts of general jurisdiction of the State." Fed. R. Civ. P. 4(e)(q). California's Code of Civil Procedure, in turn, provides that "a summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified . . . and that . . . [a] cause of action exists against the party upon whom service is to be made." Cal. Civ. P. Code § 415.50.

- 4 -

The United States' inability to locate Franklin Thomason, in spite of numerous attempts at trying to locate and serve him, necessitates serving him through publication. *See* Allen Decl., Ex. A; Conigliaro Decl., Ex. B. Service by publication through a newspaper based in or nearby to Phoenix, Arizona, where Thomason is known to reside currently, is necessary to ensure that the United States is able to prosecute its case.

## CONCLUSION

For all of the foregoing reasons, the United States respectfully requests that the Court grant it an additional sixty days in which to serve defendant Franklin Thomason with the complaint, extending the time for service until October 20, 2008. The United States further requests permission to serve Thomason by publication in accordance with the California Rules of Civil Procedure.

Dated: August 18, 2008

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney


/s/ Allyson B. Baker
ALLYSON B. BAKER
FREDERICK N. NOYES
Tax Division
U.S. Department of Justice
Post Office Box 7238
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 353-8031

**CERTIFICATE OF SERVICE**

I hereby certify that on August 18, 2008 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Farley J. Neuman (fneuman@jgn.com)
Tom Prountzos (tprountzos@jgn.com)
Jenkins Goodman Neuman & Hamilton LLP
417 Montgomery Street, 10th Floor
San Francisco, CA 94104
Attorneys for Defendant, Robert Nagy

David Bujannoff Porter, Jr. (porter@woodporter.com)
Wood & Porter
333 Sacramento Street
San Francisco, CA 94111
Attorney for Scott Cathcart

Eric Webb (ewebb@elwlaw.com)
Bartsch & Webb
9157 West Sunset Boulevard, Suite 310
Los Angeles, CA 90069
*Attorney for Charles Cathcart*

Edward O.C. Ord (ordeoc@sbcglobal.net)
Ord & Norman
233 Sansome Street, Suite 1111
San Francisco, CA 94104
*Attorney for Charles Hsin and Optech Limited*

Yuri Debevc (*pro se*)
1483 Burningtree Road
Charleston, SC 29412
ydebevc@attglobal.net

                                                              /s/ Allyson B. Baker
                                                              ALLYSON B. BAKER