1    Edward O.C. Ord, Esq. (SBN 52123)
Ord & Norman

2    233 Sansome Street, Suite 1111
San Francisco, CA 94104

3    Telephone: (415) 274-3800
Facsimile: (415) 274-3838

4

5    Attorney for Defendants
Charles Hsin and Optech Limited

6

7

8                  UNITED STATES DISTRICT COURT

9             FOR THE NORTHERN DISTRICT OF CALIFORNIA

10    UNITED STATES OF AMERICA,         Civil No. 07-4762-PJH

11             Plaintiff,

12         v.                  **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS HSIN AND**

13    CHARLES CATHCART, SCOTT        **OPTECH LIMITED'S**
CATHCART, YURIJ DEBEVC, a/k/a YURI

14    DEBEVC, ROBERT NAGY, DERIVIUM   **ADMINISTRATIVE MOTION**
CAPITAL (USA), INC., VERIDIA      **PURSUANT TO LOCAL RULE 7-11**

15    SOLUTIONS, OPTECH LIMITED,     **TO CONTINUE THE ENTIRE**
CHIHSIU HSIN, a/k/a CHARLES HSIN,

16    FRANKLIN THOMASON          **CASE MANAGEMENT SCHEDULE**

17             Defendants.         **ORDER**

18    _____

19                   **TABLE OF CONTENTS**

20    STATEMENT OF FACTS..................................................................................................1

21    ARGUMENT .................................................................................................................2
      I.    THE MOVING DEFENDANTS HAVE SHOWN COMPELLING GROUNDS FOR

22         THE REQUESTED CONTINUANCE UNDER THE NINTH CIRCUIT'S FOUR
        FACTOR TEST...............................................................................................2

23           A. The Defendants Exercised Sufficient Due Diligence................................................3
          B. The Needs of the Defendants will be Met if a Continuance is Granted......................4

24           C. A Continuance Would Not Inconvenience the Court or the Opposing Party ............5
          D. Defendants Would Suffer Harm and Prejudice if the Continuance is Denied............6

25       II.   THE DUE PROCESS CLAUSE, INCLUDING AS IMPLEMENTED IN THE FRCP,

26         REQUIRES THE GRANT OF THE REQUESTED CONTINUANCE..........................7
   CONCLUSION ............................................................................................................11

27

28

i

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS
HSIN AND OPTECH LIMITED'S ADMINISTRATIVE MOTION PURSUANT TO LOCAL RULE 7-11 TO
CONTINUE THE CASE MANAGEMENT SCHEDULE ORDER

1

**TABLE OF AUTHORITIES**

2

**Cases**
Nakamoto v. Hartley, 758 F.Supp. 1357 (D.Hawaii 1991)............................................................4
Nelson v. Adams USA, Inc., 529 U.S. 460 (2000) ...................................................................7, 8
Sutherland Paper v. Grant Paper Box Co., 183 F.2d 926 (3rd Cir. 1950)...................................6
US v. Flynt, 756 F.2d 1352 (9th Cir. 1985) .............................................................................2, 3

**Statutes**
Administrative Procedures Act ...................................................................................................4

**Rules**
Federal Rules of Civil Procedure 9(b)........................................................................................4
Federal Rules of Civil Procedure12(e)........................................................................................4

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STATEMENT OF FACTS**

The above civil action was filed on September 17, 2007.

Very late in the proceedings this Court ordered the First Amended Complaint to be filed on April 18, 2008.  The First Amended Complaint was filed on April 23, 2008.  The Moving Defendants, Charles Hsin and Optech Limited ("Moving Defendants" or "Defendants"), were served the First Amended Complaint on May 13, 2008.

The Court had the following deadlines in effect prior to service of the First Amended Complaint on Defendants pursuant to its Civil Minute Order of January 3, 2008 (other than item 1):

1. The last day to amend pleadings is June 5, 2008.
2. The cut-off date for the designation of experts is August 20, 2008.
3. The cut-off date for non-expert discovery is September 3, 2008.
4. The cut-off date for expert discovery is October 1, 2008.
5. Dispositive motions must be heard by November 19, 2008.
6. Trial is set for March 23, 2009.

Again, the Moving Defendants were joined as parties by virtue of the filing of the amended complaint on April 23, 2008.  After a reasonable extension of times approved by the Court, the Defendants have moved expeditiously by filing a series of meritorious, good faith non-dispositive motions.  The Defendants have not been able to file dispositive motions on technical grounds due to the inability to obtain certain declarations to date.

The motions are set for hearing on September 10, 2008.

The Defendants are not required to file an answer until ten (10) days after the above motions are decided.

