1  JOSEPH P. RUSSONIELLO
   United States Attorney
2  THOMAS MOORE (ASBN 4305-O78T)
   Assistant United States Attorney
3  Chief, Tax Division
   9th Floor Federal Building
4  450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102
5  Telephone: (415) 436-6935
   HUONG T. BAILIE (NYBN 4035739)
6  300 E. 8th Street, Suite 601
   Austin, TX 78701
7  Telephone: (512) 499-5759
   ALLYSON B. BAKER (DCBN 478073)
8  FREDERICK N. NOYES
   Tax Division
9  U.S. Department of Justice
   Post Office Box 7238
10 Ben Franklin Station
   Washington, D.C. 20044
11 Telephone: (202) 202-353-8031
   Facsimile: (202) 514-6770
12 Email: allyson.b.baker@usdoj.gov
         frederick.n.noyes@usdoj.gov
13

14              IN THE UNITED STATES DISTRICT COURT FOR THE
                     NORTHERN DISTRICT OF CALIFORNIA
15                        SAN FRANCISCO DIVISION

16 UNITED STATES OF AMERICA              )
                                         )
17              Plaintiff,               )
                                         )
18      v.                               )        Civil No. 07-4762-PJH
                                         )
19 CHARLES CATHCART et al.               )        STIPULATED PROTECTIVE
                                         )        ORDER PERTAINING TO
20                                       )        DOCUMENTS PRODUCED BY
                Defendant.               )        WACHOVIA CORPORATION
21

22          Plaintiff United States of America and non-party Wachovia Corporation

23 ("Wachovia"), by their undersigned counsel, hereby stipulate as follows:

24      1.      This stipulation and Order governs all documents and other material produced by

25              Wachovia in this matter in conjunction with discovery, or in response to any

26              subpoena or Order of the Court.

27

28

2. All documents and other materials produced or exchanged in this matter may be used for purposes of this litigation only, except that this order does not prohibit or otherwise restrict the Department of Justice from disclosing information protected by this order that is relevant to any civil or criminal action to any federal or state agency with authority to enforce laws regulating any activity relating to the requested information.  Any such federal or state agency shall keep the information confidential to the extent provided by law, and shall not be subject to this Order.

3. In producing or exchanging any document, Wachovia may designate all or any portion of it as "confidential."

4. A document may be designated as "CONFIDENTIAL" only when the document is comprised of information that meets either of the following standards:

 a. The information contains references to individuals' social security numbers or other tax identification numbers, birth dates, financial account numbers or other personal information protected by privacy laws, regulations, policies and practices relating to financial institutions; OR

 b. The information is a trade secret, contains proprietary information, or other confidential research, development, or commercially sensitive information.

5. The designation of material as confidential may be made by letter to counsel for plaintiff, by stamping or affixing "confidential" onto any document (in such manner as will not interfere with the legibility thereof), or by any other reasonable means agreed to by the parties.

6. Failure to designate a document as confidential when it is initially produced shall not constitute a waiver of the right to later designate it or the information therein contained as confidential, but Wachovia's disclosure of the document or its contents during such intervening time period shall not constitute a violation of this Stipulation and Order.

- 2 -

7.     The receiving party shall be provided the opportunity to investigate and test the Confidential designation for 30 days after receipt, at which time the receiving party must either reject in writing the Confidential designation (with the appropriate rationale for rejection) or be deemed to agree with such designation. Grounds for challenging the designation include, but are not limited to, that the document (1) is already known to the receiving party, (2) has already been produced to any third party other than under similar confidentiality limitations, and (3) is known or reasonably discernable to the public at large through literature or publications, although Wachovia reserves the right to challenge those grounds. During the 30-day testing period, the receiving party shall treat the document and information as confidential.  The receiving party may request that confidentiality be removed for a portion of the document.  Prior to such agreement or, alternatively, for 30 days after the rejection, the receiving party shall also treat the document and information as confidential.  Should the parties disagree to the Confidentiality designation, the party challenging the designation shall have the burden of applying to the Court for relief, but the producing party shall retain the burden of persuasion as concerns the propriety of the designation.

8.     Confidential documents and any copies thereof, notes made therefrom, and the information contained therein shall be disclosed only to:

a.   The Court, provided that in all filings with the Court, personal identifying information is redacted in accordance with Rule 5.2 of the Federal Rules of Civil Procedure and trade secrets, confidential research, development, or commercially sensitive information are filed under seal. Whenever a paper is filed under seal, a copy from which the confidential information has been redacted will be filed in the public file for the action;

b.   The parties (which hereinafter includes each of the defendants Charles Cathcart, Scott Cathcart, Yurij Debevc, Robert Nagy, Derivium Capital

