1 | FARLEY J. NEUMAN, ESQUIRE - State Bar #100021
TOM PROUNTZOS, ESQUIRE - State Bar #209409
2 | JENKINS GOODMAN NEUMAN & HAMILTON LLP
417 Montgomery Street, 10th Floor
3 | San Francisco, California 94104
Telephone: (415) 705-0400
4 | Facsimile: (415) 705-0411

5 | Attorneys for ROBERT J. NAGY

6

7

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10 | SAN FRANCISCO DIVISION

11

12 | UNITED STATES OF AMERICA,    Case No. C-07-4762-PJH

13 |                  Plaintiff,    **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**

14 | vs.    **DEFENDANT ROBERT J. NAGY'S MOTION TO CONTINUE THE TRIAL**

15 | CHARLES CATHCART, et al.,    **DATE AND ALL ASSOCIATED DEADLINES**

16 |                  Defendants.

17 |    Date: September 17, 2008
Time: 9:00 a.m.
Dept.: Room 3, 17th Floor

18

19 |    Trial: March 23, 2009

20

21 | ///

22 | ///

23

24 | ///

25 | ///

26

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-i-

## I.    INTRODUCTION

In this case Plaintiff UNITED STATES OF AMERICA ("United States") seeks an injunction against Defendant ROBERT J. NAGY ("Mr. Nagy") and Co-Defendants pursuant to sections 7402(a) and 7408 of the Internal Revenue Code ("IRC").  The United States alleges violations of sections 6700 and 6701 of the IRC.

Discovery in this matter is currently being conducted.  Mr. Nagy is now requesting a continuance of the trial date and all associated deadlines so that the parties will be able to review the voluminous discovery produced to date, conduct follow-up as necessary, and properly prepare for trial.

## II.    STATEMENT OF RELIEF SOUGHT

Mr. Nagy seeks a continuance of the trial date from March 23, 2009 to May 18, 2009 (56 day continuance) and an attendant continuance of the following deadlines associated with the trial date as follows: (a) expert disclosure deadline continued from August 20, 2008 to October 15, 2008; (b) non-expert discovery cut-off continued from September 3, 2008 to October 29, 2008; (c) expert discovery cut-off continued from October 1, 2008 to November 26, 2008; and (d) deadline to hear dispositive motions continued from November 19, 2008 to January 14, 2009.

## III.    BACKGROUND

The United States initiated this action by filing a Complaint on September 17, 2007.[1]  United States' Complaint, Dkt. 1.  Mr. Nagy answered the Complaint on November 19, 2007.  Answer by Robert J. Nagy, Dkt. 3.  The other Defendants subsequently also answered the Complaint.  In due course discovery began and presently continues.

/ / /

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

---

[1] This Complaint was amended for the first time on April 23, 2008.  United States' First Amended Complaint, Dkt. 57.

-1-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ROBERT NAGY'S MOTION TO CONTINUE TRIAL DATE AND ALL ASSOCIATED DEADLINES

1    Discovery in this matter is more complicated and time consuming than anticipated

2    by the parties. Declaration of Tom Prountzos in Support of Defendant Robert J. Nagy's

3    Motion to Continue the Trial Date and All Associated Deadlines ("Prountzos Declaration")

4    ¶3. To date discovery has resulted in voluminous production of documents and materials,

5    and more is still expected. *Id*. Thus far, for example, the United States has produced

6    eleven (11) digital discs worth of production. *Id*. These discs contain ate least 435,000

7    separate files. *Id*. Many of these files, moreover, contain multiple pages, including one

8    that is 692 pages long. *Id*. Discs 7 and 8, which were produced in July, together contain

9    more than 100,000 separate files, and Discs 9, 10 and 11, which were produced on August

10   15, 2008, contain over 85,000 files not including the files on Disc 10, which currently

11   cannot be opened due to an apparent defect in the manner in which the information was

12   saved. *Id*.

