Edward O.C. Ord, Esq. (SBN 52123)
Ord & Norman
233 Sansome Street, Suite 1111
San Francisco, CA 94104
Telephone: (415) 274-3800
Facsimile: (415) 274-3838

Attorneys for Defendants
Charles Hsin and Optech Limited

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES CATHCART, SCOTT CATHCART, YURIJ DEBEVC, a/k/a YURI DEBEVC, ROBERT NAGY, DERIVIUM CAPITAL (USA), INC., VERIDIA SOLUTIONS, OPTECH LIMITED, CHIHSIU HSIN, a/k/a CHARLES HSIN, FRANKLIN THOMASON<br><br>Defendants. | Civil No. 07-4762-PJH<br><br>**DEFENDANTS HSIN AND OPTECH LIMITED'S ADMINISTRATIVE MOTION PURSUANT TO LOCAL RULE 7-11 TO CONTINUE THE ENTIRE CASE MANAGEMENT SCHEDULE ORDER** |

Pursuant to Local Rule 7-11 and the Federal Rules of Civil Procedure ("FRCP") Defendants CHARLES HSIN and OPTECH LIMITED (collectively "Defendants"), a Hong Kong Company, move this Court for an order extending all of the court deadlines in its scheduling order and the trial date of March 23, 2009.

As grounds the defendants assert:

1. Defendants were served on or about May 13, 2008.

2. Defendants sought time to answer or otherwise plead. The Court granted these extensions.

- 1 -

3. On July 15, 2008, Defendants filed motions pursuant to Federal Rules of Civil Procedure ("FRCP") 9(b), motion to dismiss for failure to plead fraud with particularity, and FRCP 12(e), motion for a more definite statement. These motions will be heard on September 10, 2008.

4. Defendants plan to file some meritorious, dispositive motions soon, which will raise new issues. Defendants have been delayed, in part, due to an inability to obtain declarations from certain persons.

5. These current deadlines are:

    a. The last day to amend pleadings was June 5, 2008.

    b. The cut-off date for the designation of experts was August 20, 2008.

    c. The cut-off date for non-expert discovery is September 3, 2008.

    d. The cut-off date for expert discovery is October 1, 2008.

    e. Dispositive motions must be heard by November 19, 2008.

    f. Trial is set for March 23, 2009.

6. Defendants, who are still in the pre-answer stage, are severely prejudiced because they have not been able to perform discovery or have time to select experts after discovery is completed. Defendants will continue to incur prejudice under the existing Scheduling Order.

7. Defendants are planning to conduct discovery into the United States investigative files and to depose certain currently as of yet unidentified IRS officials. However, with the current discovery cut-off date, such fundamental discovery will not be possible.

8. Based on discovery, a motion to suppress evidence may have to be filed.

9. Based on the above deadlines, Defendants are precluded from amending pleadings, obtaining fact discovery from the United States, and selecting and using any experts

- 2 -

at all because the United States waited until near the end of the proceeding to join Defendants in conjunction with the enforcement of the existing Scheduling Order.

10. The United States is still seeking to join Franklin Thomason whom the United States alleges to be a principal and director of defendant Optech Limited. The United States has just sought an order to serve Thomason by publication for personal jurisdiction purposes. The Court just granted the United States' motion to serve Thomason by publication in a newspaper based in or around Casa Grande, Arizona by October 20, 2008. Once that is done and if the Thomason then appears, by the time he moves or answers it will be closer to the current trial date.

11. With respect to Thomason, all of the serious existing deadlines will have run.

12. Defendants are and will be severely prejudiced by the current deadlines and the current trial date.

13. Defendants have a due process right under the Federal Rules of Civil Procedure ("FRCP") to be able to exercise all of their rights, including motion filings, discovery, selection of and discovery of other experts, and the United States must be required to follow all of the rules to obtain an injunction. Both exercises must be coexistent. No prejudice is required to be shown under the exercise of these rights because the FRCP is the implementation of the Due Process Clause in proceedings in the Federal Courts.

14. The United States should be allowed to be heard or object to the requested continuances and the Court should not act to create a result where the United States being able to take advantage of this late decision by the enforcement of the current Scheduling Order.

15. Discovery may have been taken before Defendants even appeared in this civil action.

16. No discovery has been received from the United States other than the initial

- 3 -

disclosure and, recently, a small part of the extensive discovery already produced to the other defendants – two of apparently eight digital discs containing documents. Indeed, Defendants understand from other parties in this case, that the eight discs contain 363,159 separate files. Some of these file are multiple-page files, including one file consisting of 692 pages. Defendants have not yet have an opportunity to analyze these documents, and again, to date, have only received two of the eight discs

17. The current imposition of the deadline precludes Defendants from exercising their rights under the FRCP.

18. Defendants request the same amount of time that the United States and the other defendants have been given to date conduct discovery and prepare for trial. The new proposed dates are set out in a proposed scheduling order.

