Edward O.C. Ord, Esq. (SBN 52123)
Ord & Norman
233 Sansome Street, Suite 1111
San Francisco, CA 94104
Telephone: (415) 274-3800
Facsimile: (415) 274-3838

Attorneys for Defendants
Charles Hsin and Optech Limited

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>CHARLES CATHCART, SCOTT CATHCART, YURIJ DEBEVC, a/k/a YURI DEBEVC, ROBERT NAGY, DERIVIUM CAPITAL (USA), INC., VERIDIA SOLUTIONS, OPTECH LIMITED, CHIHSIU HSIN, a/k/a CHARLES HSIN, FRANKLIN THOMASON<br><br>  Defendants. | Civil No. 07-4762-PJH<br><br>**DECLARATION OF EDWARD O. C. ORD IN SUPPORT OF THE DEFENDANTS HSIN AND OPTECH LIMITED'S ADMINISTRATIVE MOTION PURSUANT TO LOCAL RULE 7-11 TO CONTINUE THE ENTIRE CASE MANAGEMENT SCHEDULE ORDER** |

I, EDWARD ORD, declare as follows:

1. I am a member in good standing of the Bar of this Court.

2. Here are the relevant procedural facts to date:

   a. The above civil action was filed on September 17, 2007.

   b. Very late in the proceedings this Court ordered the First Amended Complaint to be filed on April 18, 2008. The First Amended Complaint was filed on April 23,

- 1 -

DECLARATION OF EDWARD O.C. ORD IN SUPPORT OF THE ADMINISTRATIVE MOTION OF HSIN AND OPTECH LIMITED PURSUANT TO LOCAL RULE 7-11 TO CONTINUE THE ENTIRE CASE MANAGEMENT SCHEDULING ORDER

2008. The Moving Defendants, Charles Hsin and Optech Limited ("Moving Defendants" or "Defendants"), were served the First Amended Complaint on May 13, 2008.

   c. The Court had the following deadlines in effect prior to service of the First Amended Complaint on Defendants pursuant to its Civil Minute Order of January 3, 2008 (other than item 1):

1. The last day to amend pleadings is June 5, 2008.
2. The cut-off date for the designation of experts is August 20, 2008.
3. The cut-off date for non-expert discovery is September 3, 2008.
4. The cut-off date for expert discovery is October 1, 2008.
5. Dispositive motions must be heard by November 19, 2008.
6. Trial is set for March 23, 2009.

   d. Again, the Moving Defendants were joined as parties by virtue of the filing of the amended complaint on April 23, 2008. After a reasonable extension of times approved by the Court, the Defendants have moved expeditiously by filing a series of meritorious, good faith non-dispositive motions. The Defendants have not been able to file dispositive motions on technical grounds due to the inability to obtain certain declarations to date.

   e. The motions are set for hearing on September 10, 2008.

   f. The Defendants are not required to file an answer until ten (10) days after the above motions are decided.

   g. The deadline of June 5, 2008 cutting off the right to amend pleadings had already run before the Defendants had even filed the first motion on June 15, 2008. The second deadline on the designation of experts ran on August 20, 2008. Yet, the good faith motions have not even been heard. The third discovery deadline cutting off non-expert discovery will have run before the Defendants are required to answer the complaint on September 3, 2008.

     3.     The Defendants and their counsel have and continued to be severely prejudiced by the continued enforcement of the current case management order entered near the beginning of this case that gave the U.S. and the other defendants seven additional months that Defendants CHARLES HSIN and OPTECH LIMITED (collectively "Defendants") are being denied.

     4.     The Defendants received initial disclosures and, recently, a small part of the discovery from the U.S. that have been provided to the other defendants much earlier. Yet, prejudicial cutoffs with respect to the Defendants have resulted.

     5.     The Defendants have drafted, very meritorious, dispositive motions based on mootness, certain constitutional grounds, estoppel, other new grounds and some narrow jurisdictional grounds. These motions will raise new issues and grounds in this civil action.

     6.     These motions have not been filed because the Defendants have been delayed by promised, but not yet provided, needed declarations for various reasons. We anticipate this problem will be cured shortly so these motions can be filed with this Court this month.

