FARLEY J. NEUMAN, ESQ. (SBN 100021)
TOM PROUNTZOS, ESQ. (SBN 209409)
JENKINS GOODMAN NEUMAN & HAMILTON LLP
417 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone:  (415) 705-0400
Facsimile:   (415) 705-0411

Attorneys for ROBERT J. NAGY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA (San Francisco Division)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHARLES CATHCART, et al.,<br><br>Defendants. | Case No. C-07-4762-PJH<br><br>**DEFENDANT ROBERT J. NAGY'S ADMINISTRATIVE MOTION TO CONTINUE THE TRIAL DATE AND ALL ASSOCIATED DEADLINES**<br><br>DEPT:   Room 3, 17th Floor<br><br>TRIAL:  March 23, 2009 |

## I.  INTRODUCTION

In this case Plaintiff UNITED STATES OF AMERICA ("United States") seeks an injunction against Defendant ROBERT J. NAGY ("Mr. Nagy") and Co-Defendants pursuant to sections 7402(a) and 7408 of the Internal Revenue Code ("IRC"). The United States alleges violations of sections 6700 and 6701 of the IRC.

Discovery in this matter is currently being conducted. Mr. Nagy is now requesting a continuance of the trial date and all associated deadlines so that the parties will be able to review the voluminous discovery produced to date, conduct follow-up as necessary, and properly prepare for trial.

-1-

## II.  STATEMENT OF RELIEF SOUGHT

Mr. Nagy seeks a continuance of the trial date from March 23, 2009 to May 18, 2009 (56 day continuance) and an attendant continuance of the following deadlines associated with the trial date as follows: (a) expert disclosure deadline continued from August 20, 2008 to October 15, 2008; (b) non-expert discovery cut-off continued from September 3, 2008 to October 29, 2008; (c) expert discovery cut-off continued from October 1, 2008 to November 26, 2008; and (d) deadline to hear dispositive motions continued from November 19, 2008 to January 14, 2009.

## III.  BACKGROUND

The United States initiated this action by filing a Complaint on September 17, 2007.[1] United States' Complaint, Dkt. 1.  Mr. Nagy answered the Complaint on November 19, 2007.  Answer by Robert J. Nagy, Dkt. 3.  The other Defendants subsequently also answered the Complaint.  In due course discovery began and presently continues.

Discovery in this matter is more complicated and time consuming than anticipated by the parties.  Declaration of Tom Prountzos in Support of Defendant Robert J. Nagy's Motion to Continue the Trial Date and All Associated Deadlines ("Prountzos Declaration") ¶3.  To date discovery has resulted in voluminous production of documents and materials, and more is still expected.  *Id*.  Thus far, for example, the United States has produced eleven (11) digital discs worth of production.  *Id*.  These discs contain ate least 435,000 separate files.  *Id*.  Many of these files, moreover, contain multiple pages, including one that is 692 pages long.  *Id*.  Discs 7 and 8, which were produced in July, together contain more than 100,000 separate files, and Discs 9,

---

1  This Complaint was amended for the first time on April 23, 2008. United States' First Amended Complaint, Dkt. 57.

Jenkins Goodman Neuman & Hamilton LLP
417 Montgomery St.
10th Floor
San Francisco, CA 94104
(415) 705-0400

-2-

DEFENDANT ROBERT J. NAGY'S ADMINISTRATIVE MOTION TO CONTINUE THE TRIAL DATE AND ALL ASSOCIATED DEADLINES
f:\docs\fjn\u.s. v. nagy\motions\motion-admin\08-0905-admin motion to continue.doc

10 and 11, which were produced on August 15, 2008, contain over 85,000 files not including the files on Disc 10, which currently cannot be opened due to an apparent defect in the manner in which the information was saved. *Id.*

Under the current schedule the parties will be unable to meaningfully evaluate these documents and materials. *Id.* at ¶4. The parties will also be unable to conduct any necessary follow-up discovery and investigation. *Id.* Additionally, the parties need more time than provided by the present schedule so that they may obtain qualified experts and so that the experts may review all relevant materials. *Id.* If a continuance is not granted, the parties will not be able to properly prepare for trial. *Id.* at ¶6.

