JOSEPH P. RUSSONIELLO
United States Attorney
THOMAS MOORE (ASBN 4305-O78T
Assistant United States Attorney
Chief, Tax Division
9th Floor Federal Building
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-6935
HUONG T. BAILIE (NYBN 4035739)
300 E. 8th Street, Suite 601
Austin, TX 78701
Telephone: (512) 499-5759
ALLYSON B. BAKER (DCBN 478073)
FREDERICK N. NOYES
Tax Division
U.S. Department of Justice
Post Office Box 7238
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 202-353-8031
Facsimile: (202) 514-6770
Email: allyson.b.baker@usdoj.gov

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHARLES CATHCART *et al*. )<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 07-4762-PJH<br><br>UNITED STATES' RESPONSE TO CHARLES HSIN'S AND OPTECH LIMITED'S ADMINISTRATIVE MOTION TO CONTINUE THE ENTIRE CASE MANAGEMENT SCHEDULE ORDER |

The United States respectfully submits this memorandum opposing Charles Hsin's ("Hsin") and Optech Limited's ("Optech") request for an eleven-month extension of the litigation

schedule. *See* Charles Hsin and Optech Limited's Motion, Pursuant to Local Rule 7-11[1] to Continue the Entire Case Management Schedule Order, Dkt. No. 111 (hereinafter "the Mot.").

The United States agrees that an extension of the litigation schedule is appropriate. For this reason, the United States agrees that Nagy's proposed continuance of the trial schedule, which is reasonable, should be adopted by the Court. *See* Robert Nagy's Mot. to Continue the Trial Date and All Associated Deadlines, Dkt. No. 113.

Hsin's and Optech's request for an eleven-month extension is unreasonable and without any basis. An eleven-month extension would substantially prejudice the United States, which is seeking to enjoin defendants from promoting an alleged tax-fraud scheme that is believed to have cost the United States millions of dollars in unpaid tax revenue. *See* First Am. Compl. ¶83, Dkt. No. 57.

Hsin and Optech have consistently engaged in delay tactics. The United States served Hsin and Optech with the First Amended Complaint (amended to add them and Franklin Thomason, another party, as defendants) on May 13, 2008. *See* Affidavit of Service, Dkt. # 74. Hsin and Optech sought two extensions of time for responding to the complaint. They sought and received an initial extension of time on grounds that their counsel needed more time to assess the case and run a conflicts check. *See* Stip. for Enlargement of Time to File Answer to United States' First Am. Compl., Dkt. No. 69. The United States agreed to a twenty-eight day extension. *See id.* Right before that first extension was going to run, Hsin's and Optech's counsel moved the Court for a second extension, with the possibility of seeking a third extension, claiming that during the time allotted for the first extension, their ethics counsel had been on vacation and that the conflicts check was still not complete. *See* Ex Parte Application to Extend Time To Answer and Declaration, Dkt. Nos. 73, 77. Ultimately, the United States agreed to provide Hsin and

---

[1] Local Rule 7-11 pertains to motions for administrative relief, which relate to instances when "the Court recognizes that during the course of case proceedings a party may require a Court order with respect to miscellaneous administrative matters, not otherwise governed by a federal statute, Federal or local rule or standing order of the assigned judge." Hsin and Optech seek to amend the Court's Case Management and Pretrial Order, Dkt. No. 27.

Optech with a total of sixty-three days for responding to the complaint. *See* United States' Response to Hsin's and Optech's Mot. for Extension of Time to Answer Compl., Dkt. No. 79. Hsin and Optech then moved to dismiss the case; a hearing on that motion is scheduled for September 10.

Now, Hsin and Optech seek eleven more months, because they contend that they have not been able to perform any discovery. *See* Mot. at ¶6. Hsin and Optech, however, have chosen not to propound any written discovery to date. During an August 26 telephone conversation with counsel for the United States, Edward Ord, apparent counsel for Hsin and Optech, explained that he could not yet propound written discovery, because among other things, a conflicts check is still not complete and he may have to withdraw from his representation of Hsin and Optech. *See* Baker Decl. ¶4, Ex. A. The Government served Hsin and Optech over three months ago. Hsin's and Optech's counsel have had adequate time to assess whether any such conflicts of interest exist. Their failure to complete this process hardly justifies adding an additional eleven months to the litigation schedule.

