United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

CHARLES CATHCART, et al.,

    Defendants.

_____/

No. C 07-4762 PJH

**ORDER DENYING MOTION TO STAY**

    Defendant's motion to stay the proceedings against him, or in the alternative to sever all claims and transfer venue pursuant to 28 U.S.C. § 1404(a), came on for hearing before this court on September 10, 2008. Plaintiff, the United States of America, appeared through its counsel, Frederick N. Noyes, and defendant Robert Nagy ("Nagy") appeared through his counsel, Farley J. Neuman. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES defendant's motion to stay and alternative request for severance and transfer, for the reasons stated at the hearing, and summarized as follows:

    This is Nagy's second request for a stay. In June 2008, the court denied Nagy's first request, in view of the fact that Nagy had not yet filed a refund action in South Carolina, thus making any determination on the merits of a stay – on grounds that litigation of the instant equitable claims against him would violate his Seventh Amendment jury trial rights in a collateral South Carolina refund action – premature. Now, however, Nagy seeks a stay based on the recent and actual filing of that refund action in South Carolina. Specifically, Nagy asserts that a stay is warranted because any resolution of the issue whether Nagy violated 26 U.S.C. § 6700 in the instant equitable action will occur via bench trial, and will

apply via collateral estoppel in the South Carolina refund action, thereby violating his Seventh Amendment right to a jury trial.

The court need not delve into any detailed analysis of Nagy's argument, however, in order to reject it as unpersuasive and more importantly, futile.  For in <u>Parklane Hosiery Co., Inc. v. Shore</u>, 439 U.S. 322 (1979), the Supreme Court addressed the precise issue that Nagy raises here, and decided that neither a conflict nor any Seventh Amendment right to jury trial violation exists in circumstances where a defendant is collaterally estopped from adjudicating an issue before a jury on grounds that the same issue was previously decided in a foregoing equitable action.  The <u>Parklane Hosiery</u> Court explicitly framed the question before it as follows: "whether, notwithstanding the law of collateral estoppel, the use of offensive collateral estoppel ... would violate the petitioners' Seventh Amendment right to a jury trial."  <u>See Parklane Hosiery</u>, 439 U.S. at 333.  The Court then proceeded to answer that question in the negative, noting that both in terms of historical context and prior case law, the Court had recognized "that an equitable determination could have collateral-estoppel effect in a subsequent legal action...".  <u>See id</u>.  The Court then continued its analysis with the observation that petitioner had presented no reason why, "despite the strong support to be found both in history and in the recent decisional law of this Court for the proposition that an equitable determination can have collateral-estoppel effect in a subsequent legal action," the application of collateral estoppel would nevertheless violate the petitioner's seventh amendment right to a jury trial.  Indeed, the Court concluded, the seventh amendment "has never been interpreted in the rigid manner advocated by the petitioners," and it affirmed the Second Circuit's decision to reverse the trial judge's denial of summary judgment on collateral estoppel grounds.

<u>Parklane Hosiery</u> is therefore directly on point, and counsels against a finding that Nagy's Seventh Amendment right to a jury trial is jeopardized by requiring the parties to litigate the equitable claims against Nagy in this first-filed action.  Accordingly, and since Nagy has presented no alternative grounds for a stay, the motion to stay the instant

proceedings is DENIED.

To the extent that Nagy once again moves, in the alternative, to sever and transfer all claims against him, the court also DENIES this request.  Nagy has presented no change in factual circumstance that would warrant a departure from the court's prior denial of Nagy's request for severance and transfer, in view of the above analysis.

**IT IS SO ORDERED.**

Dated: September 12, 2008

PHYLLIS J. HAMILTON
United States District Judge