1

2                    UNITED STATES DISTRICT COURT

3                    NORTHERN DISTRICT OF CALIFORNIA

4

5

6    UNITED STATES OF AMERICA,

7              Plaintiff,                        No. C 07-4762 PJH

8         v.
                                                **ORDER GRANTING MOTION TO**
9                                               **DISMISS IN PART AND DENYING**
                                                **IT IN PART**
10   CHARLES CATHCART, et al.,

11             Defendants.
     _____/

12

13        Defendants' motion to dismiss plaintiff's complaint for failure to satisfy the

14   requirements of Federal Rule of Civil Procedure 9(b) came on for hearing before this court

15   on September 10, 2008.  Plaintiff, the United States of America, appeared through its

16   counsel, Frederick N. Noyes.  Defendants, Charles Hsin and Optech, Limited, appeared

17   through their counsel, Farley J. Neuman, Edward O.C. Ord, and Jenny C. Lin-Alva.  Having

18   read the parties' papers and carefully considered their arguments and the relevant legal

19   authority, and good cause appearing, the court hereby DENIES the motion to dismiss in

20   part and GRANTS the motion to dismiss in part, for the reasons stated at the hearing, and

21   as follows.

22                                **BACKGROUND**

23        This is an action by the United States of America ("the United States") to enjoin the

24   promotion of tax-fraud schemes.  Defendants include various financial entities and the

25   founders or owners of those entities.  Defendant Charles Hsin ("Hsin") is a principal and the

26   executive director of Optech, Limited ("Optech"), one of the primary corporate defendants.

27   Hsin and Optech have moved to dismiss plaintiff's First Amended Complaint ("FAC")

28   pursuant to Federal Rules of Civil Procedure ("FRCP") 8(a), 8(e), and 9(b); alternatively

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1  defendants seek a more definite statement pursuant to FRCP 12(e).

2      The United States filed its original complaint on September 17, 2007 and filed the

3  FAC on April 23, 2008.  The FAC alleges that defendants promoted tax-fraud schemes in

4  violation of 26 U.S.C. §§ 7402(a) and 7408.  See First Am. Compl. ¶ 2.  The primary

5  scheme at issue involves "90% Loans," through which the defendants allegedly accepted

6  customers' stock holdings as collateral in exchange for a loan valued at ninety percent of

7  such holdings.  Id. ¶ 17.  The transaction was marketed as a way for customers to

8  monetize their holdings without bearing the cost of capital gains taxes.  Id. ¶ 50.  The

9  defendants allegedly told customers that the securities would be held through the use of

10  hedging techniques.  Id. ¶ 51.  The United States contends, however, that the securities

11  were in fact sold.  Id. ¶ 52.  In essence, the scheme involved the sale of stock disguised as

12  loans so as to evade taxes.

13      Defendants Hsin and Optech filed this motion to dismiss or for a more definite

14  statement.  Defendants argue that aside from failing to allege the "who, what, when, where,

15  and how" required for fraud allegations, the United States has improperly alleged facts on

16  "information and belief" without including supporting facts, and has "lumped multiple

17  defendants together."  In their reply, Hsin and Optech urge the court not to relax the

18  pleading standards of FRCP 9(b).

19                              **DISCUSSION**

20  A.    Legal Standard

21      In evaluating a motion to dismiss, all allegations of material fact are taken as true and

22  construed in the light most favorable to the nonmoving party.  See, e.g., Burgert v. Lokelani

23  Bernice Pauahi Bishop Trust, 200 F.3d 663 (9th Cir. 2000) (citations omitted).  In order to

24  survive a dismissal motion, however, a plaintiff must allege facts that are enough to raise

25  his or her right to relief "above the speculative level."  See Bell Atlantic Corp. v. Twombley,

26  --- U.S. ---, 127 S. Ct. 1955, 1964-65 (2007).  While the complaint "does not need detailed

27  factual allegations," it is nonetheless "a plaintiff's obligation to provide the 'grounds' of his

28

2

United States District Court

For the Northern District of California

1    'entitlement to relief' [which] requires more than labels and conclusions, and a formulaic

2    recitation of the elements of a cause of action will not do." Id.  In short, a plaintiff must

3    allege "enough facts to state a claim to relief that is plausible on its face," not just

4    conceivable. Twombley, 127 S. Ct. at 1974.

