IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 07-4762-PJH |
| | ) | |
| | ) | |
| CHARLES CATHCART, SCOTT CATHCART, YURIJ DEBEVC, a/k/a YURI DEBEVC, ROBERT NAGY, DERIVIUM CAPITAL (USA), INC, OPTECH LIMITED, CHI-HSIU HSIN, a/k/a CHARLES HSIN, FRANKLIN THOMASON | ) ) ) ) ) ) ) ) | FINAL JUDGMENT OF PERMANENT INJUNCTION |
| Defendants. | ) | |

## **ORDER**

The United States of America has filed a complaint for permanent injunction in this matter against defendant Scott Cathcart ("Cathcart") and others. Cathcart, without admitting the allegations contained in the complaint, but in order to settle this matter without further litigation, hereby consents to the entry, without further notice, of this Final Judgment of Permanent Injunction.

Cathcart enters into this Final Judgment of Permanent Injunction voluntarily and waives the entry of findings of fact and conclusions of law. Cathcart also waives any right he may have to appeal from this Final Judgment of Permanent Injunction.

NOW, THEREFORE, it is accordingly ORDERED, ADJUDGED AND DECREED that:

1. The Court has jurisdiction over this action pursuant to §§ 1340 and 1345 of Title 28 of the United States Code, and §§ 7402 and 7408 of the Internal Revenue Code of 1986, as amended (26 U.S.C.) ("Code").

2. Cathcart, individually and doing business as any entity, and any officers, agents, servants, employees, attorneys, and persons in active concert or participation with him, are permanently enjoined from, directly or indirectly:

    (a) Organizing, promoting, marketing, selling, implementing or providing any advice or assistance in connection with the so-called "90% Loan" program.  The "90% Loan" program purported to enable customers to contribute appreciated stocks or other securities in exchange for 90% of the value of those stocks or securities without paying income tax on any capital gains, because the transaction was characterized as a loan rather than a sale.  The United States alleges it was in actuality a sale and part of a plan or arrangement that assisted taxpayers in unlawfully evading the assessment or collection of their federal tax liabilities;

    (b) Organizing, promoting, marketing, selling, implementing or providing advice or assistance in connection with any program, plan or arrangement similar to the "90% Loan" program that purports to enable customers to receive valuable consideration in exchange for stocks or other securities that are transferred or pledged by those customers, without the need to pay tax on any gains because the transaction is characterized as a loan, rather than a sale;

    (c) Engaging in conduct subject to penalty under Code § 6700, *i.e.*, by making or furnishing, in connection with the organization or sale of a plan or arrangement, a gross valuation overstatement or a statement Cathcart knows or has reason to know to be false or fraudulent as to any material matter under the federal tax laws;

    (d) Organizing, promoting, marketing, or selling any plan or arrangement that advises or assists taxpayers to attempt to violate the internal revenue laws or unlawfully evade the assessment or collection of their federal tax liabilities;

    (e) Making false statements about the allowability of any deduction or credit, the excludability of any income, or the securing of any tax benefit by reason of participating in any plan or arrangement; and

    (f) Engaging in any conduct that interferes with the administration or enforcement of the internal revenue laws.

3. The United States is permitted to engage in discovery after the entry of this Final Judgment of Permanent Injunction to ensure compliance with the permanent injunction.  Post-judgment discovery will be governed by the Federal Rules of Civil

Procedure and the Local Rules of the United States District Court for the Northern District of California.

    4.  This Court shall retain jurisdiction over this action for purposes of implementing and enforcing this Final Judgment of Permanent Injunction.

PURSUANT TO STIPULATION, IT IS SO ORDERED THIS 22nd day of October 2008.



- 3 -