UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. C 07-4762 PJH |
| Plaintiff, | **ORDER SUSTAINING PLAINTIFF'S OBJECTIONS AND OVERRULING DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S ORDER** |
| v. | |
| CHARLES CATHCART, et al., | |
| Defendants. / | |

Before the court is the United States' ("plaintiff") objections to Magistrate Judge Spero's February 25, 2009 Order granting in part and denying in part defendant Robert J. Nagy's ("Nagy") motions to compel. No defendant has filed a response to plaintiff's objections. Also before the court is defendants Charles Hsin ("Hsin") and Franklin Thomason's ("Thomason") objections to Magistrate Judge Spero's Order. Having carefully reviewed Magistrate Judge Spero's Order and having considered the objections thereto, the court hereby SUSTAINS plaintiff's objections and OVERRULES Hsin and Thomason's objections, for the reasons stated below.

**BACKGROUND**

This is an action by plaintiff to enjoin defendants and anyone in active concert or participation with them from promoting tax-fraud schemes, and from engaging in other conduct that interferes with the administration and enforcement of the tax laws. Defendants include various financial entities and the founders or owners of those entities.

Plaintiff alleges that defendants promoted tax-fraud schemes in violation of the Internal Revenue Code. The primary scheme at issue involves "90% Loans," in which the defendants allegedly accepted customers' stock holdings as collateral in exchange for a loan valued at ninety percent of said holdings. The transaction was marketed as a way for

1 customers to monetize their holdings without bearing the cost of capital gains taxes.  The
2 defendants allegedly told customers that the securities would be held through use of
3 hedging techniques.  Plaintiff contends, however, that the securities were in fact sold.  In
4 essence, the scheme involved the sale of stock disguised as loans so as to evade taxes.

5       Plaintiff brought this action pursuant to 26 U.S.C. §§ 7402(a) and 7408[1] to enjoin
6 defendants from: (1) organizing, promoting, marketing, or selling any tax shelter plan, or
7 any other arrangement that advises or encourages others to attempt to violate the internal
8 revenue laws or unlawfully evade the assessment or collection of their federal tax liabilities;
9 (2) engaging in conduct subject to penalty under § 6700, i.e., making or furnishing, in
10 connection with the organization or sale of a shelter, plan, or other arrangement, a gross
11 valuation or overstatement or a statement about securing any tax benefits that they know or
12 have reason to know is false or fraudulent as to any material tax matter; and (3) engaging
13 in any other conduct that interferes with the administration and enforcement of the internal
14 revenue laws.  Plaintiff maintains that an injunction is warranted based on defendants'
15 continuing violation of the internal revenue laws, including engaging in conduct subject to
16 penalty under §§ 6700 and 6701.

17       On November 19, 2008, the court referred all discovery matters in this case to
18 Magistrate Judge Spero for resolution pursuant to Civil Local Rule 72-1.  On February 25,
19 2009, Magistrate Judge Spero issued an Order granting in part and denying in part Nagy's
20 motions to compel.  On March 5, 2009, plaintiff filed objections to this Order.  On March 20,
21 2007, the court issued an Order requesting further briefing pursuant to Civil Local Rule 72-
22 2, directing defendants to each file a brief, not to exceed five (5) pages, or a notice of
23 joinder or statement of non-opposition, no later than March 27, 2009.  To date, no
24 defendant has filed an opposition to plaintiff's objections.  Nor has any defendant filed a
25 statement of non-opposition.  Instead, Hsin and Thomason filed objections to Magistrate

26
27
28

---

[1] Unless otherwise specified all further statutory references will be to the Internal Revenue Code ("IRC"), Title 26 of the United States Code.

2

Judge Spero's Order on March 27, 2009. On March 30, 2009, plaintiff requested leave to submit a response to Hsin and Thomason's objections.[2]

## DISCUSSION

A.   Standard

Under Federal Rule of Civil Procedure 72(a), a party seeking review of a Magistrate Judge's nondispositive pretrial order "may serve and file objections to the order within 10 days after being served with a copy"; a party may not, however, "assign as error a defect in the order not timely objected to." Rule 72(a) further provides that "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed.R.Civ.P. 72(a).

A decision may be contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure. See In re Natural Gas Commodities Litig., 235 F.R.D. 241, 243-44 (S.D.N.Y. 2006); see also Hawaii v. Abbott Labs., Inc., 469 F.Supp.2d 842, 846 (D. Haw. 2006) ("A decision is contrary to law if it applies an incorrect legal standard or fails to consider an element of the applicable standard.") (quotation marks omitted). Matters concerning discovery generally are considered nondispositive orders. See Osband v. Woodford, 290 F.3d 1036, 1041 (9th Cir. 2002); Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990); Green v. Baca, 219 F.R.D. 485, 489 (C.D. Cal. 2003).

B.   Plaintiff's Objections

Plaintiff objects to Judge Spero's Order on two grounds. First, plaintiff objects to the Order on the ground that it states that plaintiff must "prove that the defendant was involved in [an] abusive tax shelter" to establish conduct subject to penalty under § 6700. Plaintiff argues that this is not the law in the Ninth Circuit. Second, plaintiff objects to the Order on the ground that it defines the term "tax shelter" as "a partnership or other entity, any investment plan or arrangement, or any other plan or arrangement, whose *principal purpose* . . . is the avoidance or evasion of income tax," citing § 6661(b)(2)(C)(ii) (emphasis added). Plaintiff argues that it does not have to prove, under § 6700, that the plan or

---

[2] As discussed more fully below, because Hsin and Thomason's objections are untimely, the court finds that a response to these objections is unnecessary.

