UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

CHARLES CATHCART, et al.,

    Defendants.

_____/

No. C 07-4762 PJH

**ORDER RE OBJECTIONS TO MAGISTRATE JUDGE'S ORDER**

On November 19, 2008, the court referred all discovery matters in this case to Magistrate Judge Spero for resolution pursuant to Civil Local Rule 72-1. On April 1, 2009, the United States ("plaintiff") filed a motion to compel deposition testimony from defendant Charles Hsin ("Hsin") and for costs, and on April 7, 2009, plaintiff filed a motion for leave to take five additional depositions (the "motions"). On May 8, 2009, the motions came on for hearing before Magistrate Judge Spero. At the hearing, Magistrate Judge Spero granted plaintiff's motion for leave to take five additional depositions, and granted in part and denied in part plaintiff's motion to compel deposition testimony from Hsin and for costs. On May 12, 2009, Magistrate Judge Spero issued an Order, ruling on the motions as follows:

> 1. On or before May 11, 2009, Plaintiff shall file a pleading listing the entities that it believes, after reasonable investigation, are or were involved in the 90% loan program at issue in this case. On or before May 18, 2009, Defendant Hsin shall file a declaration (by counsel or by a witness with personal knowledge) declaring under penalty of perjury whether the individual paying Defendant Hsin's legal fees in this matter has or ever had any interest (direct or indirect) or involvement in any of the listed entities or in the 90% loan program. If the answer is that the payor has no such interest or involvement, no further inquiry may be made into the identity of the person paying Defendant Hsin's legal fees.
>
> 2. Defendant Hsin shall sit for a further session of his deposition, not to exceed one (1) hour. As suggested by his counsel, the deposition will take place in

1   Washington, D.C. at the office of Plaintiff's counsel.  Mr. Hsin may be questioned
2   only on the topics of FSC-Canada, Charleston Construction, and Charleston Aluminum.

3. Plaintiff is awarded its reasonable attorneys fees incurred in connection with the Motion to Compel in the amount of $1400.00.  Defendant Hsin shall pay this amount to Plaintiff within thirty (30) days.

4. Plaintiff's Motion for Leave to Take Five Additional Depositions is GRANTED. Plaintiff may take the depositions of the five (5) individuals identified in its reply brief.

5. Except as noted herein, the remainder of the Motions are Denied.

On May 14, 2009, Hsin filed objections to this ruling, and on May 15, 2009, Hsin filed an administrative motion seeking to stay depositions until this court ruled on his objections to Magistrate Judge Spero's Order.  On May 19, 2009, the court issued an Order granting Hsin's administrative motion to stay depositions, stating that plaintiff "shall not depose any person until this court rules on Hsin's objections to Magistrate Judge Spero's Order."  The court also directed plaintiff to file a brief in response to Hsin's objections, not to exceed five (5) pages, or a statement of non-opposition, no later than May 26, 2009.

On May 20, 2009, the court, in response to a request for clarification by plaintiff, issued an Order stating that the stay imposed was intended to apply only to the five additional depositions authorized by Magistrate Judge Spero.  As such, the depositions of Nigel Wood and Colin Bowen were permitted to proceed as scheduled.  On May 22, 2009, plaintiff filed objections to the Magistrate Judge Spero's Order.  Also on May 22, 2009, Hsin filed additional objections to Magistrate Judge Spero's Order.  On May 26, 2009, plaintiff filed a response to the objections filed by Hsin on May 14, 2009.

Where, as here, a Magistrate Judge's ruling addresses a non-dispositive matter, the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed.R.Civ.P. 72(a); see also 28 U.S.C. § 636(b)(1)(A).  Pursuant to Civil Local Rule 72-2, the court may not grant a motion objecting to a Magistrate Judge's order without first giving the opposing party an opportunity to brief the matter.  See Civ. L.R. 72-2.

Having reviewed Magistrate Judge Spero's Order as well as Hsin's and plaintiff's objections thereto, the court rules as follows.  With regard to Hsin's objections to Magistrate

1  Judge Spero's Order granting plaintiff's motion for leave to take five additional depositions
2  and granting plaintiff's motion to compel deposition testimony from Hsin and for costs, the
3  court concludes that the Order is neither "clearly erroneous" nor "contrary to law."
4  Accordingly, Hsin's objections are OVERRULED.  Given that the discovery cut-off date in
5  the case passed on May 20, 2009, plaintiff shall complete the depositions authorized by
6  Magistrate Judge Spero within forty five days.  With regard to plaintiff's objection to
7  Magistrate Judge Spero's Order limiting the inquiry that plaintiff may make into the identity
8  of the person paying Hsin's legal fees, the court hereby orders further briefing pursuant to
9  Civil Local Rule 72-2.  Hsin shall file a brief, not to exceed five (5) pages, or a notice of non-
10 opposition, no later than June 5, 2009.

**IT IS SO ORDERED.**

Dated: June 1, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge