UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

CHARLES CATHCART, et al.,

        Defendants.
_____/

No. C 07-4762 PJH

**ORDER RE PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S ORDER**

On November 19, 2008, the court referred all discovery matters in this case to Magistrate Judge Spero for resolution pursuant to Civil Local Rule 72-1. On April 1, 2009, the United States ("plaintiff") filed a motion to compel deposition testimony from defendant Charles Hsin ("Hsin") and for costs, and on April 7, 2009, plaintiff filed a motion for leave to take five additional depositions (the "motions"). On May 8, 2009, the motions came on for hearing before Magistrate Judge Spero. At the hearing, Magistrate Judge Spero granted plaintiff's motion for leave to take five additional depositions pursuant to Rule 30 of the Federal Rules of Civil Procedure, and granted in part and denied in part plaintiff's motion to compel deposition testimony from Hsin and for costs. On May 12, 2009, Magistrate Judge Spero issued a Discovery Order, ruling on the motions as follows:

    1. On or before May 11, 2009, Plaintiff shall file a pleading listing the entities that it believes, after reasonable investigation, are or were involved in the 90% loan program at issue in this case. On or before May 18, 2009, Defendant Hsin shall file a declaration (by counsel or by a witness with personal knowledge) declaring under penalty of perjury whether the individual paying Defendant Hsin's legal fees in this matter has or ever had any interest (direct or indirect) or involvement in any of the listed entities or in the 90% loan program. If the answer is that the payor has no such interest or involvement, no further inquiry may be made into the identity of the person paying Defendant Hsin's legal fees.

    2. Defendant Hsin shall sit for a further session of his deposition, not to exceed one (1) hour. As suggested by his counsel, the deposition will take place in Washington, D.C. at the office of Plaintiff's counsel. Mr. Hsin may be questioned only on the topics of FSC-Canada, Charleston Construction, and Charleston Aluminum.

3. Plaintiff is awarded its reasonable attorneys fees incurred in connection with the Motion to Compel in the amount of $1400.00. Defendant Hsin shall pay this amount to Plaintiff within thirty (30) days.

4. Plaintiff's Motion for Leave to Take Five Additional Depositions is GRANTED. Plaintiff may take the depositions of the five (5) individuals identified in its reply brief.

5. Except as noted herein, the remainder of the Motions are Denied.

On May 22, 2009, plaintiff filed an objection to this ruling, contending that the portion of the ruling which limited its discovery of the identity of the person paying Hsin's legal fees was clearly erroneous insofar as this information is relevant to the credibility and bias of Hsin, a percipient witness and defendant in this action. On June 1, 2009, the court ordered further briefing regarding plaintiff's objection pursuant to Civil Local Rule 72-2, directing Hsin to file an opposition or a notice of non-opposition no later than June 5, 2009. Hsin filed an opposition on June 5, 2009.

Where, as here, a Magistrate Judge's ruling addresses a non-dispositive matter, the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed.R.Civ.P. 72(a); see also 28 U.S.C. § 636(b)(1)(A). A decision may be contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure. See In re Natural Gas Commodities Litig., 235 F.R.D. 241, 243-44 (S.D.N.Y. 2006); see also Hawaii v. Abbott Labs., Inc., 469 F.Supp.2d 842, 846 (D. Haw. 2006) ("A decision is contrary to law if it applies an incorrect legal standard or fails to consider an element of the applicable standard.") (quotation marks omitted). Matters concerning discovery generally are considered non-dispositive orders. See Osband v. Woodford, 290 F.3d 1036, 1041 (9th Cir. 2002); Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990); Green v. Baca, 219 F.R.D. 485, 489 (C.D. Cal. 2003).

Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including . . . the identity and location of persons who know of any discoverable matter." Fed.R.Civ.P. 26(b)(1). "Relevant information for purposes of discovery is information reasonably calculated to

2

lead to the discovery of admissible evidence." Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005). The scope of discovery under the Federal Rules is extremely broad. Soto v. Concord, 162 F.R.D. 603, 610 (N.D. Cal. 1995). "A relevant matter is 'any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.' " Id. (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)). "The question of relevancy should be construed 'liberally and with common sense" and discovery should be allowed unless the information sought has no conceivable bearing on the case.' " Soto, 162 F.R.D. at 610.

As noted, plaintiff argues that discovery into the identity and other information concerning the source for payment of defendant Hsin's legal fees is relevant to the issue of Hsin's credibility and bias. Hsin on the other hand argues that such evidence is not relevant or likely to lead to the discovery of admissible evidence. This court agrees with plaintiff and finds that the although the evidence might not bear directly on any disputed fact, it may be relevant as argued to the issue of defendant's credibility and bias. Moreover, the evidence is not privileged. Other courts have found that fee-payment arrangements may be relevant to credibility and bias, are not privileged and are discoverable. See Bryant v. Mattel, Inc., 573 F.Supp.2d 1254, 1274 (C.D. Cal. 2007) (citing United States v. Blackman, 72 F.3d 1418, 1424 (9th Cir. 1995) (As a general rule, the nature of the fee arrangement between attorney and client is not protected from disclosure by the attorney-client privilege.).

Moreover, the transcript reflects that Magistrate Judge Spero recognized as much but nonetheless entered his order as a compromise – an attempt to provide plaintiff the information he believed was sufficient to satisfy its interest in knowing the connection, if any, between the payor and this litigation, while also attempting to protect, to some extent, Hsin's privacy interest in this information. Given the nature and volume of issues addressed that day, Magistrate Judge Spero's efforts are commendable. However, a compromise was unnecessary as the information sought is discoverable and no basis for its protection has been established.

1   All discovery is subject to the limitations imposed by Rule 26(b)(2)(C), which
2 provides that a court must, on motion or on its own, limit the frequency or extent of
3 discovery otherwise allowed by these rules or by local rule if it determines that:
4   (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome,
5   or less expensive;
6   (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
7
8   (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and
9   the importance of the discovery in resolving the issues.
10   Fed.R.Civ.P. 26(b)(2)(C).
11   Hsin has not requested or established that a protective order under this rule is
12 warranted here; nor did Magistrate Judge Spero so find.  While Hsin argues at length that
13 plaintiff seeks the information for the sole purpose of harassing the payor, the court finds
14 that the mere request for the information does not amount to harassment.  If, however,
15 after the information is obtained, plaintiff engages in any conduct that can legitimately be
16 characterized as harassment, Hsin may of course move for a protective order.
17   In sum, the court concludes that plaintiff is entitled to discover the identity and other
18 information about the person paying Hsin's legal fees under Rule 26 because this
19 information is non-privileged, may be relevant to Hsin's credibility and bias, and is not
20 subject to the limitations imposed by Rule 26(b)(2)(C).  Accordingly, the court hereby
21 SUSTAINS plaintiff's objection to Magistrate Judge Spero's May 12, 2009 Order.  Plaintiff,
22 as requested, shall have an additional fifteen minutes, in addition to the one hour
23 authorized by Magistrate Judge Spero, to depose Hsin on the issue of the identity of the
24 person paying Hsin's legal fees.
25   **IT IS SO ORDERED.**
26 Dated: June 18, 2009
27
28                                                                                     _____
                                                                                          PHYLLIS J. HAMILTON
                                                                                          United States District Judge