UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>CHARLES CATHCART, et al.,<br><br>    Defendants.<br>_____/ | No. C 07-4762 PJH<br><br>**ORDER DENYING ADMINISTRATIVE MOTION TO EXTEND THE DEADLINE FOR FILING DISPOSITIVE MOTIONS** |

Before the court is defendants Charles Hsin ("Hsin") and Franklin Thomason's ("Thomason") administrative motion pursuant to Civil Local Rule 7-11, seeking to extend the deadline for filing dispositive motions for at least thirty (30) days. Plaintiff United States ("plaintiff") and defendant Robert Nagy oppose the motion. Having considered the parties' papers and the relevant legal authority, Hsin and Tomason's motion is DENIED, for the reasons stated below.

As an initial matter, the court notes that Hsin and Thomason's motion is incorrectly brought pursuant to Civil Local Rule 7-11. A motion to amend a scheduling order should be brought pursuant to Rule 16 of the Federal Rules of Civil Procedure. Under Rule 16(b), a scheduling order may be modified only upon a showing of good cause, which requires a showing of diligence in complying with the deadline. Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087-88 (9th Cir. 2002); Johnson v. Mammoth Recreations, 975 F.2d 604, 609 (9th Cir. 1992) (Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment.). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.' " Johnson, 975 F.2d at 609 (quoting Fed.R.Civ.P. 16 advisory committee's

notes (1983 amendment)).  "Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Id.  "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.  If that party was not diligent, the inquiry should end." Id.  To demonstrate diligence the party seeking modification may be required to show, among other things, that he or she was diligent in seeking amendment of the Rule 16 order, once it became apparent that he or she could not comply with the order. Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999).  In short, "[i]f the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." Zivkovic, 302 F.3d at 1087.

On April 8, 2009, at the request of the parties, the court entered an order modifying the pre-trial schedule, and setting July 29, 2009 as the last day for hearing dispositive motions, thereby making June 24, 2009 the last day to file dispositive motions.  The order specifically advised the parties that: "No further continuances will be permitted." Nevertheless, Hsin and Thomason filed the instant motion on June 16, 2009, approximately one-week before the deadline to file dispositive motions, seeking to extend the deadline by at least thirty days on the basis that plaintiff has scheduled several depositions (e.g., Thomason, Allison Skinner and Timothy Scrantom) outside the period for filing dispositive motions, thereby preventing them from using portions of these depositions to support their dispositive motion(s).  Hsin and Thomason assert that they will suffer prejudice if the deadline to file dispositive motions is not modified because plaintiff might use portions of the depositions to oppose their dispositive motion(s).

The court concludes that Hsin and Thomason have failed to demonstrate the requisite good cause required to modify the scheduling order.  First, the court finds that Hsin and Thomason failed to demonstrate that they diligently sought to modify the scheduling order once it became apparent that they could not comply with the order.

Hsin and Thomason offered no compelling explanation as to why they waited until approximately one-week before the deadline to file a motion to modify the scheduling order. Nor did Hsin and Thomason persuasively demonstrate that the deposition testimony is necessary to support their dispositive motion(s), or that they expeditiously sought to schedule the depositions prior to the deadline once it became apparent that plaintiff would be entitled to conduct the depositions on June 1, 2009.

Second, the court finds that Hsin and Thomason failed to demonstrate any prejudice they would suffer if the scheduling order was not modified.[1]  While Hsin and Thomason will not be able to support their dispositive motion(s) with deposition testimony from witnesses scheduled to be deposed after the deadline for filing dispositive motions, neither will plaintiff.  Moreover, even assuming that plaintiff uses portions of the deposition testimony to oppose Hsin and Thomason's dispositive motion(s), Hsin and Thomason are entitled to respond to such evidence in their reply brief.  See Edwards v. Toys "R" Us, 527 F.Supp.2d 1197, 1205 n. 1 (C.D. Cal. 2007) (evidence is not "new" if it is submitted in direct response to proof adduced in opposition to a motion) (citing Terrell v. Contra Costa County, 232 Fed.Appx. 626, 629 n. 2 (9th Cir. 2007) (Unpub. Disp.) (reply evidence is not new where "[t]he Reply Brief addressed the same set of facts supplied in Terrell's opposition to the motion but provides the full context to Terrell's selected recitation of the facts")).  Thus, Hsin and Thomason will have the opportunity to address the deposition testimony if plaintiff uses such evidence to oppose their dispositive motion(s).  Finally, to the extent that new evidence is submitted by any party in a reply brief, the court is mindful that such evidence should not be considered without affording the opposing party an opportunity to respond. See Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996).[2]

---

[1] Indeed, Hsin and Thomason have not and cannot argue that they will suffer prejudice because Thomason's deposition is scheduled to take place after the deadline to file dispositive motions.

[2] To the extent that Hsin and Thomason object to plaintiff's potential use of the deposition of Brian Jeeves, which might be taken in another case, this objection is moot. Plaintiff has indicated that it does not intend to use this deposition testimony against Hsin or Thomason in this action.

3

Third, the court reminds the parties again that dispositive motions are generally heard no later than 120 days before trial in order to afford the court sufficient time to prepare an order in advance of the deadline for filing pretrial papers. Given the April 8, 2009 stipulation and order, there are already fewer than 120 days between the dispositive motions hearing date and the date trial is to commence. The other motion filed by defendants regarding page limits and number of briefs, already suggests that there will be a very limited time frame within which the court is to prepare for the hearing and prepare an order on what may well be a half a dozen dispositive motions.

Accordingly, Hsin and Thomason's motion to extend the deadline for filing dispositive motions is DENIED. However, given that the filing deadline is today, the court extends the deadline by two days until Friday June 26, 2009, extends the deadline for the oppositions also by two days, but does not extend the deadline for filing of the reply briefs, as the court needs the entire two weeks to review the briefs and prepare for the hearing.

**IT IS SO ORDERED.**

Dated: June 24, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge