1

2

3                                UNITED STATES DISTRICT COURT

4                              NORTHERN DISTRICT OF CALIFORNIA

5

6    UNITED STATES OF AMERICA,

7                 Plaintiff,                      No. C 07-4762 PJH

8          v.                                     **ORDER GRANTING SUMMARY
                                                  JUDGMENT AND DENYING**
9    CHARLES CATHCART, et al.,                    **SUMMARY JUDGMENT AND
                                                  MISCELLANEOUS RULINGS**
10                Defendants.
     _____/

11

12         The parties' various cross-motions for summary judgment came on for hearing

13   before this court on August 5, 2009.  Plaintiff, the United States of America, appeared

14   through its counsel, Nathan E. Clukey and Ellen K. Weiss.  Defendants Charles (Chi-Hsiu)

15   Hsin and Franklin Thomason appeared through their counsel, Edward Ord and Jenny Lin-

16   Alva.  Defendant Optech Limited appeared through counsel David McNeil Morse.

17   Defendant Robert Nagy appeared through his counsel, Tom Prountzos.  Defendant Charles

18   Cathcart appeared pro se.  Defendant Yuri Debevc was not present.  Having read the

19   parties' papers and carefully considered their arguments and the relevant legal authority,

20   and good cause appearing, the court hereby GRANTS the government's motion for partial

21   summary judgment, and DENIES in part and GRANTS in part defendants' motions for

22   summary judgment, for the reasons stated at the hearing, and summarized as follows:

23         1.    The government has established, through reliance on legal precedent and the

24   undisputed evidence in the record, that the 90% loan transactions at issue constitute sales

25   of securities for purposes of tax code treatment, as opposed to bona fide loans.  The

26   undisputed evidence reveals, among other facts:  that, as part of the loan transaction in

27   question, legal title of a customer's securities transfers to Derivium (for example) during the

28   purported loan term in question, which vests possession of the shares in Derivium's hands

United States District Court

For the Northern District of California

1   for the duration of the purported loan term; that the customer must transfer 100% of all

2   shares of securities to Derivium and that once transferred, Derivium sells those shares on

3   the open market, and that once sold, Derivium transfers 90% of that sale amount to the

4   customer as the "loan" amount, keeping 10% in Derivium's hands; that during the term of

5   the loan, the Master Loan Agreement provides that Derivium has the right to receive all

6   benefits that come from disposition of the customer's securities, and that the customer is

7   not entitled to these benefits; that the customer is furthermore prohibited from repaying the

8   loan amount prior to maturity and is not required to pay any interest before the loan

9   maturity date; and that, at the end of the purported loan term, the customer is not required

10   to repay the amount of the loan (but merely allowed to do so as one option at the loan's

11   maturity date) and can exercise the option to walk away from the loan entirely at the

12   maturity date without repaying the principle; and thus, can conceivably walk away from the

13   transaction without paying interest at all on the loan. <u>See</u> U.S. MSJ at 15:3-5; Defs. MSJ at

14   14:11-13; Cathcart Decl., Ex. A.; U.S., Ex. 2; U.S., Ex. A at 36, 141-42, 216.

15         The court finds that analysis of these and other undisputed facts pursuant to either

16   the benefits/burdens approach outlined in <u>Grodt & McKay Realty, Inc. v. Commissioner of</u>

17   <u>Internal Revenue</u>, 77 T.C. 1221, 1236 (Tax Court 1981), or the approach outlined in <u>Welch</u>

18   <u>v. Comm'r</u>, 204 F.3d 1228, 1230 (9th Cir. 2000), compels the conclusion that the

19   transactions in question constitute sales of securities, rather than bona fide loan

20   transactions.  <u>See, e.g., Grodt</u>, 77 T.C at 1236-37 (applying multi-factor test to determine

21   point at which the burdens and benefits of ownership are transferred for purposes of

22   qualifying a transaction as a sale); <u>Welch</u>, 204 F.3d at 1230 (examining factors necessary

23   to determine whether a transaction constitutes a bona fide loan).  Moreover, the substance

24   over form doctrine, upon which the government also relies, further supports the conclusion

25   that, in looking beyond the actual language of the Master Loan Agreement to the totality of

26   the undisputed facts, the substance of the transaction between the parties constitutes a

27   sale, and not a bona fide loan.  <u>See, e.g., Harbor Bancorp & Subsidiaries v. Comm'r</u>, 115

28

United States District Court

For the Northern District of California

1   F.3d 722, 729 (9th Cir. 1997)(it is axiomatic that tax law follows substance and not form).

2          Based on the foregoing, the court hereby GRANTS the government's motion for

3   partial summary judgment on the issue whether the 90% loan transactions in question

4   constitute sales of securities, as a matter of law.  The element of scienter is therefore the

5   primary issue that remains to be tried to the finder of fact.

6          2.      The motion for summary judgment brought by corporate defendant Optech

7   (acting through its liquidators), which primarily seeks judgment in defendant's favor on

8   Foreign Sovereign Immunity Act ("FSIA") grounds, as well as mootness grounds, is

9   GRANTED in part and DENIED in part.  To the extent defendant argues that the case

10  against it is moot because it filed for bankruptcy in 2008, is being liquidated, and is for all

11  intents and purposes a legal nullity in the hands of liquidators, the motion is GRANTED.

12  See, e.g., Friends of the Earth, Inc. v. Laidlaw Envt'l Servs., 528 U.S. 167, 189 (2000)("A

13  case might become moot if subsequent events made it absolutely clear that the allegedly

14  wrongful behavior could not reasonably be expected to recur."); United States v.

15  Concentrated Phosphate Export Assn., 393 U.S. 199, 203 (1968).  To the extent, however,

16  that the motion relies on FSIA arguments, the motion is DENIED.  Summary judgment in

17  Optech's favor obviates the need for a settlement conference between the government and

18  Optech, and that portion of the court's September 18, 2009 order referring this matter again

19  to Magistrate Judge Laporte for settlement discussions is WITHDRAWN.  Further

20  discussions between plaintiff and Debevc should, however, proceed.

21         3.      The motion for summary judgment brought by individual defendants Hsin and

22  Thomason (and joined by individual defendants Cathcart and Debevc), which seeks a

23  judgment that the action is moot as to these defendants, in addition to a ruling regarding

24  the merits of the government's claims and defendants' defenses thereto, is DENIED, for the

25  reasons advanced by the government in opposition to the motions, and stated at the

26  hearing.

27         4.      In view of the facts that (a) issues of scienter, as well as defendant(s)'

28

3

United States District Court

For the Northern District of California

1    numerous legal defenses, remain to be tried before the finder of fact, (b) there is a

2    necessary overlap between presentation of those issues at trial and those before the court

3    on summary judgment here, and (c) in the interest of allowing the parties to prepare for trial

4    with the benefit of the court's ruling on the motions for summary judgment, the court

5    informs the parties that, in addition to the summary rulings contained herein, it will issue a

6    further substantive order with respect to defendant Cathcart's motion for summary

7    judgment in conjunction with the findings of fact and conclusions of law, to be issued

8    following trial.

9         5.     The motion to strike filed by defendants Hsin and Thomason is DENIED, as

10   stated on the record at the August 5, 2009 hearing.

11        6.     Additionally, the court is in receipt of the parties' joint status statement,

12   submitted on September 18, 2009, as well as a series of motions filed by defendant

13   Charles Cathcart on September 21, 2009, seeking to:  (1) continue all pretrial and trial

14   deadlines; (2) shorten the time in which the court may hear defendant's motion to continue

15   (to September 23, 2009); and (3) have the court rule upon the terms and language of a

16   stipulated injunction at issue in the parties' settlement discussions to date.

17        To the extent that defendant Hsin raises by way of the status statement a

18   purportedly outstanding issue regarding his previously filed objection to the Magistrate

19   Judge's Amended Order (as set forth in docket no. 249), the government is correct that this

20   objection was deemed denied 15 days after its submission, per civil local rule 72-2.

21   Nonetheless, for the sake of clarity, the court hereby affirms that the objection is DENIED.

22        Cathcart, the only defendant remaining for trial, raises numerous objections to the

23   government's settlement position in the status statement and through his motions for

24   administrative relief he seeks a continuance of the trial and furthermore seeks to have the

25   court weigh in on the parties' ongoing settlement discussions regarding the scope of any

26   injunctive remedy sought by the government.  The court determines that no response is

27   required of the government and hereby denies these requests.  The court finds the reasons

28

1   advanced for the continuance insufficient to establish good cause given the length of time

2   this matter has been pending and the amount of time Cathcart has had to obtain counsel.

3   Accordingly both the motion for a continuance and a motion for an order shortening time

4   (until tomorrow) for hearing on the motion are DENIED.  Further, it is not within the court's

5   power to instruct the parties as to the terms of any settlement that they should reach.  The

6   court will fashion its own injunction should the matter proceed to trial and should the

7   government prevail.  Short of trial, the parties are free to negotiate the terms of an

8   injunction as they wish and the court has no authority to coerce particular settlement terms.

9   Accordingly this motion is also DENIED.

10  **IT IS SO ORDERED.**

11  Dated: September 22, 2009

    _____
    PHYLLIS J. HAMILTON
    United States District Judge

United States District Court

For the Northern District of California

5