UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. C 07-4762 PJH |
| v. | **ORDER** |
| CHARLES CATHCART, | |
| Defendant. | |

The court is in receipt of the government's pretrial papers filed September 29, as well as defendant Cathcart's pretrial filings, filed on October 14 and 15, respectively. Defendant's pretrial papers were originally due on September 29. However, due to the recent appointment of new counsel by defendant, the court granted defendant's request (filed the same day pre-trial disclosures were due) for an extension of time to file pre-trial disclosures, until October 12. Despite this extension of time, defendant still failed to timely file his pretrial disclosures, submitting his papers two and three days *after* the October 12 deadline.

Notwithstanding the untimely nature of defendant's filings, the court has reviewed them, as well as the government's opposition and objections thereto, in which plaintiff notes that two of defendant's self styled motions in limine – docket nos. 376 and 377, respectively – contain Daubert arguments that should have been noticed for hearing on 35 days' notice, pursuant to the court's standing pretrial order. The government is correct. Defendant's motions in limine, to the extent they challenge the validity, reliability, and admissibility of plaintiff's expert witnesses, are properly construed as Daubert motions and as such, are

1  untimely for failure to notice such motions on the requisite 35 day hearing schedule.

2  As the court would prefer to resolve issues going to the admissibility of expert
witnesses prior to trial, the court will entertain argument with respect to defendant's <u>Daubert</u>
motions, notwithstanding their untimeliness.  The government, however, is entitled to a
meaningful opportunity to respond to defendant's arguments.  Accordingly, and in the
interest of maintaining the current trial date and allowing the court to adequately prepare for
the pretrial conference, the government will be granted until October 30 to file an opposition
to defendant's self-styled motions in limine (including docket no. 374).  The pretrial
conference will be re-scheduled to November 12, 2009.

The court is not unsympathetic to the government's request that it be afforded two
weeks, rather than one, to respond to defendant's motions in limine.  However,
accommodating a two week response time for the government would require moving the
trial date out by several weeks, to the week beginning December 7, 2009.

In view of the fact that it is defendant's untimely filing of pretrial papers that has
prevented the government from filing an adequate opposition to date in a time frame
consistent with the start of trial on November 16, and notwithstanding the above, the court
will allow the government to choose whether to (1) file its opposition to defendant's motions
in limine on October 30, and keep the current November 16 trial date (with the pretrial
conference scheduled for November 12); or (2) file its opposition to defendant's motions in
limine on November 6, and re-schedule the trial date to December 7, with the pretrial
conference scheduled for November 19.  The government is instructed to file a letter with
the court no later than Tuesday, October 27, 2009, letting the court know which of the
foregoing options the government chooses.

With the exception of the dates discussed herein, no other dates are being
extended.  Defendant may not file a reply in response to the government's opposition to
defendant's motions in limine, and defendant's untimely submissions have furthermore
waived any right to file an opposition brief in response to the government's motions in

limine.

**IT IS SO ORDERED.**

Dated: October 23, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge