UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff(s),                                   No. C 07-4762 PJH

    v.                                                       **FINAL PRETRIAL ORDER**

CHARLES CATHCART,

    Defendant(s).
_____/

    Pursuant to Rule 16(e) of the Federal Rules of Civil Procedure, this final pretrial order is hereby entered and shall control the course of the trial unless modified by a subsequent order.  The joint pretrial statement of the parties is incorporated herein except as modified by the court's ruling on the pretrial motions.  The court's rulings were stated on the record of the pretrial conference and are summarized as follows.

I.    <u>MOTIONS IN LIMINE</u>

    Government's motion to exclude opinion testimony regarding the legitimacy of the 90% Loan Program from witnesses Williams, Guida, Henriksen, Dixon and Jackson is GRANTED.

    Government's motion to exclude evidence of the "no change" letters and as well as testimony about them, is DENIED.

    Government's motion to exclude witnesses and exhibits not previously identified is GRANTED, except that the court accepts Cathcart's pretrial papers filed on October 13 and 14, 2009.

    Cathcart's motion to exclude the testimony of government summary witness Connors and the audit evidence concerning the 90% Loan Program customers is DENIED. However, Connors will not be permitted to testify as an expert witness.

    Cathcart's motion to exclude the export reports and testimony of government witnesses Pfleiderer, Strickland and Siefert is GRANTED in part and DENIED in part.  The

reports are not admissible as exhibits.  Witnesses Pleiderer and Strickland may testify on their designated subjects.  Witness Siefert may not offer any opinion on Ponzi schemes in general or on whether the 90% Loan Program was a Ponzi scheme.

## II.     WITNESSES

The parties shall meet and confer in advance of trial to arrange witness schedules so as to avoid the necessity of calling any witness twice.

## III.    EXHIBITS

The parties shall meet and confer in advance of trial and attempt to resolve any objections to exhibits in light of the court's rulings on the motions in limine.

## IV.    DISCOVERY EXCERPTS

For deposition testimony to be offered in lieu of live testimony at trial, the parties shall submit to the court and opposing counsel deposition transcripts (the court prefers the minimized version with 4 pages per page, if available) that have been highlighted and tabbed to reflect the pertinent portions of testimony.

## V.     FINDINGS OF FACT AND CONCLUSIONS OF LAW

At the conclusion of trial, the court will assign a deadline by which the parties shall file revised (for the government) and initial (for Cathcart) findings and conclusions that refer to the actual testimony and evidence presented at trial with citations to the trial transcript and to exhibits actually admitted at trial.

## VI.    TRIAL SCHEDULE AND TIME LIMITS

Trial will be held on the following days between 8:30 a.m. - 1:30 p.m., with two 15-minute breaks: November 19, 20, 23, 30 and December 1, 3, 4.  The government will be allotted four days (18 hours) trial time for any opening statement and direct and cross-examination of witnesses; Cathcart will be allotted  three days (13.5 hours) for any opening statement and direct and cross-examination of witnesses.  At the conclusion of the evidence, the court will discuss with the parties the necessity for closing arguments in light of the filing of proposed findings and conclusions.

VII. <u>MISCELLANEOUS</u>

With regard to the government's question about Derivium Capital's default, the court has reviewed the docket which reflects that at the hearing on the government's motion for default judgment, the government withdrew its motion without prejudice to refiling after the claims against the other defendants have been resolved. Thus, the government must re-file its motion and notice it for hearing on Magistrate Judge Spero's calendar after the court enters its findings of fact and conclusions of law as to Cathcart.

With regard to Cathcart's request that the court clarify if the denial of his motion for reconsideration was also intended to address his alternative motion for entry of a permanent injunction against himself, the court has once again reviewed the papers and clarifies that both requests were and remain DENIED. The court found no basis for reconsideration of the order granting partial summary judgment on the loan vs. sale issue. To the extent that the request for reconsideration was based on the same facts supporting the requested injunction the court was and is unpersuaded by the authority that Cathcart proffers.

Specifically, Cathcart relies on <u>Chathas v. Local 134 IBEW</u>, 233 F.3d 508 (7th Cir. 2000), in support of his contention that his earlier agreement to a stipulated permanent injunction both (1) renders the case moot, and (2) judicially estops the government from arguing that its rejection of defendant's stipulation was based on its narrower scope, as compared with the injunction sought by the government in its complaint. Cathcart's reliance on this case is wholly inapposite. In <u>Chathas</u>, plaintiffs sought injunctive relief, and the defendant made a formal offer of judgment pursuant to Rule 68, offering to stipulate to permanent injunctive relief. When plaintiffs rejected the offer of judgment, the defendant moved the district court to enter a permanent injunction setting forth the same terms as those requested by plaintiffs. <u>See Chathas</u>, 233 F.3d at 511. When the court did so, simultaneously dismissing the case as moot in view of the permanent injunction, plaintiffs appealed therefrom on grounds that the district court failed to include in the injunction an express finding of illegality on defendant's part. Here – putting aside the fact that <u>Chathas</u>

3

is non-binding authority on this court – Cathcart fails to represent that he has made any formal offer of judgment pursuant to Rule 68.  More importantly, and as the government notes in its opposition, the permanent injunction entered on defendant's request in <u>Chathas</u> contained *the same terms* as those sought to be enforced by plaintiffs.  This is simply not the case here.

    IT IS SO ORDERED.

Dated:  November 6, 2009

                                       PHYLLIS J. HAMILTON
                                       United States District Judge