United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

CHARLES CATHCART,

    Defendant.
_____/

No. C 07-4762 PJH

**ORDER DENYING MOTION TO SHORTEN TIME, MOTION FOR CERTIFICATION UNDER 28 U.S.C. § 1292(b), AND MOTION FOR EXTENSION OF TIME TO FILE PRE-TRIAL DISCLOSURES**

    The court is in receipt of defendant's self-styled motions (1) to shorten time and administrative motion for certification under 28 U.S.C. § 1292(b) and (2) to shorten time and administrative motion for an extension of time to file pre-trial disclosures. By way of his motions, defendant seeks to have the court certify for appeal to the Ninth Circuit this court's earlier summary judgment order ruling that the 90% loan program is a constructive sale of securities and denying defendant's motion for summary judgment on fair notice and due process grounds. Defendant also seeks a stay of the upcoming trial proceedings, pending any appeal to the Ninth Circuit.

    Defendant's request is both improper and untimely. It is improper, because an administrative motion is not the appropriate vehicle by which to raise the above-referenced substantive issues with the court. Administrative motions are appropriate for "miscellaneous administrative matters, not otherwise governed by a federal statute, Federal or local rule..." such as routine requests to exceed page limitations. See Civ. L. R. 7-11. Plaintiff's substantive request for certification under 28 U.S.C. § 1292 does not qualify as a "miscellaneous" matter covered by Rule 7-11.

    Defendant's request is untimely, because even if the court were to construe the

request as a properly filed administrative motion, defendant has nonetheless filed it a mere three days prior to trial, a factor which precludes his administrative motions from being timely submitted before the start of trial.  <u>See</u> Civ. L. R. 7-11 (setting forth mandatory four day period in which administrative motions are deemed submitted).  And while defendant has simultaneously labeled his filings as 'motions to shorten time,' this moniker does not actually help him overcome his timeliness deficiencies, for defendant ignores that fact that where, as here, a motion to shorten time affects a proceeding on the court's calendar (i.e., the pending trial proceedings), such motion must be filed no later than 10 days before the scheduled event.  <u>See</u> Civ. L. R. 6-1.  In addition, even where properly filed, motions to shorten time are still subject to the same submission deadlines as administrative motions brought pursuant to Civil Local Rule 7-11.  Thus, defendant runs, yet again, into the conclusion that his filings – submitted just yesterday in advance of trial beginning in two days' time – have not been timely filed.  Finally, and most significantly, defendant has had notice of the court's summary judgment ruling for almost *two months*.  If defendant were going to seek certification of the court's decision for appeal, the time to do so was well before the literal "eve of trial."  In sum, and under any possible scenario, the time for the instant motions has passed.

The court accordingly DENIES defendant's requests for certification under 28 U.S.C. § 1292(b), for an extension of time to file pre-trial disclosures, and for a hearing on shortened time in connection with the same.  The trial, scheduled to begin Thursday morning at 8:30 a.m., will proceed as scheduled.

In the event defendant wishes to enter a default in lieu of proceeding to trial, defendant is free to do so on the record when the matter is called for trial.

**IT IS SO ORDERED.**

Dated: November 17, 2009

PHYLLIS J. HAMILTON
United States District Judge

2