The deadline of June 5, 2008 cutting off the right to amend pleadings had already run before the Defendants had even filed the first motion on June 15, 2008.  The second deadline on the designation of experts ran on August 20, 2008.  Yet, the good faith motions have not

1

even been heard. The third discovery deadline cutting off non-expert discovery will have run before the Defendants are required to answer the complaint on September 3, 2008.

The Federal Rules of Civil Procedure shall herein be referred to as "FRCP."

## ARGUMENT

**I.  THE MOVING DEFENDANTS HAVE SHOWN COMPELLING GROUNDS FOR THE REQUESTED CONTINUANCE UNDER THE NINTH CIRCUIT'S FOUR FACTOR TEST**

The standard of review that must be met for the grant of a continuance is an abuse of discretion.  However, this standard is keyed to a four factor test in US v. Flynt, 756 F.2d 1352, 1359 (9th Cir. 1985).  The test is mainly for the benefit of the Court's consideration because there are "no mechanical tests for deciding when a denial of a continuance warrants reversal." Id. at 1362.

The four factors are:

A.  the extent of appellant's diligence in his efforts to ready his defense prior to the date set for hearing,

B.  the likelihood that the need for a continuance could have been met if the continuance had been granted,

C.  the extent to which granting the continuance would have inconvenienced the court and the opposing party, including its witnesses, and

D.  the extent to which the appellant might have suffered harm.  Id.

In Flynt, the District Court refused to grant a continuance of the trial to allow the defendant time to be examined by expert witnesses to assist in his defense.  Id. at 1358.  The Ninth Circuit indicated that the District Court denied the continuance mainly because Flynt was yelling obscenities at the judge and demanding that he be put in jail.  Id.  The District Court's

2

decision was reversed.  The Ninth Circuit held that the denial of a continuance by the District Court was an abuse of discretion because:

    i.    Flynt asserted sufficient diligence in trying to secure evidence because the need for a continuance was mainly due to the fact that the three expert witnesses were unable to perform adequate evaluations within the time constraints,

    ii.    the continuance is needed and would be for the useful purpose of finding and using witnesses to assist in his defense on a legitimate issue of fact,

    iii.    there would be no cognizable inconvenience to the court or the government given the fact that there would be no scheduling difficulties if the proceedings were re-calendared, and

    iv.    Flynt suffered extreme prejudice as a result of the court's denial because by denying the court the opportunity to hear testimony from the expert witnesses Flynt would not be able to put forth the only defense that he had.

We now apply the four factors i-iv to the facts here.

**A.  THE DEFENDANTS EXERCISED SUFFICIENT DUE DILIGENCE**

The Moving Defendants were joined as parties on April 18, 2008 and were served on May 13, 2008.

After being served, the Defendants diligently exercised their due process rights under the Federal Rules of Civil Procedure ("FRCP") by filing good faith non-dispositive motions, including motions for more specific pleadings.  These motions are currently under consideration by this Court.  However, by the time these motions are decided, the above crucial deadlines will have already passed through no fault of the Moving Defendants.  Despite any

3

**1**  vigorous due diligence, the election of the U.S. to bring in the Defendants so late into the case

**2**  defeats the more than sufficient due diligence the Defendants could have and did exercise.

**3**      **B.  THE NEEDS OF THE DEFENDANTS WILL BE MET IF A CONTINUANCE IS GRANTED**

**4**

**5**        The Defendants believe that it is necessary for this Court to decide on the meritorious

**6**  non-dispositive motions so the Defendants can answer the specific pleadings under the rules.

**7**  The U.S. elected to file a vague, conclusory complaint which lumped the defendants together.

**8**  The complaint is currently so vague that FRCP 9(b) and 12(e) motions were necessary.

**9**        After the proper disclosures are made by the Plaintiff, the Defendants will request

**10**  documents and conduct interrogatories.  Then, the Defendants will take depositions of

**11**  government officials and third party witnesses,[1] conduct discovery and research, and select the

**12**  needed experts after discovery.  However, the Defendants are currently barred from exercising

**13**

**14**  their rights under the FRCP.

**15**        The Defendants plan to file dispositive motions that present new meritorious issues,

**16**  including constitutional issues, issues relating to the Administrative Procedures Act, estoppel

**17**  issues, and mootness issues, which the Defendants wish to pursue if the non-dispositive

**18**  motions are denied.  Currently, the Defendants have had difficulty in obtaining certain

**19**  declarations.  Defendants anticipate that these declarations will be obtained shortly. See

**20**  Declaration of Edward O.C. Ord In Support of Defendant's Motion filed concurrently ("Ord

**21**

**22**  Decl.") ¶5.

**23**        In <u>Nakamoto v. Hartley</u>, 758 F.Supp. 1357, 1368 (D.Hawaii 1991), a continuance of

**24**  trial was granted and the discovery cutoff date was extended by the District Court.  The court

**25**  indicated the defendant's motions presented "some new issues upon which defendants have not

**26**

---

**27**  [1] The Government has already taken depositions and other discovery in the past.

**28**

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS
HSIN AND OPTECH LIMITED'S ADMINISTRATIVE MOTION PURSUANT TO LOCAL RULE 7-11 TO
CONTINUE THE ENTIRE CASE MANAGEMENT SCHEDULE ORDER

yet had adequate discovery." Similarly, the motions by the Defendants in this case also raise new issues which can only be sufficiently prepared for by extending the discovery cutoff date to a reasonable time. See Ord Decl. ¶¶4, 6, and 7. By extending the discovery cut-off periods and granting a continuance of trial, the Defendants' needs outlined above will be met for trial.

## C. A CONTINUANCE WOULD NOT INCONVENIENCE THE COURT OR THE OPPOSING PARTY

At the present time the Court has personal jurisdiction over all defendants in this proceeding, except one. If a defendant acts inappropriately, the Court can use its inherent supervision powers to put a stop to such actions. The Plaintiff will thus not be inconvenienced whatsoever by granting this continuance.

Moreover, the government will not be inconvenienced because any inconvenience objection has been waived due to the fact that the government chose to add the Defendants at such a late date in the proceedings.[2]

The 90% Stock Loan transaction is actively being litigated by taxpayers in the Federal Courts. By granting a continuance, the Court will have the benefit of these decisions on the merits of the loan transaction. One state superior court has granted summary judgment holding all the loans in issue in this civil action were not the sales of securities but bona fide loans. See Ord Decl. ¶11. Thus, the continuance would put the Court in a much more informed position and would not inconvenience the Court as the Court is double and triple booked through 2009 or any opposing party whatsoever as everyone is seeking more time, including the Plaintiff.

---

[2] The Government could have filed a separate civil action for an injunction against the Moving Defendants but chose not to. Also, the Government is still seeking to serve Franklin Thomason alleged to be a principal and director of Optech Limited. The Court granted the Government's motion today and required that Thomason be served by publication no later than October 20, 2008. By the time publication is obtained and if Thomason answers, it will be time for trial and all deadlines with respect to Thomason will have run.

5

**D. DEFENDANTS WOULD SUFFER HARM AND PREJUDICE IF THE CONTINUANCE IS DENIED**

Under the current deadlines, by the time the motions are decided the Defendants cannot amend any pleadings and could not conduct non-expert discovery at all before an answer is filed.   The situation here is similar to but more egregious then in Sutherland Paper v. Grant Paper Box Co., 183 F.2d 926 (3rd Cir. 1950).  In Sutherland, a patent infringement case, the Third Circuit held that the denial of a continuance constituted an abuse of discretion because the defendants were not given adequate time to prepare for discovery given the fact that the defendants' motions for summary judgment, discovery and production, and rulings on answers to interrogatories were not decided until two weeks before the trial date.  Id. at 930.

Here, by the time the Defendants' motions are decided and answered, the above delineated deadlines will already have run.  In Sutherland, the defendants had two weeks to analyze and interpret their discovery.  Worse than Sutherland, the Moving Defendants in this case would not even have the opportunity for discovery after their motions are decided because the cut-off date for discovery will have already expired.  Similar to the rationale given by the court in Sutherland, the Moving Defendants' motions are "neither baseless nor frivolous," the motion for a continuance is reasonable and necessary, and thus there is no reason for the "depravation of reasonable opportunity to make adequate preparation for trial."  Id. at 931. Even more egregious, no discovery has been received from the Government other than the initial disclosure and, today, a small part of the extensive discovery already produced to the other defendants – two of apparently eight digital discs containing documents.  Indeed, Defendants understand from other parties in this case that the eight discs contain 363,159 separate files.  Some of these files are multiple-page files, including one file consisting of 692

6

1    pages. Defendants have not yet have an opportunity to analyze these documents, and again, to

2    date, have only received two of the eight discs.

3        Furthermore, the Defendants should be entitled to at least the same amount of time to

4    perform discovery and trial preparation as the other defendants after evaluation of the massive

5    materials to be delivered in the future. The other defendants in this action had approximately

6    seven (7) extra months to react, conduct research, develop discovery, conduct interrogatories,

7    and attend the many depositions conducted by the Government. The Moving Defendants

8    should be allowed the same amount of time given to the other defendants to conduct discovery,

9    perform research, and adequately prepare for trial.

10        Under the current facts, deadlines, and procedure, harm is not only great, but fatal with

11    respect to defending the civil action.

12

13    **II. THE DUE PROCESS CLAUSE, INCLUDING AS IMPLEMENTED IN THE FRCP, REQUIRES THE GRANT OF THE REQUESTED CONTINUANCE**

14

15        The Court is required to grant the requested continuance on an independent basis of a

16    showing of fundamental unfairness. The leading case is <u>Nelson v. Adams USA, Inc.</u>, 529 U.S.

17    460 (2000). This case made important corner stone rulings that apply to any civil action.

18        The Supreme Court said:

19
20    ▪ "The Federal Rules of Civil Procedure are designed to further the due process of law that

21       the Constitution guarantees" (<u>Id.</u> at 465.);

22    ▪ "all of the Federal Rules of Civil Procedure must be followed to get a judgment" (<u>Id.</u> at

23       470);

24    ▪ that all parties must be given all of their rights under the FRCP even if it can be shown that

25       the requesting party will not prevail (<u>Id.</u> at 471); and

26

27                                            7

28

- that an appeal is not an adequate remedy for an opportunity to defend against the imposition

of liability  (<u>Id.</u> at 466).

<u>Nelson</u> involved a patent infringement civil action.  The civil action was dismissed in

favor of the defendant Adams USA, Inc.  <u>Id.</u> at 463.  The District Court granted an award of

attorney's fees in favor of the Adams USA, Inc.  <u>Id.</u>  The defendant, Adams USA, Inc., was

afraid that the plaintiff OCP Corporation might be unable to pay the attorney's fees.  <u>Id.</u>

Consequently, the defendant, Adams USA, Inc., moved under FRCP Rule 15 to amend its

pleading to add Nelson as a party.  <u>Id.</u>  Nelson was OCP's president and sole-shareholder.  <u>Id.</u>

Simultaneously, Adams moved, under Rule 59(e), to amend the fee award judgment to include

Nelson.  <u>Id.</u>

The District Court granted both motions in full, i.e. simultaneously making Nelson a

party and subjecting Nelson to judgment as a co-debtor.  <u>Id.</u>

The Court of Appeals affirmed.

The U.S. Supreme Court granted Nelson's appeal and reversed.

The Court held that amending the judgment to include Nelson at the same time the

District Court permitted the amendment of the pleading was fundamentally unfair.  Due process

as implemented in the FRCP required that a defendant be given the "right to have *time* and

*opportunity* to respond to [a civil action]."  <u>Id.</u> at 469.  (Emphasis added).

Regarding the due process rights as implemented in the FRCP, the Court said that the

test is "fundamental unfairness."  <u>Id.</u> at 470.  The Court did not indicate that prejudice is

required to be shown.  <u>Id.</u>  Therefore, the standard of review is "fundamental unfairness."

In the instant case, the denial of a continuance would be fundamentally unfair.  The

Moving Defendants do not have the same amount of time as the other defendants to make non-

8

dispositive and dispositive motions, conduct investigations, conduct discovery, and prepare for trial as guaranteed by the FRCP.  The other defendants have had seven (7) extra months to exercise their rights under the FRCP.  The government has taken years of investigation and preparation, including using IRS administrative summons and other investigative tools.

Unfairness exists as well due to the fact that most of the major critical deadlines have or are about to run while the Moving Defendants are still in the pleading stage.  Two of the imminent deadlines have run, including the ability to amend pleadings and designate experts.  Also, when the Defendants were joined as a party the government had already taken discovery.

Despite the efficient and diligent speed with which the Defendants are moving, a continuance is necessary because of the imminence of the current deadlines.  This current situation is due to no fault of the Moving Defendants, but can only be attributed to the lateness with which the government chose to join the Defendants as a party and the continued enforcement of a schedule order treating the Moving Defendants as if they had been named and served under the original complaint.

The courts in conducting their proceedings are required to conduct them so that the courts are not infringing on the constitutional rights of the parties.  The courts are also required to conduct their proceedings in a manner to avoid these types of constitutional issues.

By granting the continuance, the court would also avoid the situation of whether a civil injunction would deny the Defendants their constitutional right to a jury trial, which they are entitled to with respect to any civil penalty imposition.

A stipulation has been signed by the parties that extends the deadlines as follows:

- The date to amend the pleading will be continued from June 5, 2008 to December 5, 2008.

9

- The expert disclosure date will be continued from August 20, 2008 to December 20, 2008.

- The non-expert discovery cut-off will be continued from September 3, 2008 to January 3, 2009.

- The expert discovery cut-off will be continued from October 1, 2008 to February 1, 2009.

- The deadline to hear dispositive motions will be continued from November 19, 2008 to February 19, 2009.

- This stipulation is without prejudice to any party's right to bring a motion for a further modification of the Court's case management and pretrial orders or for a continuance of the trial date.

This stipulation was rejected by the Court.

All parties acknowledge in the stipulation that written discovery has been much more extensive than had been anticipated and the parties need additional time to evaluate the various claims and defenses raised and to conduct additional necessary discovery. The stipulation points to the fact that the Plaintiff has produced eight (8) digital discs containing 363,159 separate files. Some of these files are multi-page files, including one file consisting of 692 pages. Furthermore, Discs 7 and 8, which contain a total of 105,743 separate files, were just recently produced on July 18, 2008. Again, only two of the eight discs have been provided to the Moving Defendants and Defendants have not yet had an opportunity to analyze any of the documents.

The Moving Defendants would be unable to evaluate meaningfully the above documents and to conduct any necessary follow-up investigation and discovery under the

10

existing deadlines.  The Moving Defendants are barred from taking affirmative discovery.  The Moving Defendants wish to state their needs as clearly as possible.

Therefore, the Court should grant the extension of the deadlines by seven (7) months to give the Moving Defendants the same amount of time as the other parties, including future dispositive motions.

## CONCLUSION

The Court, with all due respect, is required to continue the trial date and the related deadlines.  It should give equal time to the Moving Defendants.  Fundamental fairness as applied to the FRCP leaves the Court no other choice.  Any denial also constitutes an abuse of discretion.  The new requested deadlines are based on the seven (7) months and five (5) days of extra time that the other defendants had to prepare, and are as follows:

1. The last day to amend pleadings would be May 10, 2009.
2. The cut-off date for the designation of experts would be July 25, 2009.
3. The cut-off date for non-expert discovery would be August 8, 2009.
4. The cut-off date for expert discovery would be September 6, 2009.
5. Dispositive motions would be heard by October 24, 2009.
6. Trial would set for February 28, 2010.

Due to the Court's double and triple booking for trials for 2009, an early setting in 2010 will be more appropriate and convenient for the Court.

Dated:  August 25, 2008                          Respectfully Submitted,

                                                 ORD & NORMAN


                                                 By  /s/ Edward O.C. Ord
                                                 Edward O.C. Ord, Esq.
                                                 Attorneys for Defendants
                                                 Charles Hsin and Optech Limited

T:\Clients\7118\Motions\Motion to continue case management schedule order MPA.doc

**CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Joseph P. Russoniello
United States Attorney
Thomas Moore
Assistant United States Attorney
Chief, Tax Division
9th Floor Federal Building
450 Golden Gate Avenue, Box 36055
San Francisco, California  94102
*Attorney for Plaintiff*

Allyson B. Baker
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
Ben Franklin Station
Washington, D.C. 20044
(allyson.b.baker@usdoj.gov)
*Attorney for Plaintiff*

HUONG T. BAILIE
Special Trial Attorney
160 Spear Street, 9th Floor
San Francisco, California  94105
*Attorney for Plaintiff*

ERIC L. WEBB
BARTSCH & WEBB
9157 W. Sunset Blvd., Suite 310
Los Angeles, California  90069
(ewebb@elwlaw.com)
*Attorney for Defendant Charles Cathcart*

Farley J. Neuman (fneuman@jgn.com)
Tom Prountzos (tprountzos@jgn.com)
Jenkins Goodma Neuman & Hamilton LLP
417 Montgomery Street, 10th Floor
San Francisco, California  94104
*Attorneys for Defendant, Robert Nagy*

David Bujannoff Porter, Jr.
(porter@woodporter.com)
Wood & Porter
333 Sacramento Street
San Francisco, California  94111
*Attorney for Defendant Scott Cathcart*

Matthew Hicks (mh@capdale.com)
Daniel Rosenbaum (dbr@capdale.com)
Caplin & Drysdale
One Thomas Circle, NW, Suite 1100
Washington, D.C. 20005
*Attorneys for Defendant Scott Cathcart*

I further certify that on August 13, 2008, service of the foregoing was made upon the following by depositing a copy in the Unites States mail, postage prepaid:

Yuri Debevc (*pro se*)
1483 Burningtree Road
Charleston, SC  29412

/s/ Edward O.C. Ord

12

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS
HSIN AND OPTECH LIMITED'S ADMINISTRATIVE MOTION PURSUANT TO LOCAL RULE 7-11 TO
CONTINUE THE ENTIRE CASE MANAGEMENT SCHEDULE ORDER

1              EDWARD O.C. ORD