- 3 -

(USA), Inc., Optech Limited, Chi-Hsiu Hsin, a/k/a Charles Hsin, and Franklin Thomason), provided that, before providing any party with access to confidential documents, plaintiff obtains from such persons signed copies of the Third Party Acknowledgment (attached hereto as Exhibit A) confirming that such persons agree to be bound by the terms of this Stipulation and Order;

    c.  Counsel of record and in-house counsel of the parties and their staff, provided that, before providing counsel or their staff with access to confidential documents, plaintiff obtains from such persons signed copies of the Third Party Acknowledgment (attached hereto as Exhibit A) confirming that such persons agree to be bound by the terms of this Stipulation and Order;

    d.  Disclosure may be made to any deponent, designated trial or hearing witnesses, and their counsel during deposition preparation, depositions, trial preparation, trial, or pretrial hearings in the above-captioned case, provided that, before providing any deponent, witness, or their counsel with access to confidential documents, plaintiff obtains from such persons signed copies of the Third Party Acknowledgment (attached hereto as Exhibit A) confirming that such persons agree to be bound by the terms of this Stipulation and Order;

    e.  Experts or consultants retained by the parties or counsel to assist in preparing or conducting proceedings in this matter, provided that, before providing experts or consultants with access to confidential documents, plaintiff obtains from such persons signed copies of the Third Party Acknowledgment (attached hereto as Exhibit A) confirming that such persons agree to be bound by the terms of this Stipulation and Order;

    f.  State and federal government agencies as provided in paragraph 2; and

- 4 -

g.  Court reporters before whom proceedings are conducted in this matter.

9.    All confidential material and documents produced or exchanged hereunder and all copies thereof shall be returned to Wachovia or destroyed within thirty (30) days following the dismissal, settlement, or judgment, provided that the parties' counsel may retain copies of all work product, court filings, transcripts, exhibits, and other documents required to be maintained by written Department of Justice record retention policy as necessary for an understanding of the outcome of the case, provided that all confidential material contained in such retained material is maintained in accordance with the provisions hereof.  If plaintiff elects to destroy rather than return confidential material, counsel shall provide written confirmation thereof thirty (30) days following the dismissal, settlement, or judgment. Notwithstanding the dismissal, termination, settlement, or judgment, or other disposition of this matter, the obligations imposed by this Stipulation shall remain in full force and effect subject only to modification by the parties and the Court.

10.    This stipulation is not intended to waive any objection or otherwise to preclude any party from objecting to any discovery request believed to be improper, or from seeking an order sealing the record of this action.

11.    Each of the parties hereto (including those identified in paragraph 8(b)), as well as anyone else who executes a Third Party Acknowledgment, agrees to notify all the other parties and Wachovia within three business days upon receipt of any subpoena or other legal process that calls for disclosure of any confidential documents produced hereunder, except where providing notice would otherwise be prohibited by law.

12.    If plaintiff or any entity or person who executes a Third Party Acknowledgement discloses or uses confidential documents, or information contained therein or derived from confidential documents, in violation of this Stipulation and Order, Wachovia shall be permitted to seek redress from the Court, including for

- 5 -

injunctive relief, monetary damages, attorneys' fees, and for such other relief as
may be available under law.


Dated: 5-11-2008                          Dated: 5/23/08

United States of America                  Wachovia Corporation



By: _____              By: _____
    Frederick N. Noyes                        David A. Picon

UNITED STATES DEPARTMENT                  PROSKAUER ROSE LLP
OF JUSTICE, TAX DIVISION                  1585 Broadway
Civil Trial Section                       New York, NY 10036
P.O. Box 7238
Ben Franklin Station
Washington, DC 20044



SO ORDERED:


_____
Hon. Phyllis J. Hamilton
United States District Judge

- 6 -

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing STIPULATED PROTECTIVE ORDER has been made upon the following through the Court's electronic filing system this 3rd day of September, 2008:

Farley J. Neuman (fneuman@jgn.com)
Tom Prountzos (tprountzos@jgn.com)
Jenkins Goodman Neuman & Hamilton LLP
417 Montgomery Street, 10th Floor
San Francisco, CA 94104
Attorneys  for Defendant, Robert Nagy

David Bujannoff Porter, Jr. (porter@woodporter.com)
Wood & Porter
333 Sacramento Street
San Francisco, CA 94111
Attorney for Scott Cathcart

Eric Webb (ewebb@elwlaw.com)
Bartsch & Webb
9157 West Sunset Boulevard, Suite 310
Los Angeles, CA 90069
*Attorney for Charles Cathcart*

Edward O.C. Ord (ordeoc@sbcglobal.net)
Ord & Norman
233 Sansome Street, Suite 1111
San Francisco, CA 94104
*Attorney for Charles Hsin and Optech Limited*

and upon the following through regular US Mail this 3rd day of September, 2008:

Yuri Debevc (*pro se*)
1483 Burningtree Road
Charleston, SC 29412
ydebevc@attglobal.net

/s/ Frederick N. Noyes
FREDERICK N. NOYES