13   Under the current schedule the parties will be unable to meaningfully evaluate these

14   documents and materials. *Id*. at ¶4. The parties will also be unable to conduct any

15   necessary follow-up discovery and investigation. *Id*. Additionally, the parties need more

16   time than provided by the present schedule so that they may obtain qualified experts and so

17   that the experts may review all relevant materials. *Id*. If a continuance is not granted, the

18   parties will not be able to properly prepare for trial. *Id*. at ¶6.

19   All parties agree that a continuance is warranted. *Id*. at ¶5. The only disagreement

20   concerns the length of the continuance. *See id*. Most parties agree that a continuance to

21   May 18, 2009 will be sufficient. *Id*. Counsel for Defendant CHI-HSIU HSIN and

22   OPTECH LIMITED believes that a longer continuance is necessary and is apparently

23   preparing his own motion to that end. *Id*. He will not stipulate to this Motion on the

24   chance that doing so may prejudice his own motion. *Id*. With that exception, the parties

25   are essentially in agreement. *See id*.

26

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-2-

1    The parties previously submitted a stipulation and proposed order modifying the

2  scheduling order. *Id*. at ¶7. The Court did not sign this order because it may have allowed

3  dispositive motions to be heard less than 120 days before trial. *Id*. The present Motion

4  seeks to continue the trial date and all deadlines associated with the trial date. A such,

5  granting the continuance sought herein will not adversely affect the Court's requirement

6  that dispositive motions be heard at least 120 days before trial. *Id*.

7    The original trial date is March 23, 2009. Continuing the trial date to May 18, 2009

8  will push the trial back by less than two months. The parties believe that continuing the

9  trial date to May 18, 2009 would be convenient for the Court because there is only one trial

10 scheduled for that week and trial of the instant matter is not expected to last longer than

11 one week. *Id*. at ¶8. Granting this continuance should involve only a minimal disruption

12 of the schedule. *Id*. at ¶9.

## IV.    ARGUMENT

### A.    THE COURT SHOULD CONTINUE THE TRIAL DATE AND ALL ASSOCIATED DEADLINES SO THAT THE PARTIES CAN COMPLETE FULL DISCOVERY AND PROPERLY PREPARE FOR TRIAL

Whether to grant or deny a continuance is within the discretion of the court. *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964); *United States v. Flynt,* 756 F.2d 1352, 1358 (9th Cir. 1985). The court must use its discretion in a manner that is neither arbitrary nor unreasonable. *United States v. Flynt*, *supra*, 756 F.2d at 1358. There are four factors the consideration of which determines the propriety of a court's decision to grant or deny a continuance. First, the court considers the diligence of the party seeking the continuance. *Id*. at 1359. Second, the court considers the likelihood that granting a continuance would be useful under the circumstances of the case. *Id*. Third, any resultant inconvenience to the court and opposing party caused by a continuance must be considered. *Id*. Fourth, the prejudice the moving party will suffer if a continuance is not granted must also be

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-3-

1  considered. *Id.* These factors must be considered together, with the weight attributed to

2  each varying from case to case. *Id.*; *United States v. Mejia*, 69 F.3d 309, 314 (1995).

3  Whether a continuance should be granted depends largely on the circumstances of each

4  individual case. *United States v. Flynt*, *supra*, 756 F.2d at 1358.

5  **1.    The Parties Have Been Diligent**

6  This factor focuses on whether the continuance is sought due to a lack of diligence.

7  Prior to a proceeding where the issue was whether the defendant had the mental capacity

8  required to commit contempt, while the defendant was incarcerated he attempted to obtain

9  evidence and witnesses to prove that he did not. *Id.* at 1356, 1359-60. He filed an *ex parte*

10  motion to be transferred to a location where his own psychiatrists could treat him, and also

11  filed a *habeas* petition that noted he needed to consult with potential witnesses regarding

12  the up-coming hearing. *Id.* at 1359. Further, counsel for the defendant advised the court

13  that he had obtained three experts to examine the defendant and testify to the results but

14  that they could not do so under the schedule imposed by the court. *Id.* at 1359-60. The

15  Court of Appeals found that these actions were sufficiently diligent that this factor

16  weighed in favor of the defendant's motion for a continuance. *Id.* at 1360.

17  In the present case there is no suggestion that Mr. Nagy or any of the parties has not

18  been diligent. Whereas in *Flynt* the defendant made motions to pursue his defense prior to

19  the hearing, similarly in the present case the parties previously stipulated and proposed an

20  order to the Court modifying the scheduling order. Prountzos Declaration at ¶7. The

21  parties in the present case have also attempted to come to an agreement regarding the

22  present Motion and to stipulate to a continuance date, coming very close. *Id.* at 5.

23  Furthermore, it is precisely the diligence of the parties that necessitates a continuance in

24  this matter; voluminous documents have been produced and the parties require additional

25  / / /

26

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-4-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ROBERT
NAGY'S MOTION TO CONTINUE TRIAL DATE AND ALL ASSOCIATED DEADLINES

1 time to properly review, evaluate, and act on this discovery. *Id.* at 3, 6. This factor, then,

2 should weigh in favor of a continuance.

3      **2.      Granting a Continuance Would Be Useful**

4          Where granting a continuance would potentially allow a party to obtain and present

5 relevant evidence, it would be useful and this factor weighs in favor of a continuance.

6 *United States v. Flynt, supra*, 756 F.2d at 1360; *United States v. Mejia, supra*, 69 F.3d at

7 315 ("A requested continuance would be useful if it would permit the [party] to introduce

8 evidence relevant to the issue at hand"). Parties moving for a continuance, moreover, need

9 not specifically identify what evidence will be obtained due to the continuance. *Id.*; *United*

10 *States v. Rivera- Guerrero*, 426 F.3d 1130, 1140 (9th Cir. 2005) ("When requesting a

11 continuance, a defendant is not required to demonstrate what specific evidence he would

12 present . . . a showing that evidence helpful to his position could be produced is

13 sufficient").

14          In *Flynt* the court found potential evidence regarding the defendant's mental state

15 relevant to the issue of whether he possessed the capacity to commit contempt. *United*

16 *States v. Flynt, supra*, 756 F.2d at 1360. Based on this, the court concluded that a

17 continuance to allow the defendant to obtain such evidence would be useful. *Id*. The court

18 also found that a continuance would be useful in a case where the defendant moved for a

19 continuance so that his expert could evaluate testimony regarding involuntary medication.

20 *United States v. Rivera-Guerrero, supra*, 426 F.3d at 1141. The court found that the

21 defendant's expert could potentially offer testimony that would counter testimony given by

22 the government's witnesses as to the effects of involuntary administration of anti-psychotic

23 drugs. *Id*. Because such testimony would be relevant, this factor weighed in favor of a

24 continuance. *Id*.

25 / / /

26

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-5-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ROBERT
NAGY'S MOTION TO CONTINUE TRIAL DATE AND ALL ASSOCIATED DEADLINES

In the present case there are numerous issues with respect to each Defendant. For example, the allegation that each violated IRC §6700 raises the issues of: whether each Defendant organized, sold, or participated in the organization or sale of an entity, plan, or arrangment; whether each Defendant made or caused to be made false or fraudulent statements concerning the tax benefits to be derived from the entity, plan, or arrangement; whether each Defendant knew or had reason to know that the statements were false or fraudulent; and whether the false or fraudulent statements pertained to a material matter. 26 U.S.C. 6700. The documents thus far produced by the United States are in response to discovery requests designed to obtain evidence relevant to such issues. *See* Federal Rules of Civil Procedure ("FRCP") Rule 26(b)(1). As such, a continuance that allows full review and analysis of these documents will potentially produce evidence relevant to these issues that could not otherwise be obtained on the current schedule. *See* Prountzos Declaration ¶6. As in *Flynt* and *Rivera-Guerrero* where the potential to obtain evidence relevant to the issue at hand made the granting of a continuance useful, so too here granting a continuance will be useful insofar as it will give the parties the opportunity to cull from the voluminous production evidence relevant to the multitude of issues in the present case.

### 3. Granting a Continuance Would Result in Negligible Inconvenience

This factor weighs the potential inconvenience to the parties, the Court, and the witnesses if a continuance is granted. *United States v. Mejia*, *supra*, 69 F.3d at 316. Because trial has not yet commenced and in fact is many months away, specific arrangements regarding non-party witnesses testifying at trial have likely not yet been made. As such, non-party witnesses will not be inconvenienced if a continuance is granted. The parties, furthermore, all agree in principle that a continuance is warranted in this case. Prountzos Declaration ¶5. The only disagreement concerns the length of the continuance, with only Chi-Hsiu Hsin and Optech Limited seeking a longer continuance.

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-6-

1  Certainly granting the continuance sought herein will not inconvenience these parties more

2  than denying this Motion would.  By their own representations, then, the parties will not be

3  inconvenienced by a continuance and this factor weighs in favor of a continuance.  *See*

4  *United States ex rel Holder v. Special Devices, Inc.*, 296 F.Supp.2d 1167, 1178 (C.D. Cal.

5  2003) (Where parties were in agreement as to continuance, but did not stipulate, the court

6  granted a continuance).

7       The defendant in *Flynt* sought a thirty-day continuance.  *United States v. Flynt*,

8  *supra*, 756 F.2d at 1356.  The appellate court found that granting a stay in that case would

9  not result in cognizable inconvenience to the trial court.  *Id*. at 1360.  It reasoned that the

10  court could recalendar the proceedings because the record showed that this would not

11  cause any scheduling difficulties for it.  *Id*.  In the present case, the continuance sought is

12  only a few weeks longer than the continuance sought in *Flynt*.  Also like *Flynt*, in this case

13  granting a continuance to May 18, 2009 will not cause scheduling difficulties for the court

14  insofar as only one trial is scheduled for that week and trial of the instant matter is not

15  expected to last beyond one week.  Prountzos Declaration ¶8.

16   **4.     The Parties Will Be Prejudiced Unless a Continuance Is Granted**

17       If a continuance is not granted, the parties will be prejudiced because their ability to

18  prepare for trial will be abridged and they will be forced to proceed to trial with less than

19  full information and preparation.  *Id*. at ¶6.  For example, experts will be retained based on

20  partial review of documents and materials produced, and those experts will have to base

21  their opinions on partial discovery because there will be no time for follow-up.  *Id*.  In a

22  case such as this where denying a continuance prevents the introduction of evidence, this

23  factor weighs the significance of that evidence.  *United States v. Mejia*, *supra*, 69 F.3d at

24  317.  In this case, because the voluminous production potentially contains evidence

25  relevant to all issues at hand, the significance of the evidence is at least substantial and is

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

26

-7-

1   potentially astounding.  If the parties are not given the opportunity to fully review all

2   discovery materials, they will be denied the chance to introduce evidence of potentially

3   pivotal importance and will consequently be heavily prejudiced.  This factor, therefore,

4   must weigh in favor of a continuance.  *See United States v. Flynt, supra*, 756 F.2d at 1361-

5   62 (defendant was severely prejudiced by denial of continuance which denied him chance

6   to present evidence regarding the essential issue before the court).

7   **B.    THE SCHEDULING ORDER SHOULD BE MODIFIED BECAUSE GOOD
        CAUSE HAS BEEN SHOWN WITH RESPECT TO THE NECESSITY OF A
8       CONTINUANCE**

9           On January 4, 2008 the Court issued an Order setting trial for March 23, 2009 and

10  also setting various other deadlines relative to that trial date.  Case Management and

11  Pretrial Order, Dkt. 27.  Such a scheduling order may only be modified for good cause and

12  with the consent of the Court.  FRCP 16(b)(4).  Whether good cause exists depends on

13  whether the party seeking modification has been diligent.  *Johnson v. Mammoth*

14  *Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  If a party's carelessness has lead to

15  the request to modify the scheduling order, this is not good cause and it should not be

16  modified.  *Id.*; *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir.

17  2002).  Conversely, where a party has been diligent but will be unable to meet the

18  scheduling order despite its efforts, the order may be modified.  *Johnson v. Mammoth*

19  *Recreations, Inc., supra*, 975 F.2d at 609; *Zivkovic v. Southern California Edison Co.*,

20  *supra*, 302 F.3d at 1087.  In other words, the focus of the inquiry is on the moving party's

21  reasons for seeking modification.  *Johnson v. Mammoth Recreations, Inc., supra*, 975 F.2d

22  at 609.

23          As shown above, the parties in the instant case have been diligent.  It is the diligent

24  effort of the parties to request and produce the voluminous discovery materials that

25  necessitates a continuance, not carelessness.  *See* Prountzos Declaration ¶3.  The volume of

26

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-8-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ROBERT
NAGY'S MOTION TO CONTINUE TRIAL DATE AND ALL ASSOCIATED DEADLINES

1    production requires more time for the parties to review and analyze the contents so that

2    they may act accordingly and properly prepare for trial. *Id.* at ¶¶4, 6.  The present case is

3    therefore unlike a case where plaintiff requested modification of the scheduling order after

4    the cut-off date for joining additional parties. *Johnson v. Mammoth Recreations, Inc.,*

5    *supra*, 975 F.2d at 606-7.    Plaintiff's counsel had failed to name the proper defendant,

6    even though counsel for the named defendant brought this to his attention in the answer, in

7    response to interrogatories, and in a letter explicitly offering to stipulate to a substitution of

8    the proper defendant. *Id.* at 609.  The court found that counsel for plaintiff "filed

9    pleadings and conducted discovery but failed to pay attention to the responses they

10   received." *Id.* at 610.  This, the court concluded, is not diligent conduct and is the type of

11   shoddy case management Rule 16 seeks to eliminate. *Id.*  Consequently, plaintiff failed to

12   show good cause. *Id.*  In contrast, in the present matter, a continuance is necessary not

13   because the parties have simply failed to pay attention to discovery responses, but because

14   the discovery responses have been so voluminous that they have been unable to review and

15   analyze all the materials produced. Prountzos Declaration ¶3-4.  In this case modification

16   of the scheduling Order is warranted because good cause has been shown with respect to

17   the necessity of a continuance.  Without a continuance the parties cannot reasonably meet

18   the pretrial schedule and cannot properly prepare for trial despite their diligent efforts. *Id.*

19   at ¶6.  A modification of the scheduling order to continue the trial date and all associated

20   deadlines is therefore warranted. *Johnson v. Mammoth Recreations, Inc., supra*, 975 F.2d

21   at 609; *Zivkovic v. Southern California Edison Co., supra*, 302 F.3d at 1087

## V.    CONCLUSION

23        Due to the voluminous production and length of discovery that was unanticipated

24   by the parties a continuance is necessary so that the parties may fully review and analyze

25   the documents and materials that have thus far been produced, may conduct follow-up

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

26

-9-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ROBERT
NAGY'S MOTION TO CONTINUE TRIAL DATE AND ALL ASSOCIATED DEADLINES

1   discovery and investigation as necessary, may engage experts who may then base their

2   opinions on the results of full discovery, and so that the parties may properly prepare for

3   trial.  Modifying the scheduling Order to continue the trial date and all associated

4   deadlines is warranted because good cause has been shown insofar as the parties have been

5   diligent but will not be able to properly prepare for trial under the current schedule despite

6   their diligent efforts.  Therefore, the trial date should be continued to May 18, 2008 and all

7   associated deadlines should be continued relative to the new trial date.

8

9   DATED:  September 4, 2008              JENKINS GOODMAN NEUMAN
                                          & HAMILTON LLP

10

11                                        By: /S/ Tom Prountzos _____
                                          TOM PROUNTZOS
12                                        Attorneys for ROBERT J. NAGY

13

14

15

16

17

18

19

20

21

22

23

24

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

25

26
                                          -10-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ROBERT
NAGY'S MOTION TO CONTINUE TRIAL DATE AND ALL ASSOCIATED DEADLINES