19. Tax cases involving the 90% Stock Loan brought by taxpayers winding through the Federal Courts. The Court will have the benefit of these decisions. The Superior Court of California has previously granted summary judgment that the marketing of the loan transactions, including the 90% Stock Loan in issue in this civil action, were not the sale of securities but were bona fide loans.

20. The Court has control over all but one of the defendants via personal jurisdiction so the Court can continue any objected conducted on an interim basis.

21. It is Defendants' understanding that the United States is willing to stipulate to a short extension of two to three months. However, this short extension is insufficient for Defendants to conduct discovery, analyze the discovery, research and seek motions, prepare for trial, etc.

22. Defendants have been advised that the Court is fully booked, even double and triple booked, through 2009. Consequently, this creates a compelling basis to grant the changes

- 4 -

requested by the Defendants.

23. Accordingly, Defendants request that the deadlines in this matter be continued at least seven (7) months and five (5) days, which represents the extra time that the other defendants have had to prepare. Specifically, Defendants request that the Court set the deadlines as set out in the proposed order filed concurrently with this administrative motion. Due to the Court's double and triple booking for trials for 2009, an early setting in 2010 will be more appropriate and potentially more convenient for the Court.

24. This trial, with all the parties, will take more time than a week.

25. The Defendants request the Court to delay the ruling until the day of hearing on Defendants' "Motion to Dismiss or For a More Definite Statement Pursuant to FRCP 8(a), 8(e), 9(b), and 12(e)" on September 10, 2008.

26. A stipulation could not be obtained because the United States will not agree to give the Defendants the same amount of time the United States and the other parties have received to date as requested in this motion. The other parties have not been polled because we already know that they will not oppose this motion and will support it.

WHEREFORE, Defendants request the Court to grant this motion and sign the proposed order.

Dated: September 4, 2008                    Respectfully Submitted,

                                            ORD & NORMAN


                                            By /s/ Edward O.C. Ord
                                            Edward O.C. Ord, Esq.
                                            Attorney for Defendant Charles Hsin and Optech Limited

T:\Clients\7118\Motions\Motion to continue case management schedule order.doc

- 5 -

**CERTIFICATE OF SERVICE**

I hereby certify that on September 4, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Joseph P. Russoniello
United States Attorney
Thomas Moore
Assistant United States Attorney
Chief, Tax Division
9th Floor Federal Building
450 Golden Gate Avenue, Box 36055
San Francisco, California  94102
*Attorney for Plaintiff*

Allyson B. Baker
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
Ben Franklin Station
Washington, D.C. 20044
(allyson.b.baker@usdoj.gov)
*Attorney for Plaintiff*

HUONG T. BAILIE
Special Trial Attorney
160 Spear Street, 9th Floor
San Francisco, California  94105
*Attorney for Plaintiff*

ERIC L. WEBB
BARTSCH & WEBB
9157 W. Sunset Blvd., Suite 310
Los Angeles, California  90069
(ewebb@elwlaw.com)
*Attorney for Defendant Charles Cathcart*

Farley J. Neuman (fneuman@jgn.com)
Tom Prountzos (tprountzos@jgn.com)
Jenkins Goodman Neuman & Hamilton LLP
417 Montgomery Street, 10th Floor
San Francisco, California  94104
*Attorneys for Defendant, Robert Nagy*

David Bujannoff Porter, Jr.
(porter@woodporter.com)
Wood & Porter
333 Sacramento Street
San Francisco, California  94111
*Attorney for Defendant Scott Cathcart*

Matthew Hicks (mh@capdale.com)
Daniel Rosenbaum (dbr@capdale.com)
Caplin & Drysdale
One Thomas Circle, NW, Suite 1100
Washington, D.C. 20005
*Attorneys for Defendant Scott Cathcart*

Yuri Debevc (*pro se*)
(ydebevc@attglobal.net)
1483 Burningtree Road
Charleston, SC  29412

/s/ Edward O.C. Ord
EDWARD O.C. ORD

DEFENDANTS HSIN AND OPTECH LIMITED'S ADMINISTRATIVE MOTION PURSUANT TO
LOCAL RULE 7-11 TO CONTINUE THE ENTIRE CASE MANAGEMENT SCHEDULING ORDER