     7.     Extensive discovery will be needed into the ways and means in which the IRS initially obtained the information about the operation of the loan operation now complained of in this civil action. The discovery may result in the development of a basis for suppression and/or exclusion of evidence. In fact, grounds may result in the exclusion of almost all of the evidence presently relied on by the United States in this civil action. This will have to be developed by discovery.

     8.     Extensive depositions of numerous IRS officials and other persons will need to be taken in any event with respect to the issues framed in this case.

     9.     Under the current enforcement of the scheduling order, Defendants cannot evaluate the small part of discovery produced recently and discovery that have yet to be provided from the U.S. and then engage in the necessary discovery in any area or based on helpful evidence that is buried in the IRS' investigative files that is later discovered.

DECLARATION OF EDWARD O.C. ORD IN SUPPORT OF THE ADMINISTRATIVE MOTION OF HSIN AND OPTECH LIMITED PURSUANT TO LOCAL RULE 7-11 TO CONTINUE THE ENTIRE CASE MANAGEMENT SCHEDULING ORDER

10. Defendants are severely prejudiced because they have not been able to perform discovery or have time to select experts after discovery is to be completed. Defendants will continue to incur prejudice.

11. Tax cases involving the 90% Stock Loan are winding through the Federal Courts. The Court will have the benefit of these decisions if the continuances are granted.

12. One Superior Court of California has previously granted summary judgment that the marketing of the loan transactions, including the 90% Stock Loan transaction in issue in this civil action, were not the sale of securities but bona fide loans. This definitely impeaches the complaint that the loan transactions are false.

13. In light of the above, the following factors and our compliance with these factors should be considered by the Court:

    a. the extent of Defendants' diligence in their efforts to ready their defense prior to the date set for hearing,

    b. the likelihood that the need for a continuance could have been met if the continuance had been granted,

    c. the extent to which granting the continuance would have inconvenienced the court and the opposing party, including its witnesses, and

    d. the extent to which the Defendants might have suffered harm.

The The Moving Defendants were joined as parties on April 18, 2008 and were served on May 13, 2008.

14. The Defendants were joined as parties on April 18, 2008 and were served on May 13, 2008. After being served, the Defendants diligently exercised their due process rights under the Federal Rules of Civil Procedure ("FRCP") by filing good faith non-dispositive motions, including motions for more specific pleadings. These motions are currently under consideration by this Court. However, by the time these motions are decided, the above crucial deadlines will have already passed through no fault of the Defendants. Despite any vigorous

- 4 -

due diligence, the election of the U.S. to bring in the Defendants so late into the case defeats the more than sufficient due diligence the Defendants could have and did exercise.

14.     The Defendants believe that it is necessary for this Court to decide on the meritorious non-dispositive motions so the Defendants can answer the specific pleadings under the rules. The U.S. elected to file a vague, conclusory complaint which lumped the defendants together.  The complaint is currently so vague that FRCP 9(b) and 12(e) motions were necessary.

15.     After the proper disclosures are made by the Plaintiff, the Defendants will request documents and conduct interrogatories.  Then, the Defendants will take depositions of government officials and third party witnesses,[1] conduct discovery and research, and select the needed experts after discovery.  However, the Defendants are currently barred from exercising their rights under the FRCP.

16.     The Defendants plan to file dispositive motions that present new meritorious issues, including constitutional issues, issues relating to the Administrative Procedures Act, estoppel issues, and mootness issues, which the Defendants wish to pursue if the non-dispositive motions are denied.  Currently, the Defendants have had difficulty in obtaining certain declarations.  Defendants anticipate that these declarations will be obtained shortly.

17.     At the present time the Court has personal jurisdiction over all defendants in this proceeding, except one.  If a defendant acts inappropriately, the Court can use its inherent supervision powers to put a stop to such actions.  The Plaintiff will thus not be inconvenienced whatsoever by granting this continuance.  Moreover, the government will not be inconvenienced because any inconvenience objection has been waived due to the fact that the government chose to add the Defendants at such a late date in the proceedings.[2]

---

[1] The Government has already taken depositions and other discovery in the past.
[2] The Government could have filed a separate civil action for an injunction against the Moving Defendants but chose not to.  Also, the Government is still seeking to serve Franklin Thomason alleged to be a principal and director of Optech Limited.  The Court granted the Government's motion recently and required that Thomason be served by publication no later than October 20,

- 5 -

18. The 90% Stock Loan transaction is actively being litigated by taxpayers in the Federal Courts. By granting a continuance, the Court will have the benefit of these decisions on the merits of the loan transaction. As stated above in ¶12, one state superior court has granted summary judgment holding all the loans in issue in this civil action were not the sales of securities but bona fide loans. Thus, the continuance would put the Court in a much more informed position and would not inconvenience the Court as the Court is double and triple booked through 2009 or any opposing party whatsoever as everyone is seeking more time, including the Plaintiff.

19. Under the current deadlines, by the time the motions are decided the Defendants cannot amend any pleadings and could not conduct non-expert discovery at all before an answer is filed. Even more egregious, no discovery has been received from the Government other than the initial disclosure and, recently, a small part of the extensive discovery already produced to the other defendants – two of apparently eight digital discs containing documents. Indeed, Defendants understand from other parties in this case that the eight discs contain 363,159 separate files. Some of these files are multiple-page files, including one file consisting of 692 pages. Defendants have not yet have an opportunity to analyze these documents, and again, to date, have only received two of the eight discs.

20. Furthermore, the Defendants should be entitled to at least the same amount of time to perform discovery and trial preparation as the other defendants after evaluation of the massive materials to be delivered in the future. The other defendants in this action had approximately seven (7) extra months to react, conduct research, develop discovery, conduct interrogatories, and attend the many depositions conducted by the Government. The Moving Defendants should be allowed the same amount of time given to the other defendants to conduct discovery, perform research, and adequately prepare for trial.

---

2008. By the time publication is obtained and if Thomason answers, it will be closer to trial and all serious deadlines with respect to Thomason will have run.

- 6 -

21. Under the current facts, deadlines, and procedure, harm is not only great, but fatal with respect to defending the civil action.

22. Due process requires the Court to apply the Federal Rules of Civil Procedure and deadlines so that fundamental unfairness does not result. In the instant case, the denial of a continuance would be fundamentally unfair. The Moving Defendants do not have the same amount of time as the other defendants to make non-dispositive and dispositive motions, conduct investigations, conduct discovery, and prepare for trial as guaranteed by the FRCP. The other defendants have had seven (7) extra months to exercise their rights under the FRCP. The government has taken years of investigation and preparation, including using IRS administrative summons and other investigative tools.

23. Unfairness exists as well due to the fact that most of the major critical deadlines have or are about to run while the Moving Defendants are still in the pleading stage. Three of the imminent deadlines have run, including the ability to amend pleadings, designate experts and conduct discovery. Also, when the Defendants were joined as a party the government had already taken discovery.

24. Despite the efficient and diligent speed with which the Defendants are moving, a continuance is necessary because of the imminence of the current deadlines. This current situation is due to no fault of the Moving Defendants, but can only be attributed to the lateness with which the government chose to join the Defendants as a party and the continued enforcement of a schedule order treating the Moving Defendants as if they had been named and served under the original complaint.

25. The courts in conducting their proceedings are required to conduct them so that the courts are not infringing on the constitutional rights of the parties. The courts are also required to conduct their proceedings in a manner to avoid these types of constitutional issues.

DECLARATION OF EDWARD O.C. ORD IN SUPPORT OF THE ADMINISTRATIVE MOTION OF HSIN AND OPTECH LIMITED PURSUANT TO LOCAL RULE 7-11 TO CONTINUE THE ENTIRE CASE MANAGEMENT SCHEDULING ORDER

26. By granting the continuance, the court would also avoid the situation of whether a civil injunction would deny the Defendants their constitutional right to a jury trial, which they are entitled to with respect to any civil penalty imposition.

27. A stipulation has been signed by the parties that extends the deadlines as follows:

   a. The date to amend the pleading will be continued from June 5, 2008 to December 5, 2008.
   b. The expert disclosure date will be continued from August 20, 2008 to December 20, 2008.
   c. The non-expert discovery cut-off will be continued from September 3, 2008 to January 3, 2009.
   d. The expert discovery cut-off will be continued from October 1, 2008 to February 1, 2009.
   e. The deadline to hear dispositive motions will be continued from November 19, 2008 to February 19, 2009.
   f. This stipulation is without prejudice to any party's right to bring a motion for a further modification of the Court's case management and pretrial orders or for a continuance of the trial date.

This stipulation was rejected by the Court.

28. All parties acknowledge in the stipulation that written discovery has been much more extensive than had been anticipated and the parties need additional time to evaluate the various claims and defenses raised and to conduct additional necessary discovery. The stipulation points to the fact that the Plaintiff has produced eight (8) digital discs containing 363,159 separate files. Some of these files are multi-page files, including one file consisting of 692 pages. Furthermore, Discs 7 and 8, which contain a total of 105,743 separate files, were just recently produced on July 18, 2008. Again, only two of the eight discs have been provided to the Moving Defendants and Defendants have not yet had an opportunity to analyze any of the documents. The Moving Defendants would be unable to evaluate meaningfully the above documents and to conduct any necessary follow-up investigation and discovery under the

existing deadlines.  The Moving Defendants are barred from taking affirmative discovery.  The Moving Defendants wish to state their needs as clearly as possible.

Therefore, the Court should grant the extension of the deadlines by seven (7) months to give the Moving Defendants the same amount of time as the other parties, including future dispositive motions.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  September 4, 2008

By  /s/ Edward O.C. Ord
    Edward O.C. Ord

T:\Clients\7118\Motions\Motion to continue case management schedule order Ord decl.doc

- 9 -

DECLARATION OF EDWARD O.C. ORD IN SUPPORT OF THE ADMINISTRATIVE MOTION OF HSIN AND OPTECH LIMITED PURSUANT TO LOCAL RULE 7-11 TO CONTINUE THE ENTIRE CASE MANAGEMENT SCHEDULING ORDER

# CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Joseph P. Russoniello
United States Attorney
Thomas Moore
Assistant United States Attorney
Chief, Tax Division
9th Floor Federal Building
450 Golden Gate Avenue, Box 36055
San Francisco, California  94102
*Attorney for Plaintiff*

Allyson B. Baker
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
Ben Franklin Station
Washington, D.C. 20044
(allyson.b.baker@usdoj.gov)
*Attorney for Plaintiff*

HUONG T. BAILIE
Special Trial Attorney
160 Spear Street, 9th Floor
San Francisco, California  94105
*Attorney for Plaintiff*

ERIC L. WEBB
BARTSCH & WEBB
9157 W. Sunset Blvd., Suite 310
Los Angeles, California  90069
(ewebb@elwlaw.com)
*Attorney for Defendant Charles Cathcart*

Farley J. Neuman (fneuman@jgn.com)
Tom Prountzos (tprountzos@jgn.com)
Jenkins Goodma Neuman & Hamilton LLP
417 Montgomery Street, 10th Floor
San Francisco, California  94104
*Attorneys for Defendant, Robert Nagy*

David Bujannoff Porter, Jr.
(porter@woodporter.com)
Wood & Porter
333 Sacramento Street
San Francisco, California  94111
*Attorney for Defendant Scott Cathcart*

Matthew Hicks (mh@capdale.com)
Daniel Rosenbaum (dbr@capdale.com)
Caplin & Drysdale
One Thomas Circle, NW, Suite 1100
Washington, D.C. 20005
*Attorneys for Defendant Scott Cathcart*

Yuri Debevc (*pro se*)
(ydebevc@attglobal.net)
1483 Burningtree Road
Charleston, SC  29412

/s/ Edward O.C. Ord
EDWARD O.C. ORD

- 10 -

DECLARATION OF EDWARD O.C. ORD IN SUPPORT OF THE ADMINISTRATIVE MOTION OF HSIN AND OPTECH LIMITED PURSUANT TO LOCAL RULE 7-11 TO CONTINUE THE ENTIRE CASE MANAGEMENT SCHEDULING ORDER