All parties agree that a continuance is warranted. *Id.* at ¶5. The only disagreement concerns the length of the continuance. *See id.* Most parties agree that a continuance to May 18, 2009 will be sufficient. *Id.* Counsel for Defendants CHI-HSIU HSIN and OPTECH LIMITED believes that a longer continuance is necessary and has brought his own motion to that end. *Id.* He will not stipulate to this Motion on the chance that doing so may prejudice his own motion. *Id.* With that exception, the parties are essentially in agreement. *See id.*

The parties previously submitted a stipulation and proposed order modifying the scheduling order. *Id.* at ¶7. The Court did not sign this order because it may have allowed dispositive motions to be heard less than 120 days before trial. *Id.* The present Motion seeks to continue the trial date and all deadlines associated with the trial date. As such, granting the continuance sought herein will not adversely affect the Court's requirement that dispositive motions be heard at least 120 days before trial. *Id.*

The original trial date is March 23, 2009. Continuing the trial date to May 18, 2009 will push the trial back by less than two months. The parties believe that continuing the trial date to May 18, 2009 would be convenient for the Court because

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-3-

there is only one trial scheduled for that week and trial of the instant matter is not expected to last longer than one week. *Id.* at ¶8. Granting this continuance should involve only a minimal disruption of the schedule. *Id.* at ¶9.

If a continuance is not granted, the parties will be prejudiced because their ability to prepare for trial will be abridged and they will be forced to proceed to trial with less than full information and preparation. *Id.* at ¶6. For example, experts will be retained based on partial review of documents and materials produced, and those experts will have to base their opinions on partial discovery because there will be no time for follow-up. *Id.* In a case such as this where denying a continuance prevents the introduction of evidence, this factor weighs the significance of that evidence. *United States v. Mejia*, 69 F.3d 309,317. In this case, because the voluminous production potentially contains evidence relevant to all issues at hand, the significance of the evidence is at least substantial and is potentially astounding. If the parties are not given the opportunity to fully review all discovery materials, they will be denied the chance to introduce evidence of potentially pivotal importance and will consequently be heavily prejudiced. This factor, therefore, must weigh in favor of a continuance. *See United States v. Flynt,* 756 F.2d 1352, 1361-1362 (9th Cir. 1985) (defendant was severely prejudiced by denial of continuance which denied him chance to present evidence regarding the essential issue before the court).

## IV.  GOOD CAUSE HAS BEEN SHOWN

As shown above, the parties in the instant case have been diligent. It is the diligent effort of the parties to request and produce the voluminous discovery materials that necessitates a continuance, not carelessness. *See* Prountzos Declaration ¶3. The volume of production requires more time for the parties to review and analyze the contents so that they may act accordingly and properly prepare for trial. *Id.* at ¶¶4, 6.

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-4-

In the present matter, a continuance is necessary not because the parties have simply failed to pay attention to discovery responses, but because the discovery responses have been so voluminous that they have been unable to review and analyze all the materials produced. Prountzos Declaration ¶3-4. Without a continuance the parties cannot reasonably meet the pretrial schedule and cannot properly prepare for trial despite their diligent efforts. *Id*. at ¶6. A modification of the scheduling order to continue the trial date and all associated deadlines is therefore warranted.

## V. CONCLUSION

Due to the voluminous production and length of discovery that was unanticipated by the parties a continuance is necessary so that the parties may fully review and analyze the documents and materials that have thus far been produced, may conduct follow-up discovery and investigation as necessary, may engage experts who may then base their opinions on the results of full discovery, and so that the parties may properly prepare for trial. Modifying the scheduling Order to continue the trial date and all associated deadlines is warranted because good cause has been shown insofar as the parties have been diligent but will not be able to properly prepare for trial under the current schedule despite their diligent efforts. Therefore, the trial date should be continued to May 18, 2008 and all associated deadlines should be continued relative to the new trial date.

DATED: September 5, 2008        JENKINS GOODMAN NEUMAN
                                & HAMILTON LLP


                                By: */s/ Tom Prountzos*
                                TOM PROUNTZOS
                                Attorneys for ROBERT J. NAGY

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-5-

DEFENDANT ROBERT J. NAGY'S ADMINISTRATIVE MOTION TO
CONTINUE THE TRIAL DATE AND ALL ASSOCIATED DEADLINES
f:\docs\fjn\u.s. v. nagy\motions\motion-admin\08-0905-admin motion to continue.doc