Ord already has more than a passing knowledge of the relevant facts of this case. Ord represented Derivium Capital before the IRS' investigation that gave rise to this litigation. *See* Decl. of Edward O.C. Ord In Opposition to the Trustee's Motion to Convert the Chapter 11 Proceeding to Chapter 7 (S.D. N.Y. No. 05-37491 (CGM)), ¶¶ 4-7, Ex. B. Indeed, the bankruptcy proceeding referenced above and now pending in the United States District Court for the District of South Carolina has been the source for nearly all of the documents that the Government has provided to the defendants in this litigation. The overwhelming majority of these documents are from the working files of the defendants in this case, who previously provided these files to the special counsel for the trustee; the United States has produced those files back to the defendants. During their August 26 telephone conversation, counsel for the United States also informed Ord that the United States will be producing to Hsin and Optech imminently all of these very same documents. *See* Baker Decl. ¶5. Ord indicated that he was authorized to accept this production. *See id.*

3

Hsin also apparently anticipated being named as a defendant in this case. Charles Cathcart testified during his recent deposition that he spoke with Hsin about this litigation in September 2007, which is when this case was first filed, because Hsin wanted to retain an attorney to represent him. Cathcart explained:

> Q: When was the last time you had a communication with him [Charles Hsin]?
> A: I think last September.
> Q: Last September 2007?
> A: Right.
> Q: And what was the nature of that communication?
> A: To recommend an attorney for him.
> Q: For what purpose?
> A: For this litigation.
> Q: Who did you recommend?
> A: Edward Ord.
> Q: Do you know if Mr. Hsin took your recommendation?
> A: I believe he did.

Cathcart Dep. Tr. 105:4-18, Ex. D.[2] Hsin's and Optech's request for an eleven-month extension is unreasonable and without any basis.

**Conclusion**

For all of the foregoing reasons, the United States respectfully requests that the Court deny Hsin's and Optech's request for an eleven-month extension of the litigation schedule and adopt Robert Nagy's proposed litigation schedule.

---

[2] Hsin and Optech also contend that an eleven-month extension of the litigation schedule is necessary, because the Government has not yet served Franklin Thomason, another named defendant. *See* Mot. at ¶10. Since early May, the United States has employed two sets of revenue officers and a private process server to serve Thomason at his last known address, all to no avail. *See* United States' Mot for an Extension of Time in Which To Serve Franklin Thomason and for Permission to Serve by Publication; Order Granting United States' Motion, Dkt. Nos. 97,99. The United States should not suffer any more prejudice by having to postpone its litigation schedule for nearly one year because of one defendant who has consistently evaded service.

4

Dated: September 8, 2008

                                        Respectfully submitted,

                                        JOSEPH P. RUSSONIELLO  
                                        United States Attorney

                                        /s/ Allyson B. Baker  
                                        ALLYSON B. BAKER  
                                        FREDERICK N. NOYES  
                                        Tax Division  
                                        U.S. Department of Justice  
                                        Post Office Box 7238  
                                        Ben Franklin Station  
                                        Washington, D.C.  20044  
                                        Telephone: (202) 353-8031

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2008 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Farley J. Neuman (fneuman@jgn.com)
Tom Prountzos (tprountzos@jgn.com)
Jenkins Goodman Neuman & Hamilton LLP
417 Montgomery Street, 10th Floor
San Francisco, CA 94104
*Attorneys for Robert Nagy*

Matthew Hicks (mh@capdale.com)
Caplin & Drysdale
One Thomas Circle, NW, Suite 1100
Washington, DC 20005
*Attorney for Scott Cathcart*

Eric Webb (ewebb@elwlaw.com)
Bartsch & Webb
9157 W. Sunset Boulevard, Suite 310
Los Angeles, CA 90069
*Attorney for Charles Cathcart*

Edward O.C. Ord
Jenny C. Lin-Alva
Ord & Norman
233 Sansome Street, Suite 1111
San Francisco, CA 94104
*Attorneys for Charles Hsin and Optech Limited*

Yuri Debevc (*pro se*)
1483 Burningtree Road
Charleston, SC 29412
ydebevc@attglobal.net

                    s/ Allyson B. Baker
                    ALLYSON B. BAKER