5    B.    Defendants' Motion to Dismiss

6        Defendants move to dismiss the United States' claims against them on grounds that

7    the United States' complaint fails to satisfy the particularity requirement for pleading fraud

8    that FRCP 9(b) mandates.  Defendants claim that the complaint is deficient with respect to

9    three categories of allegations: (1) allegations made on information and belief; (2)

10   allegations that improperly name defendants in a collective fashion, and (3) allegations that

11   fail to allege the "who, what, where, when, and how" elements required to plead fraud.  For

12   the reasons below, the court grants dismissal in part and denies dismissal in part.

13       Preliminarily, however, a brief overview of the pleading standards regarding fraud is

14   helpful.  FRCP 9(b) requires a party alleging fraud to state with particularity the

15   circumstances constituting fraud.  A complaint satisfies the particularity requirement if the

16   pleading "identifies the circumstances constituting fraud so that the defendant can prepare

17   an adequate answer from the allegations." Moore, 885 F.2d at 540.  "The allegations must

18   be specific enough to give defendants notice of the particular misconduct which is alleged

19   to constitute the fraud . . . so that they can defend against the charge and not just deny that

20   they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 732 (9th Cir. 1985).

21   "While statements of the time, place and nature of the alleged fraudulent activities are

22   sufficient, vague or conclusory allegations of fraud are insufficient." Moore, 885 F.2d at

23   540 (citations omitted).  Requiring a plaintiff to allege fraudulent conduct with particularity

24   ensures that the defendant has sufficient information to formulate a defense by providing

25   adequate notice of both the nature and grounds of the claim.  Schwarzer et al., Rutter

26   Group Prac. Guide: Fed. Civ. Pro. Before Trial § 8.38 (The Rutter Group 2007).

27       A plaintiff's failure to meet the specific pleading requirements of FRCP 9(b) may result

28

United States District Court

For the Northern District of California

1   in dismissal of the complaint. See Vess, 317 F.3d at 1107-08 (treating dismissal for failure

2   to comply with FRCP 9(b) as dismissal for failure to state a claim upon which relief can be

3   granted). Leave should be freely granted, however, when "justice so requires." Fed. R.

4   Civ. P. 15(a)(2). Ordinarily, this means that the court should grant leave to amend unless it

5   determines that the "pleading could not possibly be cured by the allegation of other facts."

6   U.S. ex rel. Lee v. SmithKline Beecham, Inc., 245 F.3d 1048, 1052 (9th Cir. 2001).

7       The court now turns to the three general categories of allegations at issue.

8           1.    Allegations Made on Information and Belief

9       Although "[a]llegations of fraud may be based on information and belief, they remain

10  subject to the particularity requirement of FRCP 9(b), and usually do not satisfy this

11  requirement. Moore, 885 F.2d at 540. "However, the rule may be relaxed as to matters

12  within the opposing party's knowledge." Id. (citations omitted). In cases such as corporate

13  fraud, for example, where the plaintiffs cannot be expected to have personal knowledge of

14  the facts constituting the wrongdoing, the particularity requirement may be satisfied if the

15  allegations are accompanied by a statement of the facts on which the belief is founded,

16  including the source of the information and the reasons for the belief. Wool v. Tandem

17  Computers, Inc., 818 F.2d 1433, 1439 (9th Cir. 1987), overruled on other grounds by

18  Hollinger v. Titan Capital Corp., 914 F.2d 1564 (9th Cir. 1990).

19      **Paragraph 18.** Here, defendants first contest paragraph 18, which alleges that

20  "[d]efendants also have marketed other '90% Loan' products . . . which, on information and

21  belief, also are unlawfully designed and intended to allow customers to receive

22  approximately 90% of the value of their securities without paying income tax on the capital

23  gains." Defendants claim, and the court finds, that the allegation is vague. Apart from

24  providing the names of the other products, the United States does not state when the other

25  products were marketed, which defendant marketed the products, or how those products

26  differ from the ones at issue. Even though the United States was able to provide details

27  regarding operation of the 90% Loans and ESOP QRP Loans, it fails to explain in any detail

28

4

1    if and how the other products operate.  Accordingly, the allegation fails to meet the

2    particularity requirement of FRCP 9(b).

3         **Paragraph 91.**  So does paragraph 91, which defendants also target.  It reads, "[o]n

4    information and belief defendants promote other schemes and in connection therewith

5    engage in other conduct subject to the I.R.C. § 6700 penalty."  The United States, however,

6    does not allege additional facts regarding what the other schemes are, or when defendants

7    promoted those schemes.  The phrase "[o]ther conduct subject to the I.R.C. § 6700

8    penalty" is not sufficient to put defendants on notice regarding what specific conduct may

9    have been improper.  To satisfy FRCP 9(b), the United States needs to allege which

10   defendants were involved in the schemes, what products were marketed where, when and

11   to whom.  See, e.g., Moore, 885 F.2d at 540 (holding that allegations made on information

12   and belief which did not specify who made purchases through the stockbroker defendants

13   or which securities the investors allegedly purchased, failed to meet FRCP 9(b)'s

14   requirements).  This allegation, too, therefore fails.

15        In sum, the court GRANTS DISMISSAL with respect to paragraphs 18 and 91 of the

16   FAC, with leave to amend.

17        Defendants also challenge other allegations made on information and belief, however,

18   which the court does not dismiss.  Specifically, they challenge paragraphs 19, 43, and 64.

19        **Paragraph 19.**  Defendants contend that the United States has not specifically pled

20   paragraph 19, which alleges on information and belief that defendants are currently

21   marketing a 90% Loan product.  Contrary to defendants' argument, though, the complaint

22   provides facts to support the belief that defendants are currently marketing and

23   implementing a 90% Loan product.  For example, paragraph 47 of the FAC explains that

24   "Optech has taken over most aspects of the promotion, organization and operation of the

25   90% Loan programs [i.e., the alleged tax-fraud program] from Derivium, Veridia, and BVL.

26   Optech uses the same procedures, forms, processes, brokerage firms, and personnel as

27   these companies previously used to promote and administer the 90% Loan programs."

28

1    First Am. Compl. ¶ 47.  This paragraph explains that the United States believes that Optech

2    is still involved in the scheme.  Reading paragraphs 47 and 19 together, the court finds that

3    sufficient detail has been stated.  See Fed. R. Civ. P. 1, 8(e); Schwarzer et al., Rutter

4    Group Prac. Guide: Fed. Civ. Pro. Before Trial § 8:24 (The Rutter Group 2007) (courts

5    should apply the federal pleading standards liberally in favor of the pleader and so as to do

6    justice).

7         **Paragraph 43.**  Turning to paragraph 43, which defendants also label as inadequate,

8    the United States alleges on information and belief that "Optech and Veridia . . . entered

9    into an arrangement in or around 2002 similar to the arrangements between (1) DDA and

10   Derivium, and (2) BVL and Derivium, by which Optech agreed to serve as the 'offshore

11   lender' for 90% Loans marketed by Veridia."  Read in connection with paragraphs 40, 41,

12   and 42, paragraph 43 supports the existence of an arrangement between Optech and

13   Veridia.  Paragraphs 40-42, for example, state that (1) Derivium Capital and BVL agreed

14   that Derivium Capital would market 90% Stock Loans for BVL; (2) Optech became an

15   offshore lender for the tax-fraud scheme in 2002 and the sole lender for the scheme in

16   2005; and (3) also in 2002 Veridia took over Derivium Capital's administrative functions

17   with respect to the 90% Stock Loans.  These facts adequately demonstrate the reasons

18   behind the United States' belief that Optech and Veridia agreed that Optech would serve as

19   the offshore lender for the 90% Loans which Veridia marketed.

20        **Paragraph 64.**  Finally, defendants challenge paragraph 64 of the complaint, which

21   states that "[o]n information and belief, customers rarely paid off the purported loans . . . ."

22   Although the fact of whether customers paid off the purported loans would seem to be

23   information that the United States could obtain from the borrowers themselves, the United

24   States may nonetheless make the allegation on information and belief if the allegation is

25   supported by additional facts providing the source of its belief.  Collectively, paragraph 64

26   and the following paragraphs state that defendants provided customers with options that

27   were more attractive than paying off the loans, and the United States explains these

28

6

United States District Court

For the Northern District of California

1    options in detail.  Such facts support a reasonable belief that a customer would not choose

2    to pay off a loan.  Although the United States could have provided more information

3    regarding the number of customers who chose not to pay off their loan, the information

4    provided is sufficient to allow defendants to prepare an answer.  See Walling v. Beverly

5    Enterprises, 476 F.2d 393, 397 (9th Cir. 1973) (holding that FRCP 9(b) only requires that

6    plaintiff identify the circumstances constituting the fraud so that defendant can prepare an

7    adequate answer from the allegations).

8         The court therefore DENIES DISMISSAL of paragraphs 19, 43, and 64, while granting

9    dismissal of paragraphs 18 and 91.

10             2.    Allegations that Name Defendants Collectively

11        In fraud cases involving several defendants, the complaint should set forth the role of

12   each defendant in the fraud, as each defendant is entitled to be informed of the specific

13   acts or omissions which it must defend.  Vess, 317 F.3d at 1106.  As with allegations made

14   on information and belief, because information pertaining to corporate fraud is often within

15   the exclusive knowledge of the defendants, "[i]nstances of corporate fraud may also make it

16   difficult to attribute particular fraudulent conduct to each defendant as an individual.  To

17   overcome such difficulties in cases of corporate fraud, the allegations should include the

18   misrepresentations themselves with particularity and, where possible, the roles of the

19   individual defendants in the misrepresentations."  Moore, 885 F.2d at 540 (citing Wool, 818

20   F.2d at 1440).

21        Additionally, even though courts have relaxed the pleading standard when information

22   is exclusively within corporate defendants' knowledge, courts have refused to do so when

23   there are plaintiffs who somehow took part in the corporation's affairs and should have

24   some "inside" knowledge.  See, e.g., SmithKline Beecham, Inc., 245 F.3d at 1052 (lenient

25   application of pleading standard was not appropriate where plaintiff worked as supervisor of

26   corporation for over twenty years and was thus knowledgeable about allegedly false tests);

27   County of Santa Clara v. Astra U.S., Inc., 428 F. Supp. 2d 1029, 1036 (N.D. Cal. 2006) (in

28
                                      7

1   action against drug manufacturers and distributors for overcharging for medicine, court did

2   not apply relaxed pleading standard based on defendant's exclusive knowledge because

3   plaintiff funded the program through which the drugs were sold and thus had enough

4   information to plead fraud with particularity).

5       Turning to paragraphs 20 and 49 of the United States' FAC, the court finds that the

6   United States fails to name defendants with the requisite amount of specificity.

7       **Paragraph 20.**  First, paragraph 20 alleges that defendants frequently changed the

8   identity of the entities through which they conducted their activities.  However, the FAC only

9   identifies one instance of such change: paragraph 24 states that "in 2000, FSC's name

10  changed to 'Derivium Capital, LLC.'"  Because paragraph 20 alleges that defendants

11  changed the name of more than one entity, the United States must plead with more

12  specificity which other entities underwent name changes.

13      **Paragraph 49.**  Paragraph 49 alleges that "[d]efendants marketed the 90% Stock

14  Loan initially to people who held appreciated stock with a relatively low basis. . . ."

15  Defendants correctly point out that this paragraph does not provide notice as to which

16  defendants initially marketed the 90% Stock Loan program.  The FAC states only that

17  Optech began administering and/or promoting loans in 2002, and that FSC began

18  administering loans in 1997.  First Am. Compl. ¶¶ 22, 47.  Thus, the United States must

19  plead with particularity what it means by the period "initially" and to which individual

20  defendants this paragraph is referring.

21      In sum, the court GRANTS DISMISSAL with respect to paragraphs 20 and 49, with

22  leave to amend.

23      In contrast, the following paragraphs properly allege the requisite defendants with

24  specificity and provide enough information to allow defendants to prepare an adequate

25  answer:  paragraphs 74-79, 46, 81-86, 16-17, and 53-54.

26      **Paragraphs 74-79.**  Defendants object to the United States' use of the language

27  "defendants" in paragraphs 74 through 79 on the grounds that such language does not put

28

8

United States District Court

For the Northern District of California

1    defendants on notice as to which particular defendant the United States is referring.  This is

2    similar to <u>Wool</u>, where the defendants also challenged the "all defendants" language in the

3    plaintiff's complaint.  Because the individual defendants were "a narrowly defined group of

4    officers who had direct involvement not only in the day-to-day affairs of [the corporation] in

5    general but also in [the corporation's] financial statements," the <u>Wool</u> court found that the

6    plaintiff had pled each alleged misrepresentation with particularity, extending such

7    particularity to the individual defendants, where possible.  <u>Wool</u>, 818 F.2d at 1440; <u>see also</u>

8    <u>Moore</u>, 885 F.2d at 540 (holding that "instances of corporate fraud may make it difficult to

9    attribute particular fraudulent conduct to each defendant as an individual.  To overcome

10   such difficulties in cases of corporate fraud, the allegations should include the

11   misrepresentations themselves with particularity and, where possible, the roles of the

12   individual defendants in the misrepresentations.").

13        Here, the complaint indicates that Hsin is engaged in the "day-to-day affairs of the

14   corporation, as he is "a principle and the executive director of Optech Limited."  First Am.

15   Compl. ¶ 14.  Additionally, this case involves numerous corporations that are owned by the

16   same individuals or related groups of individuals.  Defendants provide case law holding that

17   a mere job title cannot be used to infer that defendants engaged in fraudulent activities

18   because the corporation engaged in such activities.  However, the Ninth Circuit indicated in

19   <u>Wool</u> that naming a narrowly defined group of officers with direct involvement in day-to-day

20   affairs of the corporation can amount to pleading with particularity.  Further, the specific

21   actions of each individual defendant would seem to fall within the particular knowledge of

22   each corporate defendant.  <u>See Moore</u>, 885 F.2d at 540.  By naming defendant Derivium in

23   paragraph 79, the United States has, where possible, specified particular defendants.

24   Thus, the allegations pass muster.

25        **Paragraph 46.**  Paragraph 46 alleges that Optech began to administer 90% Loan

26   products "at the direction of the defendants."  Similar to paragraphs 74-79, this allegation is

27   sufficient given that the FAC states that defendants Hsin and Thomason are principals and

28

                                                9

United States District Court

For the Northern District of California

1   directors of Optech, thereby providing a narrowly defined group of officers with direct

2   involvement in the affairs of the corporation.  See Wool, 818 F.2d at 1440.  This allegation

3   also meets the FRCP 9(b) standard.

4          **Paragraphs 81-86.**  In paragraphs 81 through 86 of the FAC, the United States refers

5   to various harms the government has allegedly suffered due to the actions of the

6   "defendants."  Defendants attack the sufficiency of these pleadings on the basis that the

7   United States' use of the word "defendants" does not adequately distinguish between the

8   defendants in order to provide notice as to which defendant engaged in which activity.  This

9   case is distinguishable from Swartz v. KPMG LLP, 476 F.3d 756, 765 (9th Cir. 2007), a

10  case which both parties cite in their papers.  In Swartz, the Ninth Circuit dismissed the

11  plaintiff's complaint regarding tax-reduction products because "[t]he complaint [was] shot

12  through with general allegations that the 'defendants' engaged in fraudulent conduct but

13  attribute[d] specific misconduct only to [two of the several defendants]."  Id.  The allegations

14  stated only that the defendants "were acting as agents [of the other defendants]" and that

15  they "were active participants in the conspiracy without any stated factual basis."  Id.

16  (internal quotations omitted).

17         Here, however, the United States has specifically stated the involvement of each

18  individual defendant in the 90% Loan program.  First Am. Compl. ¶¶ 16-48.  These

19  paragraphs detail the names of each defendant, along with the time period during which

20  they became involved in the scheme, and which companies they worked with.  Although

21  the United States' FAC paragraphs 81 through 86 do not specifically allege which individual

22  defendants caused the government harm, when read together with the previous sections of

23  the complaint that explain which defendant became involved during which time period,

24  defendants are on notice as to which portion of the alleged harm to the government they

25  are responsible for.

26         **Paragraphs 16-17.**  Paragraphs 16 and 17 of the complaint respectively state that

27  "[d]efendants collectively market and implement various schemes. . ." and that

28

                                        10

United States District Court

For the Northern District of California

"[d]efendants implemented the [90% Loan] scheme for hundreds of customers nationwide, with total transactions worth more than $1 billion. . . ."  Defendants contest the sufficiency of these allegations on the ground that defendants are not on notice as to which of them collectively work together, since some of the defendant companies have gone out of business or ceased to operate.  Additionally, defendants argue that the allegations do not give them notice as to which transactions each defendant engaged in, or what portion of the "more than $1 billion" each defendant is connected with.

Similar to the above analysis for paragraphs 81-86 of the FAC, the court reads paragraphs 16 and 17 with the earlier portions of the complaint that detail which defendant became involved in the scheme.  FRCP 1, 8(e); Schwarzer et al., Rutter Group Prac. Guide: Fed. Civ. Pro. Before Trial § 8:24 (The Rutter Group 2007).  These earlier portions of the FAC provide defendants with notice as to which defendants collectively work together, by detailing when certain companies ceased doing business and which ones continued to operate.  As for the allegations regarding transactions, these are facts that remain within the exclusive knowledge of the defendants and the relaxed pleading standard warrants a conclusion that they are sufficient.

**Paragraphs 53-54.**  Paragraphs 53 and 54 also use the general term "defendants" rather than alleging specifically which defendant engaged in which activity.  Paragraph 53 states that "[d]efendants, either directly or through BVL, Optech, or WITCO then caused the brokerage firm to sell the stock" and paragraph 54 states that "the remaining 10% [of the sale proceeds] was allocated among the defendants. . . ."  Even though neither of these allegations would generally be specific enough to satisfy FRCP 9(b), the percentage of profits that individuals within a company receive and the identity of the individuals who decide whether to sell stock is information exclusively within a corporation's knowledge. This information would be difficult, if not impossible, for the United States to obtain at this stage in the proceedings.  Thus, the court relaxes the pleading standard for these allegations and finds them adequate.

11

United States District Court

For the Northern District of California

1    In sum, the court DENIES DISMISSAL with respect to paragraphs 74-79, 46, 81-86,

2    16-17, and 53-54 of the FAC, even as it grants dismissal, with leave to amend, of

3    paragraphs 20 and 49.

4           3.   <u>Time, Place, and Nature of the Allegedly Fraudulent Activity</u>

5    FRCP 9(b) requires the United States to allege the "who, what, where, when, and

6    how" of the alleged fraud. <u>Vess</u>, 317 F.3d at 1106 (citing <u>Cooper v. Pickett</u>, 137 F.3d 616,

7    627 (9th Cir. 1997)).

8    Here, the United States has not adequately alleged the "where" element.  In attempt to

9    describe "where" the alleged fraud occurred, the United States has provided a website

10   address and attached to its opposition brief, for example, printouts from the website where

11   it alleges that defendants conducted activity.  However, those printouts do not mention any

12   of the allegedly fraudulent activities that are at issue in this case.  Furthermore, in

13   paragraphs 13-14, the United States broadly states that defendants conduct activity in the

14   United States and Hong Kong, as well as in New York, where Hsin resides.  But this

15   information is too general and insufficient to show "where" defendants actually conducted

16   any purported unlawful activity.  Although the United States argues correctly that some of

17   this information is exclusively within defendants' knowledge, surely the United States could

18   have obtained more information from the borrowers it audited regarding where they

19   obtained or made contact with defendants.  Accordingly, the court dismisses the United

20   States' complaint to the extent that the allegations deal with the location of alleged conduct,

21   and requires the United States to amend as to this element.

22   The United States has, however, adequately alleged the "who, what, when, and how"

23   elements required to allege fraud.  First, it has shown "who" allegedly participated in the

24   scheme, by describing each of the defendants in detail, including the corporation for which

25   each defendant works, as well as the involvement of each defendant in the scheme and

26   with the other defendants.  First Am. Compl. ¶¶ 7-15, 21-48.  In <u>Wool</u>, the Ninth Circuit

27   indicated that when individual defendants are a narrowly defined group of officers with

28

**United States District Court**

For the Northern District of California

1   direct involvement in the day-to-day affairs of the corporation, pleading each alleged

2   misrepresentation with particularity and extending such particularity to individual

3   defendants where possible, satisfies the pleading standard.  818 F.2d at 1440.  The Ninth

4   Circuit reaffirmed this holding in <u>Moore</u>.  885 F.2d at 540.

5        Defendants, by contrast, cite only to nonbinding authority in refuting this proposition.

6   Thus, even though the United States uses the general term "defendants" in reference to

7   false statements it alleges the defendants made, <u>see</u> First Am. Compl. ¶¶ 74-48, the fact

8   that the United States elsewhere specifically states that Derivium made the false

9   statements alleged in paragraph 79 indicates that where possible, the United States has

10  set forth particular individuals it believes to have participated in the fraudulent activity.  This

11  level of specificity comports with the Ninth Circuit's standard in <u>Moore</u>.

12       Throughout the complaint, the United States also demonstrates "what" and "how"

13  defendants market and administer the alleged scheme.  For example, paragraphs 49

14  through 55 of the complaint explain to whom defendants market the 90% Loan products,

15  what defendants tell the borrowers, and what the defendants actually do with the

16  borrowers' stock.  First Am. Compl. ¶¶ 49-55.

17       Finally, the United States' complaint properly describes "when" the allegedly

18  fraudulent conduct occurred.  First Am. Compl. ¶¶ 10, 12, 22-24, 26, 28, 33, 38, 39-48.

19  These paragraphs state when certain companies began operating, went bankrupt, and

20  ceased operating, along with information about how each defendant corporation began

21  working on the 90% Loan program with the other defendant companies.

22       In sum, the court GRANTS DISMISSAL with respect to the website printouts attached

23  to the United States' opposition brief and paragraphs 13 and 14 of the FAC, which purport

24  to allege "where" the defendants conducted fraudulent activity.  However, the court

25  DENIES DISMISSAL of the sections which properly allege the "who, what, when, and how"

26  required to plead fraud, including paragraphs 21-45, 47-48, 50-55, and 74-79.

27

28

**United States District Court**

For the Northern District of California

1

**CONCLUSION**

2      For the foregoing reasons, the court grants in part and denies in part defendants'

3   motion to dismiss as set forth above.  The amended complaint shall be filed within 30 days

4   of the date of this order, and the response within 20 days thereafter.

5      **IT IS SO ORDERED.**

6   Dated: September 15, 2008

7   _____

8   PHYLLIS J. HAMILTON
    United States District Judge

14