3

arrangement had as a "principal purpose" "the avoidance or evasion of income tax." In short, plaintiff seeks clarification as to what it must prove in order to obtain an injunction under § 7408 for conduct subject to penalty under § 6700. The court will consider each objection in turn.

    1.    IRC §§ 6700 and 7408

Section 7408 authorizes a court to enjoin persons who have engaged in any conduct subject to penalty under § 6700 if the court finds that injunctive relief is appropriate to prevent the recurrence of such conduct. 26 U.S.C. § 7408. Section 6700 penalizes anyone who organizes or assists in the organization of: a partnership or other entity, any investment plan or arrangement, or any other plan or arrangement, or participates directly or indirectly in the sale of any interest in an entity or plan or arrangement, and makes or furnishes or causes another person to make or furnish in connection with such organization or sale a statement with respect to the allowability of any deduction or credit, the excludability of any income, or the securing of any other tax benefit by reason of holding an interest in the entity or participating in the plan or arrangement which the person knows or has reason to know is false or fraudulent as to any material matter, or a gross valuation overstatement as to any material matter. 26 U.S.C. § 6700.

To establish a violation of § 6700 warranting an injunction under § 7408, the government must prove that defendant: (1) organized or sold, or participated in the organization or sale of, an entity, plan, or arrangement; (2) made or caused to be made, false or fraudulent statements concerning the tax benefits to be derived from the entity, plan, or arrangement; (3) knew or had reason to know that the statements were false or fraudulent; (4) the false or fraudulent statements pertained to a material matter; and (5) an injunction is necessary to prevent recurrence of this conduct. United States v. Estate Preservation Servs., 202 F.3d 1093, 1098 (9th Cir. 2000). Under § 6700, any plan or arrangement "having some connection to taxes can serve as a 'tax shelter' and will be an 'abusive' tax shelter if the defendant makes the requisite false or fraudulent statements concerning the tax benefits of participation." United States v. Raymond, 228 F.3d 804, 811 (7th Cir. 2000). "Congress designed section 6700 as a 'penalty provision specifically

directed toward promoters of abusive tax shelters *and other abusive tax avoidance schemes.*' " United States v. White, 769 F.2d 511, 515 (1985) (emphasis in original).

While the court recognizes that the term "tax shelter" has been broadly defined with respect to § 6700, the court finds that plaintiff need not specifically prove that defendants were involved in an abusive tax shelter to establish a violation of § 6700 warranting an injunction under § 7408. Rather, plaintiff must only prove the five elements set forth by the Ninth Circuit in Estate Preservation Servs., 202 F.3d at 1098. Thus, to the extent Magistrate Judge Spero's Order holds otherwise, the court concludes that it is contrary to law. Section 6700 is directed not only toward promoters of abusive tax shelters, but also toward other abusive tax avoidance schemes. Accordingly, plaintiff's first objection is SUSTAINED.

  2. Definition of Tax Shelter

The court finds that plaintiff's second objection has merit. Magistrate Judge Spero's Order is contrary to law insofar as it defines the term "tax shelter" as "a partnership or other entity, any investment plan or arrangement, or any other plan or arrangement, whose *principal purpose* . . . is the avoidance or evasion of income tax," citing § 6661(b)(2)(C)(ii) (emphasis added). As pointed out by plaintiff, this statute has been repealed. The IRC defines "tax shelter" as "a partnership or other entity, any investment plan or arrangement, or any other plan or arrangement, if a *significant purpose* of such partnership, entity, plan or arrangement is the avoidance or evasion of Federal income tax." 26 U.S.C. § 6662(d)(2)(C)(ii) (emphasis added); United States v. BDO Seidman, LLP, 492 F.3d 806, 824 (7th Cir. 2007). The court finds that plaintiff, in order to establish a violation of § 6700 warranting an injunction under § 7408, does not have to prove that defendants were involved in an abusive tax shelter defined as a partnership or other entity, any investment plan or arrangement, or any other plan or arrangement, whose principal purpose is the avoidance or evasion of income tax. Accordingly, plaintiff's second objection is SUSTAINED.

///

///

C.	Hsin and Thomason's Objections

Hsin and Thomason filed objections to Magistrate Judge Spero's Order on March 27, 2009, thirty days after the Order was issued. Because Hsin and Thomason did not timely object to the Order, this court is precluded from reviewing their objections. See Fed.R.Civ.P. 72(a) (A party seeking review of a Magistrate Judge's nondispositive pretrial order "may serve and file objections to the order within 10 days after being served with a copy"; a party may not, however, "assign as error a defect in the order not timely objected to."); see also Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1174 (9th Cir. 1996) (A party who fails to file timely objections to a Magistrate Judge's nondispositive order with the district judge to whom the case is assigned forfeits its right to appellate review of that order.). There is no provision in Rule 72(a) that permits the objecting party to delay filing objections to rulings on nondispositive matters past the 10-day limit. Nor did Hsin and Thomason provide any justification excusing their failure to file objections within the time required by Rule 72(a). Accordingly, Hsin and Thomason's objections are OVERRULED.

## CONCLUSION

For the reasons stated above, the court hereby SUSTAINS plaintiff's objections and OVERRULES Hsin and Thomason's objections to Magistrate Judge Spero's February 25, 2009 Order granting in part and denying in part Nagy's motions to compel.

**IT IS SO ORDERED.**

Dated: April 2, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge